CHHABRA LAW FIRM, PC
ROHIT CHHABRA (SBN 278798)
Email: rohit@thelawfirm.io
257 Castro Street Suite 104
Mountain View, CA 94041
Telephone: (650) 564-7929

**Attorney for Plaintiff**
Open Source Security Inc.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN SOURCE SECURITY INC. <br> Plaintiff, <br><br> v. <br><br> BRUCE PERENS, and Does 1-50, <br><br> Defendants. | Case No.: <br><br> Complaint For: <br><br> 1. DEFAMATION PER SE <br> 2. DEFAMATION PER QUOD <br> 3. FALSE LIGHT <br> 4. TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE <br><br> **DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff Open Source Security, Inc. ("OSS" or "Plaintiff") alleges against Defendant Bruce Perens ("Defendant") and Does 1-50 (Collectively, including Defendant Perens, "Defendants"), the following:

///

///

///

## INTRODUCTION

1. Defendant is a computer programmer, known for his creation of the Open Source Definition and co-founder of the Open Source Initiative. This action arises from Defendants' abusive and false claims made on a blog post[1] ("Posting"), on Defendant's website, http://www.perens.com (the "Website"), regarding Plaintiff's business, which has resulted in substantial harm to Plaintiff's reputation, goodwill, and future business prospects. A true and correct copy of the Posting is attached hereto as **Exhibit A**.

## PLAINTIFF

2. Plaintiff is a company based in Pennsylvania, and a resident of Pennsylvania.

## DEFENDANTS

3. Defendant is an individual who wrote the defamatory Posting at issue, and based on information and belief, owns and operates the Website, and further based on information and belief, is a citizen and resident of Berkeley, California.

4. Defendant Doe 1 is a company or individual that provides the server(s) to host the Website, doing business in California.

5. Defendant Doe 2 is a company or individual that helped write the defamatory Posting at issue, doing business in California.

6. Plaintiff is not aware of the true names, identities, and/or capacities of defendants sued herein under the fictitious names of "Does." Based on information and belief, Plaintiff alleges that each Doe defendant is responsible in some manner forming the basis of this complaint. It is further alleged that Plaintiff's injuries were directly or proximately caused by such defendants. Plaintiff will amend this complaint to allege their true names when ascertained.

7. It is alleged each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the remaining

---

[1] Bruce Perens, *Warning: Grsecurity: Potential contributory infringement and breach of contract risk for customers,* BRUCE PERENS (Jun 28, 2017, updated Jul 10, 2017), http://perens.com/blog/2017/06/28/warning-grsecurity-potential-contributory-infringement-risk-for-customers/ (last visited Jul 14, 2017).

defendants, and in doing the actions hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

## JURISDICTION

8. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. Diversity of citizenship exists since the parties are citizens of different states. Further, the amount in controversy exceeds $75,000 with respect to Plaintiff's claims against each Defendant.

## VENUE

9. Venue is proper in the Northern District of California under 28 U.S.C. §1391(b)(2), as a substantial part of the events giving rise to the claims at issue in this lawsuit occurred in this District.

## INTRADISTRICT ASSIGNMENT

10. Assignment to the San Francisco Division of this Court is appropriate under Civil L.R. 3-2(d), in that, based on information and belief, Defendant resides in the County of Alameda. In addition, this action involves dissemination of the defamatory Posting using the Google search engine and Google, Inc. has a substantial presence in San Francisco. Further, Cloudflare, Inc., through its services, shields the true location of the server hosting the Website, including the identity of defendant Doe 1, provides managed Domain Name Service (DNS) to the Website, and is headquartered in San Francisco.

## FACTS COMMON TO ALL COUNTS

11. Plaintiff provides kernel hardening security software code ("Patches") under the trade name of Grsecurity® for the Linux® Operating System to clients throughout the United States and all over the world via their website[2].

12. The Patches are released under the GNU General Public License, version 2 ("GPLv2").[3]

///
///
///

---

[2] Open Source Security, Inc., *Grsecurity*, http://www.grsecurity.net (last visited Jul 16, 2016).

[3] See Open Source Security, Inc., *Download*, GRSECURITY, https://grsecurity.net/download.php (last visited Jul 16, 2016).

13. Section 6 of the GPLv2[4] provides, in part:
> Each time you redistribute the Program (or any work based on the Program), the recipient automatically receives a license from the original licensor to copy, distribute or modify the Program subject to these terms and conditions. You may not impose any further restrictions on the recipients' exercise of the rights granted herein.

14. As defined by the GPLv2 the Patches that have already been distributed, or provided to a client, by Plaintiff are the Program over which the license applies.[5]

15. Patches are distributed contingent upon a subscription agreement[6] ("Subscription Agreement"). A true and correct copy of the Subscription Agreement is attached hereto as **Exhibit B**.

16. Under the Subscription Agreement, clients are informed that they have all rights and obligations granted by the GPLv2 for the Patches in their possession.[7]

17. The Subscription Agreement provides OSS the right to terminate a client's subscription, thereby *only* limiting a client's access to *future* updates or versions (that is, Patches that have not yet been developed, created, or released by Plaintiff), if the Patches are redistributed outside of the explicit obligations under the GPLv2 to the client's customers.[8]

18. There is no explicit or implicit term, section, or clause in the GPLv2 that is applicable over *future* versions or updates of the Patches that have not yet been developed, created, or released by Plaintiff.

19. The Subscription Agreement does not apply further restrictions on a client's *ability* to redistribute the Patches in their possession, or restrict their *ability* to exercise their rights for Patches in their possession, in accordance with the terms and conditions of the GPLv2.

///

///

---

[4] Free Software Foundation, *The GNU General Public License, version 2,* THE GNU OPERATING SYSTEM AND THE FREE SOFTWARE MOVEMENT (June 1991), https://www.gnu.org/licenses/old-licenses/gpl-2.0.html (last visited July 16, 2017)

[5] See *Id.*, Section 0.

[6] Open Source Security, Inc., *Stable Patch Access Agreement*, GRSECURITY (Oct. 2, 2016).

[7] *Id.* at section "*Redistribution*"

[8] *Id.*

20. Plaintiff has been targeted by outside businesses and individuals, including Defendants, who have wrongfully and maliciously accused Plaintiff, by virtue of the Subscription Agreement, of violating the terms of the GPLv2.

21. Defendants published statements in the Posting on June 28, 2017.

22. Defendants, in the Posting, stated that customers "should avoid the Grsecurity product sold at grsecurity.net because it presents a contributory infringement and breach of contract risk."[9]

23. Defendants further stated that Plaintiff was in violation of the GPLv2, and thus "[a]s a customer, … [Plaintiff's clients] would be subject to both contributory infringement and breach of contract by employing this product in conjunction with the Linux kernel under the no-redistribution policy currently employed by Grsecurity."[10]

24. The statements in the Posting are false because Plaintiff has not violated the GPLv2.

25. The statements in the Posting are false because the Grsecurity product does not present a contributory infringement or breach of contract risk to Plaintiff's clients.

26. Defendants are not aware of any legal authority holding that Plaintiff has violated the terms of the GPLv2.

27. Defendants are not aware of the existence of any legal authority that can even remotely suggest that the Subscription Agreement may have violated the terms of the GPLv2.

28. Defendants are not aware of any legal authority holding that the Grsecurity product presented a contributory infringement and breach of contract risk to Plaintiff's customers.

29. Defendants are not aware of the existence of any legal authority that can even remotely suggest that the Grsecurity product presents a contributory infringement and breach of contract risk to Plaintiff's customers.

30. The Posting is available on the front (home) page of the Website.

---

[9] Ex. A: *Warning: Grsecurity: Potential contributory infringement and breach of contract risk for customers, Supra*, at ¶ 1.

[10] Ex. A: *Id.* at ¶¶ 4–5.

31. With an estimated Internet traffic of 16,560 unique visitors each month[11] to the Website, the Posting is widely disseminated and read by thousands of people.

32. Defendant is recognized and well known in the Open Source community.[12]

33. Defendant is aware that "publicity [is] a tool" available to him.[13] A true and correct copy of the cited webpage is attached hereto as **Exhibit C**.

34. The Posting was also partly reproduced, linked, and discussed on www.slashdot.org ("Slashdot").[14]

35. Slashdot is a website well known by programmers and software developers in the Open Source community and has an Internet traffic of approximately 3.2 million unique visitors each month.[15]

36. The Posting was seen and read by hundreds, if not thousands, of consumers and prospective clients of Plaintiff, as well as by professional colleagues and business partners.

37. "If a speaker says, 'In my opinion John Jones is a liar,' he implies a knowledge of facts which lead to the conclusion that Jones told an untruth. Even if the speaker states the facts upon which he bases his opinion, if those facts are *either incorrect or incomplete,* or if his assessment of them is *erroneous*, the statement may still imply a false assertion of fact." *Milkovich v. Lorain Journal Co.* 497 U.S. 1, 18 (1990) [emphasis added]).

38. The Posting is not constitutionally protected speech because it includes a false assertion of fact. See *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974).

---

[11] *perens.com Traffic Worth,* SITEWORTHTRAFFIC.COM, http://www.siteworthtraffic.com/report/perens.com (Jul 16, 2017) (last visited Jul 16, 2017).

[12] *Bruce Perens*, WIKIPEDIA, https://en.wikipedia.org/wiki/Bruce_Perens (last visited Jul 16, 2017)

[13] Bruce Perens, Commenting to *Re: Why does no one care that Brad Spengler of GRSecurity is blatantly violating the intention of the rights holders to the Linux Kernel?* DEBIAN.ORG, (Jun 14, 2017), https://lists.debian.org/debian-user/2017/07/msg00814.html  (last visited Jul 16, 2017)

[14] *Bruce Perens Warns Grsecurity Breaches the Linux Kernel's GPL License*, SLASHDOT (Jul 9, 2017, 2:10 pm), https://linux.slashdot.org/story/17/07/09/188246/bruce-perens-warns-grsecurity-breaches-the-linux-kernels-gpl-license (last visited Jul 16, 2017).

[15] *Slashdot.org Traffic Worth*, SITEWORTHTRAFFIC.COM, http://www.siteworthtraffic.com/report/slashdot.org (Jul 16, 2017) (last visited Jul 16, 2017). Also see, *Slashdot*, WIKIPEDIA, https://en.wikipedia.org/wiki/Slashdot (last visited Jul 16, 2017).

39.     Defendants performed the alleged acts intentionally, and acted with malice, oppression, and fraud with the sole purpose to generate negative publicity against Plaintiff's business as it was "more effective than writing to" Plaintiff about their disagreement with the Subscription Agreement.[16] A true and correct copy of the cited webpage is attached hereto as **Exhibit D**.

40.     Defendants acted with malice, oppression, and fraud, despite being informed by Dr. Richard Stallman, the President of the Free Software Foundation, that forming an opinion on the Subscription Agreement was a complicated task that required "a lot of time to think about []… ."[17]

41.     The statements in the Posting have caused Plaintiff extraordinary damages, including loss of potential customers and loss of good will.

## CLAIMS FOR RELIEF
FIRST CLAIM
Defamation *Per Se*– Libel
(Against all Defendants)

42.     Plaintiff repeats and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

43.     Readers of the Posting reasonably understood that the statement(s) in the Posting were about Plaintiff.

44.     Readers reasonably understood the statement(s) in the Posting to mean that Plaintiff's conduct, characteristics, or a condition were incompatible with the proper exercise of their lawful business, trade, profession or office.

45.     The statements in the Posting are false.

46.     The Defendants together and each of them acting in concert, jointly and severally, and individually, have defamed Plaintiff by knowingly, intentionally, willfully, or negligently publishing statements about OSS which they knew or should have known to be false.

---

[16] Bruce Perens, Commenting to *Re: Why does no one care that Brad Spengler of GRSecurity is blatantly violating the intention of the rights holders to the Linux Kernel?* DEBIAN.ORG, (Jun 19, 2017), https://lists.debian.org/debian-user/2017/06/msg00759.html  (last visited Jul 16, 2017)

[17] *Id.* Also see Richard Stallman Commenting to *Re: Why does no one care that Brad Spengler of GRSecurity is blatantly violating the intention of the rights holders to the Linux Kernel?* DEBIAN.ORG, (Jun 19, 2017) https://lists.debian.org/debian-user/2017/06/msg00758.html (last visited Jul 16, 2017)

47. Defendants failed to use reasonable care to determine the truth or falsity of the statements in the Posting.

48. Defendant further stated:
> I am bothered by the sort of action that Open Source Security Inc. is doing, and felt that informing the customers (albeit indirectly, in places like Slashdot) was the best way to effect a change. This was a case where publicity was the most effective means of effecting change … .[18]

49. Defendants intended to injure Plaintiff in its trade or profession by developing a wrongful fear that Plaintiff's clients may be subject to legal liability if they continued to use the Grsecurity® product.

50. As a proximate result of the Posting, Plaintiff has suffered loss of business and professional reputation.

51. Plaintiff has suffered general and special damages, including, without limitation, lost revenue and profits as a function of damage to Plaintiff's business reputation; diminution in the pecuniary value of Plaintiff's goodwill, administrative costs in connection with Plaintiff's efforts to monitor and counteract the negative publicity, and other pecuniary harm.

52. Defendants' false statements in the Posting, or relating to the Posting, have caused Plaintiff damages in an amount to be determined at trial, but in excess of $75,000 as to each defendant.

53. The negative and false posts were created and published by Defendants with malice and/or oppression as the content of the Posting contains false, defamatory statements that were known by Defendants to be false and the Posting was deliberately published with the intention of destroying Plaintiff's reputation and the reputation of Plaintiff's services, and to cause Plaintiff to lose its ability to continue its business. Plaintiff is entitled to punitive damages.

## SECOND CLAIM
### Defamation *Per Quod*– Libel
(Against all Defendants)

54. Plaintiff repeats and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

---

[18] Bruce Perens, commenting on *Bruce Perens Warns Grsecurity Breaches the Linux Kernel's GPL License*, SLASHDOT, (Jul 9, 2017, 4:27 pm), https://slashdot.org/comments.pl?sid=10840323&cid=54774713 (last visited Jul 16, 2017).

55. The Posting tended to discourage others from associating or dealing with Plaintiff, since doing so presented "a contributory infringement and breach of contract risk."

56. The statements in the Posting were a substantial factor in causing Plaintiff harm and damages as alleged in paragraphs 50–53.

### THIRD CLAIM
### False Light
### (Against all Defendants)

57. Plaintiff repeats and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

58. Defendants published the Posting on the Website.

59. Defendants further discussed the contents of the Posting with readers of Slashdot, attempting to convince them that the statements in the Posting were an accurate analysis of the law. A true and correct copy of various comments by Defendant on Slashdot are attached hereto as **Exhibit E**.

60. Defendant publicized the Posting and continued to show Plaintiff in a false light by making the Posting available on the Website, abusing a position of power based on his recognition in the Open Source community, and further by engaging in a discussion about the content of the Posting with readers of Slashdot.

61. The false light created by the Posting is highly offensive to a reasonable person in Plaintiff's position since the Posting attempts to destroy Plaintiff's reputation and the reputation of Plaintiff's services, and attempts to cause Plaintiff to lose its ability to continue its business.

62. Defendants knew the Posting would create a false impression about Plaintiff and/or acted with reckless disregard for the truth.

63. Defendants were negligent in determining the truth of the information in the Posting or whether a false impression would be created by its publication.

64. Plaintiff was harmed and damages occurred, as alleged in paragraphs 50–53.

65. Defendants' conduct was a substantial factor in causing the harm to Plaintiff.

66. In publicizing the Posting on the Website and further discussing the matter on Slashdot, Defendant publicized the Posting to the public at large or to so many people that the Posting was substantially certain to become public knowledge.

FOURTH CLAIM

Intentional Interference with Prospective Relations

(Against all Defendants)

67. Plaintiff repeats and re-allege each and every allegation of the foregoing paragraphs as if fully set forth herein.

68. Plaintiff and many other potential clients were in an economic relationship that probably would have resulted in an economic benefit to Plaintiff.

69. Defendant knew of the economic relationship.

70. By publishing the Posting, and urging that Plaintiff's current and potential clients "should avoid the Grsecurity product sold at grsecurity.net because it presents a contributory infringement risk," Defendants intended to disrupt the economic relationship.

71. Defendants engaged in wrongful conduct through misrepresentation, fraud, deceit, malice, or oppression.

72. The relationship has been disrupted.

73. Plaintiff has been harmed as alleged in paragraphs 50–53.

74. Defendants' wrongful conduct was a substantial factor in causing Plaintiff the harm.

75. Defendants intentionally interfered with an economic relationship between Plaintiff and numerous potential clients that probably would have resulted in an economic benefit to Plaintiff.

**PRAYER FOR RELIEF**

With regard to all counts, Plaintiff prays that judgment be entered against Defendant Bruce Perens and Does 1-50, each and every one of them, acting in concert, jointly and severally, for compensatory actual damages in excess of $2 million resulting from their financial, reputational and professional injury to Plaintiff, as well as equitable relief as may be appropriate, and such other relief the Court may deem just and proper. Plaintiff further prays for an award of punitive damages in an amount in excess of $1 million, to punish Defendants for their outrageous, deceitful, unprecedented, vicious and malicious conduct toward Plaintiff designed so to discourage the public from conducting business with Plaintiff.

Plaintiff further seeks an Injunctive relief, including a preliminary and permanent injunction enjoining restraining Defendants from engaging in the conduct described above.

## **JURY DEMAND**

Plaintiff requests this case be tried to a jury on all issues triable by a jury.

Dated this 17th July 2017.

                                                          Respectfully Submitted,

                                                          CHHABRA LAW FIRM, PC

                                                          /s/*Rohit Chhabra*
                                                          Rohit Chhabra
                                                          Attorney for Plaintiff
                                                          Open Source Security Inc.