1  MELODY DRUMMOND HANSEN (S.B. #278786)
   mdrummondhansen@omm.com
2  HEATHER J. MEEKER (S.B. #172148)
   hmeeker@omm.com
3  O'MELVENY & MYERS LLP
   2765 Sand Hill Road
4  Menlo Park, California 94025-7019
   Telephone:    +1 650 473 2600
5  Facsimile:    +1 650 473 2601

6  CARA L. GAGLIANO (S.B. #308639)
   cgagliano@omm.com
7  Two Embarcadero Center
   28th Floor
8  San Francisco, California 94111-3823
   Telephone:    +1 415 984 8700
9  Facsimile:    +1 415 984 8701

10 Attorneys for Defendant
   Bruce Perens
11

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                    **SAN FRANCISCO**

15

16 OPEN SOURCE SECURITY, INC.,          Case No. 3:17-cv-04002-LB

17              Plaintiff,              **DEFENDANT BRUCE PERENS'S
                                        NOTICE OF MOTION AND MOTION**
18        v.                           **TO DISMISS WITH PREJUDICE
                                        PURSUANT TO FED. R. CIV. P.**
19 BRUCE PERENS, and Does 1-50,        **12(b)(6) AND SPECIAL MOTION TO
                                        STRIKE PURSUANT TO THE**
20              Defendants.            **CALIFORNIA ANTI-SLAPP
                                        STATUTE, CODE OF CIVIL**
21                                     **PROCEDURE SECTION 425.16;
                                        MEMORANDUM OF POINTS AND**
22                                     **AUTHORITIES IN SUPPORT
                                        THEREOF; AND DECLARATION OF**
23                                     **MELODY DRUMMOND HANSEN IN
                                        SUPPORT THEREOF**

24                                     **[REQUEST FOR JUDICIAL NOTICE
                                        AND PROPOSED ORDER** filed
25                                     concurrently herewith]

26                                     Hearing Date:  October 26, 2017
                                       Time:  9:30 a.m.
27                                     Location:  Courtroom C, 15th Floor
                                       Judge:  Hon. Laurel Beeler
28
                                       ─────────────────────────────

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on October 26, 2017 at 9:30 a.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable Laurel Beeler, Magistrate Judge of the United States District Court for the Northern District of California (Courtroom C, 15th Floor), located at 450 Golden Gate Avenue, San Francisco, California 94102, defendant Bruce Perens will and hereby does move to dismiss the complaint filed on July 17, 2017 (ECF No. 1) by plaintiff Open Source Security, Inc. ("Plaintiff") on the grounds that it fails to state a claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendant also moves to strike all claims from Plaintiff's complaint pursuant to California Code of Civil Procedure Section 425.16 on the grounds that those claims arise out of protected activity and that Plaintiff cannot meet its burden of showing a reasonable probability of success on the merits.

This Motion is based upon this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities in support thereof and all materials cited within the Memorandum, including the Declaration of Melody Drummond Hansen and exhibits attached thereto, and Defendant's Request for Judicial Notice and exhibits attached thereto; the pleadings, documents, and records on file with the Court in this action; the reply memorandum defendant intends to file; and any further argument the Court might allow.

Dated:  September 18, 2017

MELODY DRUMMOND HANSEN
HEATHER J. MEEKER
CARA L. GAGLIANO
O'MELVENY & MYERS LLP


By:   */s/ Melody Drummond Hansen*
Melody Drummond Hansen
Attorneys for Defendant
Bruce Perens

**TABLE OF CONTENTS**

                                                                                    **Page**

I.    INTRODUCTION .......................................................................................... 1

II.   FACTS ........................................................................................................ 2

      A.   Open Source Software and the GPL ................................................ 2

      B.   Open Source Security, Inc. and the Grsecurity User Agreement ......... 3

      C.   Mr. Perens's Opinions and Plaintiff's Filing of This Lawsuit ............... 4

III.  APPLICABLE LEGAL STANDARDS ...................................................... 6

      A.   Special Motion to Strike Pursuant to California's Anti-SLAPP Statute, Cal.
           Civ. Proc. Code § 425.16 ................................................................ 6

      B.   Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ...................... 7

IV.   PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN FOR TARGETING
      CONDUCT PROTECTED UNDER CALIFORNIA'S ANTI-SLAPP STATUTE. ......... 7

      A.   Plaintiff's Claims Target Conduct Protected by the Anti-SLAPP Statute. ......... 7

      B.   Plaintiff Cannot Establish a Reasonable Probability of Prevailing on the
           Merits of Its Claims ....................................................................... 11

V.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO
      STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ..................... 12

      A.   Plaintiff Fails to State a Claim for Defamation *Per Se* or *Per Quod*. ......... 12

           1.   The Accused Statements Are Not Provably False Assertions of
                Fact. ...................................................................................... 13

                a.   Plaintiff's Claims Are Based on Statements of Opinion, Not
                     Statements of Fact. ........................................................ 13

                b.   Mr. Perens's Blog Post Does Not Imply Any False or
                     Defamatory Factual Assertions. ...................................... 16

           2.   Plaintiff Does Not Plausibly Allege That Mr. Perens Was Negligent
                As to the Alleged Falsity of His Statements. ........................... 18

      B.   Plaintiff Fails to State a Claim for False Light Invasion of Privacy. ......... 19

      C.   Plaintiff Does Not State a Claim for Intentional Interference with
           Prospective Economic Advantage ..................................................... 20

VI.   CONCLUSION ........................................................................................ 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir.), *amended*, 856 F.2d 111 (9th
Cir. 1988) ...................................................................................................... 23

*Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*,
No. CV 10-5696 CRB, 2013 WL 3460707 (N.D. Cal. July 9, 2013) ...................................... 14

*Artifex Software, Inc. v. Hancom, Inc.*,
No. 16-cv-06982-JSC, 2017 WL 1477373 (N.D. Cal. Apr. 25, 2017) ............................... 3, 14

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........................................................................................ 7

*Averill v. Superior Court*,
42 Cal. App. 4th 1170 (1996) .............................................................................. 10

*Baker v. L.A. Herald Exam'r*,
42 Cal. 3d 254 (1986) ...................................................................................... 12

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1988) ............................................................................. 7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........................................................................................ 7

*Bhambra v. True*, No. C 09-4685 CRB, 2010 WL 1758895, at *2 (N.D. Cal. Apr.
30, 2010) ..................................................................................................... 11

*Blatty v. N.Y. Times Co.*,
42 Cal. 3d 1033 (1986) .................................................................................... 20

*Brown v. Kelly Broad. Co.*,
48 Cal. 3d 711 (1989) ...................................................................................... 18

*Carney v. Santa Cruz Women Against Rape*,
221 Cal. App. 3d 1009 (1990) .......................................................................... 18

*Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*,
173 F.3d 725 (9th Cir. 1999) ........................................................... 12, 13, 14, 16

*Contemporary Servs. Corp. v. Staff Pro Inc.*,
152 Cal. App. 4th 1043 (2007) .......................................................................... 21

*Damabeh v. 7-Eleven, Inc.*,
No. 5:12-CV-1739-LHK, 2013 WL 1915867 (N.D. Cal. May 8, 2013) ..................... 21, 22

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
11 Cal. 4th 376 (1995) ..................................................................................... 20

DEFENDANT PERENS'S MOTION TO
DISMISS & ANTI-SLAPP MOTION
3:17-CV-04002-LB

*Dodds v. Am. Broad. Co.*,
   145 F.3d 1053 (9th Cir. 1998) ............................................................. 12

*Dowling v. Zimmerman*,
   85 Cal. App. 4th 1400 (2001) ................................................................ 6

*Eisenberg v. Alameda Newspapers, Inc.*,
   74 Cal. App. 4th 1359 (1999) ............................................................. 19

*Fellows v. Nat'l Enquirer, Inc.*,
   42 Cal. 3d 234 (1986) ....................................................................... 19

*Franklin v. Dynamic Details, Inc.*,
   116 Cal. App. 4th 375 (2004) .................................................. 13, 15, 17

*Freecycle Network, Inc. v. Oey*,
   505 F.3d 898 (9th Cir. 2007) ............................................................. 13

*Gardner v. Martino*,
   563 F.3d 981 (9th Cir. 2009) ............................................................. 20

*Harkonen v. Fleming*,
   880 F. Supp. 2d 1071 (N.D. Cal. 2012) ............................................. 19

*Hecimovich v. Encinal Sch. Parent Teacher Org.*,
   203 Cal. App. 4th 450 (2012) ............................................................ 18

*Holomaxx Techs. v. Microsoft Corp.*,
   783 F. Supp. 2d 1097 (N.D. Cal. 2011) ............................................. 19

*In re Circuit Breaker Litig.*,
   984 F. Supp. 1267 (C.D. Cal. 1997) ................................................... 21

*Jacobsen v. Katzer*,
   535 F.3d 1373 (2008) ..................................................................... 3, 14

*Kapellas v. Kofman*,
   1 Cal. 3d 20 (1969) .......................................................................... 19

*Kennedy Funding, Inc. v. Chapman*,
   No. C 09-01957 RS, 2010 WL 4509805 (N.D. Cal. Nov. 1, 2010) ......... 19

*Ketchum v. Moses*,
   24 Cal. 4th 1122 (2001) .................................................................... 23

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ...................................... 8

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ........................................................................ 20, 21

*Makaeff v. Trump Univ., LLC*,
  715 F.3d 254 (9th Cir. 2013)........................................................................ 9

*Maloney v. T3Media, Inc.*,
  853 F.3d 1004, 1009 (9th Cir. 2017).......................................................... 7, 8

*Maloney v. T3Media, Inc.*,
  94 F. Supp. 3d 1128 (C.D. Cal. 2015) ........................................................ 8

*name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*,
  No. CV 12–8676 PA (PLAx), 2013 WL 2151478 (C.D. Cal. Mar. 4, 2013),
  *aff'd*, 795 F.3d 1124 (9th Cir. 2015) ........................................................ 22

*Navellier v. Sletten*,
  29 Cal. 4th 82 (2002) .................................................................................. 6

*New Show Studios LLC v. Needle*,
  No. 2:14-CV-01250-CAS-MRWx, 2014 WL 12495640 (C.D. Cal. Dec. 29,
  2014) ................................................................................................... 10, 21

*Nygard, Inc. v. Uusi-Kerttula*,
  159 Cal. App. 4th 1027 (2008) ................................................................ 8, 12

*Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin*,
  418 U.S. 264 (1974)...................................................................................... 12

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
  135 S. Ct. 1318 (2015) ................................................................................ 15

*Packaging Sys., Inc. v. PRC-Desoto Int'l, Inc.*,
  --- F. Supp. 3d ----, No. 2:16-CV-09127 ODW (JPRx), 2017 WL 3013408
  (C.D. Cal. July 14, 2017) ............................................................................ 22

*Papasan v. Allain*,
  478 U.S. 265 (1986)...................................................................................... 16

*Partington v. Bugliosi*,
  56 F.3d 1147 (9th Cir. 1995).......................................................................... 17

*Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*,
  946 F. Supp. 2d 957 (N.D. Cal. 2013), *aff'd*, 609 F. App'x 497 (9th Cir. 2015) ............... 9, 20

*Reader's Digest Ass'n v. Superior Court*,
  37 Cal. 3d 244 (1984) .................................................................................. 18

*Robinson v. Alameda Cty.*,
875 F. Supp. 2d 1029 (N.D. Cal. 2012) ................................................................ 11

*Rodriguez v. Panayiotou*,
314 F.3d 979 (9th Cir. 2002) ................................................................................ 13

*Rogers v. Home Shopping Network, Inc.*,
57 F. Supp. 2d 973 (C.D. Cal. 1999) ...................................................................... 6

*Roland Land Investment Co. v. Velur Investments II, Inc.*,
No. B131086, 2002 WL 59676 (Cal. Ct. App. Jan. 17, 2002), *as modified* (Feb.
25, 2002) ............................................................................................................... 16

*Satmodo, LLC v. Whenever Commc'ns, LLC*,
No. 17-CV-0192-AJB NLS, 2017 WL 1365839 (S.D. Cal. Apr. 14, 2017) .......... 22

*Seelig v. Infinity Broad. Corp.*,
97 Cal. App. 4th 798 (2002) ............................................................................. 8, 10

*Solano v. Playgirl, Inc.*,
292 F.3d 1078 (9th Cir. 2002) .............................................................................. 19

*Sole Energy Co. v. Petrominerals Corp.*,
128 Cal. App. 4th 212 (2005) ............................................................................... 20

*Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v.
Yagman*,
55 F.3d 1430 (9th Cir. 1995) ................................................................................ 17

*Tamkin v. CBS Broad., Inc.*,
193 Cal. App. 4th 133 (2011) ................................................................................. 8

*Theme Promotions, Inc. v. News Am. FSI*,
35 F. App'x 463 (9th Cir. 2002) ........................................................................... 14

*Thomas v. Fry's Elecs., Inc.*,
400 F.3d 1206 (9th Cir. 2005) .............................................................................. 23

*Top Serv. Body Shop, Inc. v. Allstate Ins. Co.*,
582 P.2d 1365 (Or. 1978) ..................................................................................... 21

*Tsai v. Wang*,
No. 17-CV-00614-DMR, 2017 WL 2587929 (N.D. Cal. June 14, 2017) .............. 22

*U.S. ex rel Newsham v. Lockheed Missiles & Space Co.*,
190 F.3d 963 (9th Cir. 1999) .................................................................................. 6

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*,
    117 F. Supp. 3d 1092 (C.D. Cal. 2015) ........................................................... 19, 21

*Versata Software, Inc. v. Ameriprise Fin., Inc.*,
    No. A–14–CA–12–SS, 2014 WL 950065 (W.D. Tex. Mar. 11, 2014) .............................. 3, 14

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003).............................................................................. 11

*Wallace v. Free Software Found., Inc.*,
    No. 1:05-CV-0618-JDT-TAB, 2006 WL 2038644 (S.D. Ind. Mar. 20, 2006) ....................... 3

*Wallace v. Int'l Bus. Machines Corp.*,
    467 F.3d 1104 (7th Cir. 2006)................................................................................ 3

*Weller v. Am. Broad. Cos.*,
    232 Cal. App. 3d 991 (1991).................................................................................. 12

*Westport Ins. Corp. v. Vasquez, Estrada & Conway LLP*,
    No. 15-CV-05789-JST, 2016 WL 1394360 (N.D. Cal. Apr. 8, 2016)................................ 21

*Westside Ctr. Assocs. v. Safeway Stores 23, Inc.*,
    42 Cal. App. 4th 507 (1996) ................................................................................. 21

*Wilbanks v. Wolk*,
    121 Cal. App. 4th 883 (2004) ............................................................................. 9, 10

*Wong v. Tai Jing*,
    189 Cal. App. 4th 1354 (2010) ............................................................................... 7

*XimpleWare, Inc. v. Versata Software, Inc.*,
    No. 5:13-cv-05161-PSG, 2014 WL 2080850 (N.D. Cal. May 16, 2014) ............................ 9

*Z.F. ex rel. M.A.F. v. Ripon Unified School District*,
    No. 10-CV-00523-TLN-CKD, 2017 WL 1198492 (E.D. Cal. Mar. 31, 2017) ..................... 17

**Statutes**

Cal. Civ. Proc. Code § 425.16(a) ............................................................................ 6

Cal. Civ. Proc. Code § 425.16(b)(1) ........................................................................ 6

Cal. Civ. Proc. Code § 425.16(e) ............................................................................ 6

Cal. Civ. Proc. Code § 425.16(e)(3).......................................................................... 6, 7

**Other Authorities**

Cal. Civ. Jury Instructions 1704 ........................................................................ 18

Cal. Civ. Jury Instructions 1705 ........................................................................ 18

**Rules**

Fed. R. Civ. P. 12(b)(6) ....................................................................................... 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

The GNU General Public License, or GPL, was created to promote the open-source development of software products. It is designed to make sure that those who receive software under the GPL have the freedom to distribute copies and modifications of such software, among other rights. The GPL prohibits placing additional restrictions on the rights granted to redistribute software. Plaintiff Open Source Security, Inc.'s security patch Grsecurity for the Linux Operating System purports to be licensed under the GPL but is subject to a user agreement that threatens to penalize users who exercise their redistribution rights.

Bruce Perens, a computer programmer and open source software licensing advocate, expressed opinions on his blog that criticized Open Source Security's non-redistribution policies. Specifically, Mr. Perens offered opinions about potential risks those who purchase Plaintiff's products could face because, under his interpretation, Open Source Security's user agreement breaches the GPL and terminates the license, leading to risk of breach of contract and copyright infringement claims. Mr. Perens expressed special concern about placing such restrictions on security patches because the efficient detection of software vulnerabilities is an important benefit of open source software. Mr. Perens offered his opinions in the public interest, explained the basis for the opinions, and encouraged readers to discuss any concerns with a licensed attorney. Interested members of the public considered and debated his opinions in internet discussion forums. Mr. Perens joined in the public discussion, further explaining his views.

Rather than engaging in those discussions or otherwise publicly explaining why it disagrees with Mr. Perens, Open Source Security brought this lawsuit to silence him. While Open Source Security does not like Mr. Perens's opinions, those opinions are protected speech under the First Amendment, the California Constitution, and California's anti-SLAPP statute. Open Source Security sued Mr. Perens to bully him (and others like him) into not expressing constitutionally protected opinions regarding its business practices.

Abusive lawsuits like this one are the reason why the California legislature enacted an anti-SLAPP (anti-Strategic Lawsuit Against Public Participation) statute. The anti-SLAPP statute

was designed to stop the abusive behaviors of those like Open Source Security who would use the courts to threaten others' valid exercise of their free speech rights by providing for early dismissal of such suits along with a mandatory award of attorneys' fees. Here, Open Source Security attacks Mr. Perens's free speech rights by suing him merely for publicly expressing his opinions. This is not a meritorious lawsuit to address actual harm; it is a paradigmatic example of a "strategic lawsuit against public participation" that is covered by the anti-SLAPP statute.

Because Open Source Security's claims fall within the scope of the anti-SLAPP statute, to avoid having its claims stricken, Open Source Security must demonstrate a reasonable probability of success on the merits. It cannot do so. Open Source Security's claims for defamation *per se* and defamation *per quod* fail because Mr. Perens's blog and forum postings are opinions that neither state nor imply "provably false assertions of fact" as required under California law and separately because Open Source Security fails to plausibly allege that Mr. Perens was negligent. Its false light claim fails because corporate entities cannot sue for invasion of privacy under California common law, and because the claim is merely duplicative of its defamation claims. Open Source Security's claim for intentional interference with prospective economic advantage likewise fails because it duplicates the defamation claims, and because Open Source Security fails to identify any independently wrongful conduct by Mr. Perens or even one specific economic relationship that Mr. Perens has allegedly disrupted.

For these reasons, the Court should dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and strike them pursuant to the California anti-SLAPP statute.

## II.     FACTS[1]

### A.     Open Source Software and the GPL

"Open source" software is software "whose code is made freely available to all users, allowing the public to access and modify the code." *Versata Software, Inc. v. Ameriprise Fin.,*

---

[1] The following "facts" are based on Plaintiff's factual allegations (which Mr. Perens assumes to be true only for purposes of this combined motion), documents cited in the Complaint, and other publicly available materials that provide background for the dispute. While the materials beyond the complaint and its incorporated documents are not necessary to resolve Mr. Perens's motions, the court may take judicial notice of them to the extent it deems appropriate. These materials are attached to the concurrently filed Request for Judicial Notice ("RFJN") as Exhibits 1–3.

*Inc.*, No. A–14–CA–12–SS, 2014 WL 950065 (W.D. Tex. Mar. 11, 2014). These conditions are maintained through open source licensing terms. The most common open source license is the GPL. *See* RFJN Ex. 3 at 14. As a court in this district has recognized, the GPL's goal is to "promote the open-source development of software products." *Artifex Software, Inc. v. Hancom, Inc.*, No. 16-cv-06982-JSC, 2017 WL 1477373, at *1 (N.D. Cal. Apr. 25, 2017). Courts and government policy-makers alike recognize that open source licensing "serves to advance the arts and sciences in a manner and at a pace that few could have imagined just a few decades ago." *See, e.g.*, *Jacobsen v. Katzer*, 535 F.3d 1373, 1378 (2008); *Wallace v. Free Software Found., Inc.*, No. 1:05-CV-0618-JDT-TAB, 2006 WL 2038644, at *3 (S.D. Ind. Mar. 20, 2006); *see also* RFJN Ex. 1 at 2. One of the most important public benefits of open source licensing is that it facilitates improvements to both the performance and security of the licensed software. When software source code is freely distributed, "[i]mprovement to a product can come rapidly and free of charge from an expert not even known to the copyright holder." 535 F.3d. at 1379. As the United States Department of Defense has recognized, "the continuous and broad peer-review enabled by publicly available source code supports software reliability and security efforts through the identification and elimination of defects that might otherwise go unrecognized by a more limited core development team." RFJN Ex. 2 at 4. *See also* RFJN Ex. 1 at 2. In contrast, limiting source code availability "inhibit[s] the ability of third parties to respond to vulnerabilities." RFJN Ex. 3 at 7.

### B. Open Source Security, Inc. and the Grsecurity User Agreement

Plaintiff Open Source Security ("Plaintiff") is a software company that provides security patch software for the Linux Operating System under the brand name Grsecurity. *See* Compl. (ECF No. 1) ¶ 11. As courts have recognized, Linux is a "prominent example of free, open-source software" and is "maintained by a large open-source community." *Wallace v. Int'l Bus. Machines Corp.*, 467 F.3d 1104, 1106 (7th Cir. 2006). The Grsecurity product is governed by the GPL version 2 ("GPLv2"). *See* Compl. ¶ 12. Consistent with the GPL's goal of promoting the open-source development of software products, the GPLv2 prohibits those who distribute

software subject to the GPL from placing further restrictions on recipients' rights. GPLv2 section 6 provides in part:

> Each time you redistribute the Program (or any work based on the Program), the recipient automatically receives a license from the original licensor to copy, distribute or modify the Program subject to these terms and conditions. You may not impose any further restrictions on the recipients' exercise of the rights granted herein.

*See* Compl. ¶ 13. Plaintiff, however, distributes its Grsecurity software subject to a user agreement that threatens to penalize recipients if they exercise their rights under the GPLv2 to freely redistribute the software. *See id.* ¶ 15 & Ex. B at 1 (ECF No. 1-1 at 5). Namely, Plaintiff's user agreement purports to terminate access to future security updates for users if they redistribute the Grsecurity software except where explicitly required by the GPL. The user agreement states:

> the User acknowledges that redistribution of the provided stable patches or changelogs outside of the explicit obligations under the GPL to User's customers will result in termination of access to **future** updates of grsecurity stable patches and changelogs.

*See id.* Ex. B at 1 (emphasis in original).

### C.  Mr. Perens's Opinions and Plaintiff's Filing of This Lawsuit

Defendant Bruce Perens is an individual computer programmer and one of the founders and supporters of the open source software movement. He maintains a blog at www.perens.com. *See* Compl. ¶ 1. Mr. Perens states in his blog that he is not an attorney. *See id.* Ex. A at 2 (ECF No. 1-1 at 3). As part of discussion in the open source community about the redistribution provision of the Grsecurity agreement, Mr. Perens posted a blog entry expressing his concerns about the provision and alerting consumers to what he believes are potential legal risks. *Id.* Ex. A; *id.* Ex. D (ECF No. 1-1 at 14–15). That blog post includes two statements of opinion that Plaintiff alleges are false:

> 1)  "It's my strong opinion that your company should avoid the Grsecurity product sold at grsecurity.net because it presents a contributory infringement and breach of contract risk."
>
> 2)  "As a customer, it's my opinion that you would be subject to both contributory infringement and breach of contract by employing this product in conjunction with

the Linux kernel under the no-redistribution policy currently employed by Grsecurity."

Compl. ¶¶ 22–25 & Ex. A.  In the blog post, Mr. Perens also presented the key premises on which he based his opinions:

- the Grsecurity patch "is inseparable from Linux and can not work without it,"
- the Grsecurity patch "must be under the GPL version 2 license, or a license compatible with the GPL and with terms no more restrictive than the GPL,"]
- Grsecurity's "customers are warned that if they redistribute the Grsecurity patch, as would be their right under the GPL, that they will be assessed a *penalty:* they will no longer be allowed to be customers, and will not be granted access to any further versions of Grsecurity," and
- "GPL section 6 specifically prohibits any addition of terms."

Compl. Ex. A.

On July 17, 2017, Plaintiff filed this lawsuit, asserting claims of defamation *per se*, defamation *per quod*, false light invasion of privacy, and intentional interference with prospective economic advantage.  All four claims are predicated on Mr. Perens's blog post.  *See* Compl. ¶¶ 42–75.  Plaintiff identifies two statements from the blog post that it alleges are false.  In addition to other edits, Plaintiff omits from each language stating that these are Mr. Perens's opinions.  For example, Plaintiff omits "It's my strong opinion that your company" in Complaint paragraph 22 and Plaintiff omits "it's my opinion that you" in Complaint paragraph 23.  The Complaint does not allege that any other statement in the blog post is false, nor does it identify any false assertions that are allegedly implied.

Mr. Perens timely brings this motion to strike under California's anti-SLAPP statute and motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).

## III. APPLICABLE LEGAL STANDARDS

### A. Special Motion to Strike Pursuant to California's Anti-SLAPP Statute, Cal. Civ. Proc. Code § 425.16

One purpose of California's anti-SLAPP statute is to encourage the "continued participation in matters of public significance" and to combat lawsuits that "chill the valid exercise of the constitutional right[] of freedom of speech" through "abuse of the judicial process." Cal. Civ. Proc. Code § 425.16(a). Accordingly, a plaintiff's claims arising from "any act" done "in furtherance of" a defendant's free speech rights "in connection with a public issue" may be stricken under the anti-SLAPP statute. *Id.* § 425.16(b)(1). Courts, including federal courts sitting in diversity, must apply and construe the anti-SLAPP statute broadly to protect the rights of defendants. *Id.* § 425.16(a); *see also Dowling v. Zimmerman,* 85 Cal. App. 4th 1400, 1425 (2001) (noting the statute is meant to provide "a swift and effective remedy to SLAPP suit defendants"); *U.S. ex rel Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999) (applying anti-SLAPP statute in diversity case because of its "important [and] substantive" legal protections).

Adjudicating an anti-SLAPP motion is a two-step process. First, a court must determine whether a defendant has shown that the claims arise from activity protected by the anti-SLAPP statute. *See Navellier v. Sletten*, 29 Cal. 4th 82, 88 (2002); Cal. Civ. Proc. Code § 425.16(a), (e). One category of protected conduct relevant here is "written statement[s]" that are made in "a public forum in connection with an issue of public interest." § 425.16(e)(3). Second, if a defendant meets that burden, the plaintiff must demonstrate a probability of prevailing on the merits of its claims. *See id.* In federal court diversity actions, a plaintiff's burden at this second stage depends on the nature of the defendant's challenge. If the challenge is based on legal defects on the face of the pleadings, the court's analysis is analogous to that on a Rule 12(b)(6) motion to dismiss. *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973, 982 (C.D. Cal. 1999). If the challenge is based on a lack of evidence to substantiate the plaintiff's claims, the court's analysis is analogous to that on a motion for summary judgment under Rule 56. *See id.* at 982–83. Here, Mr. Perens moves to strike Plaintiff's claims based on legal defects evident on the

face of the Complaint, and thus the same standard applies for Mr. Perens's anti-SLAPP motion as for his motion to dismiss under Rule 12(b)(6).[2]

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

To survive a Rule 12(b)(6) motion, Plaintiff must state a cognizable legal theory and "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A claim has "facial plausibility" only when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Although a court deciding a Rule 12(b)(6) motion must assume the truth of well-pleaded facts, a court need not accept legal conclusions characterized as factual assertions. *Id.* at 678–79. As the Supreme Court has held, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to support a claim. *Id.* at 678.

## IV. PLAINTIFF'S COMPLAINT SHOULD BE STRICKEN FOR TARGETING CONDUCT PROTECTED UNDER CALIFORNIA'S ANTI-SLAPP STATUTE.

### A. Plaintiff's Claims Target Conduct Protected by the Anti-SLAPP Statute.

The anti-SLAPP statute applies to all four of Plaintiff's claims, because all four are based on protected "written statement[s]"made in "a public forum in connection with an issue of public interest." Cal. Civ. Proc. Code § 425.16(e)(3).

Mr. Perens's statements are written statements made in a public forum. The statements at issue appear in a written blog post on Mr. Perens's website, a site accessible to the public at large. Statements that appear on websites accessible to the public at large are "made in . . . a public forum" under the anti-SLAPP statute. *See, e.g., Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1009 n.3 (9th Cir. 2017); *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1366 (2010) (collecting cases). Websites are public fora even where a defendant has total control over the content. In *Maloney*,

---

[2] Plaintiff's claims would fail under either standard, and Mr. Perens reserves his right to supplement his anti-SLAPP motion should it become appropriate for the Court to undertake a Rule 56 analysis.

for instance, the Ninth Circuit affirmed a district court opinion that held that "[e]ven though Defendant controls the content of [the accused website] with no ability for members of the public to express their viewpoint, the website is part of the internet at-large, and Defendant's posts were made in a public forum." *See Maloney v. T3Media, Inc.*, 94 F. Supp. 3d 1128, 1134 (C.D. Cal. 2015); *see also* 853 F.3d 1004 (affirming decision).

Mr. Perens's statements also concern an "issue of public interest." An "issue of public interest" includes "*any issue in which the public is interested.*" *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (2008) (emphasis in original). For instance, in *Tamkin v. CBS Broad., Inc.*, 193 Cal. App. 4th 133 (2011), the court of appeal concluded that the creation and broadcast of an episode of the TV show *CSI* was a matter of "public interest" because "the public was demonstrably interested," as evidenced by "the posting of the casting synopses on various Web sites and the ratings for the episode." *Id.* at 143. Here, the public similarly was demonstrably interested in the issues raised by Mr. Perens's blog post. By the time the Complaint was filed, an editor at the website Slashdot had posted a link to Mr. Perens's blog post after receiving a tip from a reader (Declaration of Melody Drummond Hansen ("Drummond Hansen Decl.") Ex. A at 1),[3] and the topic had generated a discussion spanning at least 470 comments. *See* Compl. Ex. E at 1–2 (ECF No. 1-1 at 17–18) (four comments visible, notation reading "1 hidden comment," and notation reading "Get 465 More Comments").

The response that Mr. Perens's blog post received on Slashdot also demonstrates that Mr. Perens's expression of his opinions furthered the anti-SLAPP law's goal of promoting participation in public debate. *See Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 808 (2002) (recognizing "encourag[ing] participation . . . in vigorous public debate" as a goal of the

---

[3] Exhibit A is a website printout of the same Slashdot discussion thread attached to the Complaint as Exhibit E (ECF No. 1-1 at 16–48) and referenced at paragraphs 34, 48, 59, 60, and 66 of the Complaint. The version attached to Plaintiff's Complaint, however, displays only comments posted by Mr. Perens, without the benefit of the more complete context that other comments in the discussion provide. Consideration of the complete discussion thread is proper under the doctrine of incorporation by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (considering website content accompanying allegedly defamatory photograph and caption where only photograph and caption were attached to complaint).

anti-SLAPP statute).  As can readily be seen in the internet discussion forum, many commenters agreed with Mr. Perens, while some others did not.  Commenters asked questions about certain aspects of Mr. Perens's conclusions, and they tested his legal theories by applying them to hypothetical situations.  Commenters engaged with Mr. Perens and with one another about their respective positions.  *See* Drummond Hansen Decl. Ex. A.  Mr. Perens's blog post promoted exactly the type of public participation that the anti-SLAPP law aims to protect.

That Mr. Perens's blog post sparked so much public discussion and interest is unsurprising to those familiar with the GPL.  The GPL is the most common open source license in the world.  *See* RFJN Ex. 3 at 14; *see also XimpleWare, Inc. v. Versata Software, Inc.*, No. 5:13-cv-05161-PSG, 2014 WL 2080850, at *1 (N.D. Cal. May 16, 2014) (referencing the "the millions of lines of source code licensed in this country and around the world" under the GPLv2).  And the Linux kernel is widely used, with the United States Department of Defense being just one of its many users.  RFJN Ex. 3 at 8, 9.  One of the key benefits of open source software is that the "collaborative atmosphere" of open source software communities "can make it easier to conduct software peer review and security testing, to reuse existing solutions, and to share technical knowledge."  *See* RFJN Ex. 1 at 2; *see also* Facts, Section II, *supra*.  Therefore, Mr. Perens's expressions of concern regarding Plaintiff's purported limits on redistribution (and thus also examination) of Linux security patches was naturally of interest to many.

Mr. Perens's blog post also clearly relates to "an issue of public interest" because it provides warning to consumers about risks they may face if they purchase and use Plaintiff's product.  Courts regularly hold that such "consumer protection information" constitutes protected speech in connection with an issue of public interest.  *See, e.g.*, *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 262 (9th Cir. 2013) (internet postings accusing plaintiff of fraudulent and deceptive business practices were protected); *Wilbanks v. Wolk*, 121 Cal. App. 4th 883, 890, 898–901 (2004) (website cautioning consumers about doing business with plaintiff and alleging that plaintiff is "unethical" and "provided incompetent advice" were protected); *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 967–69 (N.D. Cal. 2013) (posting on website "Ripoff Reports" warning of negative experiences as customer of plaintiff

1  qualified for protection under first anti-SLAPP prong despite being wholly fabricated), *aff'd,* 609

2  F. App'x 497 (9th Cir. 2015).

3        In addition, courts are especially likely to find that criticisms of a plaintiff's business

4  practices are a matter of public interest where a large number of people potentially will be

5  affected by the plaintiff's conduct.  *See Wilbanks*, 121 Cal. App. 4th at 898; *New Show Studios*

6  *LLC v. Needle*, No. 2:14-CV-01250-CAS-MRWx, 2014 WL 12495640 (C.D. Cal. Dec. 29, 2014).

7  In *New Show Studios*, for instance, plaintiffs unsuccessfully argued that the defendants'

8  statements criticizing plaintiff's business practices did not relate to a matter of public interest

9  because they concerned only a "small, specific audience—New Show's clients."  2014 WL

10  12495640 at *10.  The court rejected that argument, in part because it was undermined by

11  "plaintiffs' own admission" that "New Show has thousands of clients and potential clients."  *Id.*

12  Similarly here, Plaintiff alleges that the blog post was seen and read by "hundreds, if not

13  thousands, of consumers and prospective clients of Plaintiff."  Compl. ¶ 36.  Furthermore, users

14  of the Grsecurity product are not the only ones affected by Plaintiff's conduct.  Plaintiff's conduct

15  necessarily affects the large community of software developers who have made copyrightable

16  contributions to the Linux kernel and the many who depend on it for security.

17        California courts hold that the anti-SLAPP statute must be "construed broadly" to

18  "encourage participation by all segments of our society in vigorous public debate related to issues

19  of public interest."  *Seelig*, 97 Cal. App. 4th at 808; *see also Averill v. Superior Court*, 42 Cal.

20  App. 4th 1170, 1175–76 (1996) (giving § 425.16(e) broad application in light of its purposes).

21  Mr. Perens's blog post warning of potential legal risks associated with the terms of Plaintiff's

22  user agreement clearly constitutes written statements made in a "public forum" in connection with

23  "an issue of public interest," and by Plaintiff's own admission was distributed to an interested

24  public.  Because Plaintiff's claims target conduct protected by the anti-SLAPP statute, the first

25  prong of the anti-SLAPP analysis is met.

26

27

28

### B. Plaintiff Cannot Establish a Reasonable Probability of Prevailing on the Merits of Its Claims.

Plaintiff cannot meet its burden under the second prong of the anti-SLAPP analysis to establish a reasonable probability of prevailing on the merits, because Plaintiff fails to state any legally cognizable claim that is plausible on its face, as shown by Mr. Perens's Rule 12(b)(6) Motion, below. A successful Rule 12(b)(6) motion demonstrates that a plaintiff cannot meet its burden under the second anti-SLAPP prong. For example, in *Robinson v. Alameda Cty.*, 875 F. Supp. 2d 1029 (N.D. Cal. 2012), the court determined that separately analyzing the second anti-SLAPP prong was unnecessary after having already ruled in the defendant's favor on a concurrently filed Rule 12(b)(6) motion. *Id.* at 1050. As the court explained, a successful motion to dismiss amply demonstrates that the plaintiff "cannot show probability of success on the merits" of the dismissed claims. *Id.* Likewise, in *Vess v. Ciba-Geigy Corp. USA*, the Ninth Circuit held that its affirmance of the district court's Rule 12(b)(6) dismissal meant that the plaintiff could not demonstrate a probability of prevailing on his claim and therefore also affirmed the district court's grant of the concurrently filed anti-SLAPP motion. 317 F.3d 1097, 1110 (9th Cir. 2003) . *See also Bhambra v. True*, No. C 09-4685 CRB, 2010 WL 1758895, at *2 (N.D. Cal. Apr. 30, 2010) (holding that plaintiff whose claim has been dismissed with prejudice under Rule 12(b)(6) "has by definition failed").

The Court should therefore strike all of Plaintiff's claims pursuant to the California anti-SLAPP statute because Mr. Perens's speech is protected under the statute and because Plaintiff's claims fail for the reasons stated in Mr. Perens's Motion to Dismiss in Section V, below.

## V.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.[4]

### A.  Plaintiff Fails to State a Claim for Defamation *Per Se* or *Per Quod*.

Mr. Perens's opinions about how the law might apply to the Grsecurity user agreement cannot form the basis of a defamation claim because they neither expressly nor impliedly communicate "provably false assertions of fact." *Dodds v. Am. Broad. Co.*, 145 F.3d 1053, 1065 (9th Cir. 1998).  The "*sine qua non*" of recovery for defamation—whether *per se* or *per quod*—is the "existence of a falsehood." *Baker v. L.A. Herald Exam'r*, 42 Cal. 3d 254, 259 (1986) (quoting *Old Dominion Branch No. 496, Nat'l Ass'n of Letter Carriers v. Austin*, 418 U.S. 264, 283 (1974)).  To be actionable as defamation, the offending statement must therefore "expressly or impliedly assert a fact that is susceptible to being proved false." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 730 (9th Cir. 1999) (quoting *Weller v. Am. Broad. Cos.*, 232 Cal. App. 3d 991, 1001 (1991)); *Nygard*, 159 Cal. App. 4th at 1048.  An "opinion that does not convey a false factual implication" is not defamatory under California law. *Coastal Abstract*, 173 F.3d at 732.

First, the accused portions of Mr. Perens's blog post do not ***expressly*** assert a fact that is susceptible to being proved false, because (1) California law holds that statements interpreting an unsettled question of law are statements of opinion rather than statements of fact, and (2) Mr. Perens's statements are further recognizable as opinions because he states that they are his opinions and he uses other qualifying and predictive language.

Second, Mr. Perens's statements do not ***impliedly*** assert a fact that is susceptible to being proved false.  Indeed, Plaintiff does not allege that they do.  Instead, Mr. Perens fully disclosed the factual basis for his opinions and encouraged his readers to seek their own counsel.

Third, even if Plaintiff could establish the claims were otherwise actionable as false statements, Plaintiff's defamation claims would nonetheless fail because Plaintiff does not

---

[4] While Mr. Perens's Motion to Dismiss demonstrates that his Anti-SLAPP Motion to Strike should be granted, the Court also should dismiss the Complaint regardless of whether it holds that the anti-SLAPP statute applies.  Each of Plaintiff's claims fail as a matter of law.

DEFENDANT PERENS'S MOTION TO
DISMISS & ANTI-SLAPP MOTION
3:17-CV-04002-LB

plausibly allege that Mr. Perens was negligent in expressing his opinions but instead makes
conclusory assertions that are insufficient to plead this element of its claims.

### 1. The Accused Statements Are Not Provably False Assertions of Fact.

#### a. Plaintiff's Claims Are Based on Statements of Opinion, Not Statements of Fact.

Mr. Perens is a non-lawyer who expressed his opinion that "compan[ies] should avoid the Grsecurity product sold at grsecurity.net because it presents a contributory infringement and breach of contract risk." *See* Compl. Ex. A. Whether there is a risk of liability under copyright or contract law is an interpretation of the law. The Ninth Circuit has consistently treated non-lawyers' interpretations of the law as statements of opinion, not fact, "absent a clear and unambiguous ruling from a court or agency of competent jurisdiction." *Coastal Abstract*, 173 F.3d at 731. In *Coastal Abstract*, for instance, the court held that the defendant's implied assertion that the plaintiff violated state licensing regulations constituted an opinion regarding interpretation of the law and not an actionable statement of fact for defamation and false advertising purposes because no court or agency had determined whether the regulation applied to the plaintiff's conduct. *Id.* at 731–32. Similarly, in *Freecycle Network, Inc. v. Oey*, 505 F.3d 898 (9th Cir. 2007), the court considered a so-called "trademark disparagement" claim predicated on a defendant's online statement that the plaintiff "lacked trademark rights in 'freecycle' because it was a generic term," and held that, because there had been "no formal determination" of the plaintiff's trademark rights, the defendant's statement "[could not] be considered a false statement of fact." *Id.* at 901, 904–05. *See also Rodriguez v. Panayiotou*, 314 F.3d 979, 986 (9th Cir. 2002) (holding that layperson's implied allegations of entrapment constituted his "interpretation of the law" and were not actionable as defamation).

California courts routinely apply the *Coastal Abstract* rule to hold legal interpretations to be statements of opinion. In one widely cited opinion, *Franklin v. Dynamic Details, Inc.*, a California court concluded that emails accusing plaintiffs of infringing third-party copyrights and breaching a nondisclosure agreement "expressed [the defendant's] opinions because they purported to apply copyright and contract law to facts." 116 Cal. App. 4th 375, 378–81 (2004).

*See also Amaretto Ranch Breedables, LLC v. Ozimals, Inc.*, No. CV 10-5696 CRB, 2013 WL

3460707, at *4 (N.D. Cal. July 9, 2013). In *Amaretto*, the Northern District, citing *Franklin*, held

that statements in defendant's blog post that defendant's works were "protected by copyright" and

plaintiff "infringed on the intellectual property" of defendant "expressed [defendant's] opinions"

and "purported to apply [defendants'] understanding of copyright law as applied to the facts." *Id.*

at *5 (granting summary judgment to defendant on defamation claim). Similarly, in the false

advertising context, the Ninth Circuit held in *Theme Promotions, Inc. v. News Am. FSI*, that

"[o]pinions about and interpretations of" contractual provisions do not assert "facts" as required

for a claim of false advertising. 35 F. App'x 463, 469 (9th Cir. 2002).

Here, Plaintiff likewise accuses statements that constitute interpretations of the law (*e.g.,*

copyright law and contract law) as applied to a set of facts (the GPLv2 and the Grsecurity user

agreement's non-redistribution provision). And Plaintiff cannot meet the *Coastal Abstract*

standard to hold Mr. Perens liable for such legal interpretations under defamation law. For

example, Plaintiff has not alleged that any legal authority *contradicting* Mr. Perens's position

exists—much less the type of "clear and unambiguous ruling" that might enable Plaintiff to argue

that Mr. Perens's statements are akin to statements of fact under *Coastal Abstract. See* 173 F.3d

at 731. Indeed, the undersigned is aware of *no* court decision construing the "no further

restrictions" condition of GPLv2 section 6.[5] By contrast, courts *have* held that violating open

source license provisions may constitute a breach of contract and subject a party to liability for

copyright infringement. *See, e.g., Artifex Software, Inc. v. Hancom, Inc.*, No. 16-cv-06982-JSC,

2017 WL 4005508 (N.D. Cal. Sept. 12, 2017); *Jacobsen v. Katzer*, 535 F.3d 1373 (Fed. Cir.

2008); *Versata Software, Inc. v. Ameriprise Fin., Inc.*, No. A-14-CA-12-SS, 2014 WL 950065

(W.D. Tex. Mar. 11, 2014). Importantly, this Court need not—and should not—decide whether it

agrees with Mr. Perens's interpretations of the GPLv2 and the Grsecurity user agreement or with

his opinions about how copyright and contract law would apply to them. The proper analysis for

---

[5] Indeed, it appears that an order entered in this District just last week is the only judicial opinion
available on Westlaw to even mention section 6 of the GPLv2. *See Artifex Software, Inc. v.
Hancom, Inc.*, No. 16-cv-06982-JSC, 2017 WL 4005508, at *1, *5 (N.D. Cal. Sept. 12, 2017).
That opinion focused on a different portion of section 6.

the purposes of Mr. Perens's motions is whether any other court clearly and unambiguously has. *See, e.g.*, *Franklin*, 116 Cal. App. 4th at 388 (noting that under *Coastal Abstract* analysis, court does not "determin[e] the truth or reasonableness of [a defendant's] opinions"). Under established Ninth Circuit precedent, because there is no controlling decision that clearly and unambiguously rejects Mr. Perens's positions, the accused statements are opinions rather than express statements of fact that may be proven false.

Mr. Perens's statements also are recognizable as opinions because Mr. Perens states that they are his opinions and he uses other qualifying and predictive language. For example, Mr. Perens repeatedly framed his views using language of opinion and possibility:

- "Warning: Grsecurity: **Potential** contributory infringement and breach of contract **risk** for customers"

- "**It's my strong opinion** that your company **should** avoid the Grsecurity product sold at grsecurity.net because it presents a contributory infringement and breach of contract **risk**."

- "As a customer, **it's my opinion** that you would be subject to both contributory infringement and breach of contract by employing this product in conjunction with the Linux kernel under the no-redistribution policy currently employed by Grsecurity."

- "**This is my opinion** and is offered as advice to your attorney."

Compl. Ex. A (emphasis added). Although identifying a statement as one's opinion does not automatically render it non-actionable under defamation law, doing so alerts the reader that the author is conveying his own interpretation of the facts. Reasonable readers understand "the import of words like 'I think' or 'I believe'" and "grasp[] that they convey some lack of certainty as to the statement's content." *Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 135 S. Ct. 1318, 1328 (2015). In the same vein, statements about potential future events can indicate to a reader that the author is merely offering an opinion about a likely outcome of a hypothetical situation. Both of these principles were applied in *Roland Land Investment Co. v. Velur Investments II, Inc.*, No. B131086, 2002 WL 59676 (Cal. Ct. App. Jan. 17, 2002), *as*

*modified* (Feb. 25, 2002).  In *Roland*, a defendant's corporate officers responded to news that a competitor (plaintiff) was offering 50% sales commission by circulating a memorandum to defendant's sales team that included, in part, the following statements:

> More serious is the extremely high probability that the salespeople will never be able to collect their commissions in full, for a very simple reason: [¶] Inevitably, the purchaser will discover fairly quickly that the Salesperson's commission is 50%. [¶] THE PURCHASER WILL IMMEDIATELY FEEL CHEATED, AND THE RESULT WILL BE A LAWSUIT BOTH AGAINST ROLAND, AND THE SALES PERSON. <u>I believe that we all know, that any jury, when they learn that the salesperson got 50% commission, will have to hear no more to find for the plaintiff</u>.

*Id.* at *2 (emphasis in original).  The court found that given both "its contents (a prediction regarding an unpredictable event, the outcome of a lawsuit)" and "the cautionary language in which it was couched," no reasonable reader could have interpreted this portion of the memorandum as a statement of fact, *id.* at *9, and the court overturned a jury verdict holding the defendant liable for defamation.  Here, much like in *Roland*, Mr. Perens's statements clearly expressed his views regarding interpretation of law and potential risks—and therefore are statements of opinion rather than assertions of fact under defamation law.

### b.     Mr. Perens's Blog Post Does Not Imply Any False or Defamatory Factual Assertions.

Because Mr. Perens's accused statements are opinions, they are not actionable unless Plaintiff can demonstrate that they *imply* false and defamatory facts.  *See Coastal Abstract*, 173 F.3d at 732.  As a threshold matter, Plaintiff does not apparently allege that Mr. Perens's opinions imply false or defamatory facts, but instead contends that Mr. Perens makes statements that are false on their face.  For example, Plaintiff alleges that "statements in the Posting are false because Plaintiff has not violated the GPLv2" and "because the Grsecurity product does not present a contributory infringement or breach of contract risk to Plaintiff's clients."  Compl. ¶¶ 24–25.[6]
The Court therefore need not proceed further to dismiss Plaintiff's defamation claims.

---

[6] Both of these allegations are legal conclusions that the Court should disregard in evaluating the sufficiency of the Complaint.  *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) ("Although for the purposes of this motion to dismiss we must take all the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation.").

Still, even assuming Plaintiff alleges that Mr. Perens's statements imply false and defamatory facts, Plaintiff's claims would still fail as a matter of law, because Mr. Perens's blog post fully discloses the facts he considered in forming his opinions and those facts are neither false nor defamatory. "A statement of opinion based on fully disclosed facts can be punished *only* if the stated facts are themselves false and demeaning," because such statements are unlikely to be construed as "insinuating the existence of additional, undisclosed facts." *Standing Comm. on Discipline of U.S. Dist. Court for Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1439 (9th Cir. 1995) (emphasis added). Instead, readers will understand such stated opinions to be "the author's interpretation of the facts presented" and readers "are free to accept or reject" that opinion "based on their own independent evaluation of the facts." *Id.*; *see also Partington v. Bugliosi*, 56 F.3d 1147, 1156–57 (9th Cir. 1995).

In *Franklin v. Dynamic Details*, the court concluded that the defendant's statements of opinion about the plaintiffs' liability for copyright infringement and breach of contract were non-actionable in part because accused emails containing the statements "fully disclosed provably true facts on which the opinions were based." 116 Cal. App. 4th at 378. The accused emails provided a copy of an email sent by plaintiff, directed the reader to a website containing the allegedly infringing material, and explained why the author believed the material was infringing. *Id.* at 388. Likewise, in *Z.F. ex rel. M.A.F. v. Ripon Unified School District*, the court concluded that statements on the counterdefendant's website accusing the counterplaintiff of "illegal" and "discriminatory conduct" were "protected opinion" because the website also included a link to the counterdefendant's complaint in the action, which allowed website visitors to "read the complaint and determine for themselves" whether they believed the counterdefendant's conduct to be "illegal and discriminatory." *See* No. 10-CV-00523-TLN-CKD, 2017 WL 1198492, at *6 (E.D. Cal. Mar. 31, 2017) . Similarly, here, Mr. Perens identified the Grsecurity product's use of the Linux kernel source code (which is subject to GPLv2), provisions of the GPLv2, and certain terms under which Plaintiff provides access to the Grsecurity patches as the basis for his opinions. *See* Compl. Ex. A; *see also* "Facts" *supra*. Plaintiff does not dispute such underlying facts but

instead disputes Mr. Perens's opinions regarding legal interpretations and opinions regarding the risks related to those facts.

Plaintiff's defamation claims therefore cannot succeed and should be dismissed.

### 2. Plaintiff Does Not Plausibly Allege That Mr. Perens Was Negligent As to the Alleged Falsity of His Statements.

Even if Plaintiff could allege that Mr. Perens made any provably false statements, Plaintiff's defamation claims separately fail because Plaintiff also has not plausibly pled that Mr. Perens acted negligently or with actual malice. At a minimum, a plaintiff alleging defamation must establish that the defendant was negligent with respect to the truth or falsity of the statements at issue. *See Carney v. Santa Cruz Women Against Rape*, 221 Cal. App. 3d 1009, 1015–17 (1990); *Hecimovich v. Encinal Sch. Parent Teacher Org.*, 203 Cal. App. 4th 450, 470 (2012); Cal. Civ. Jury Instructions 1704, 1705. If the plaintiff is a public official or public figure, the threshold for liability is higher, and the plaintiff must demonstrate that the defendant acted with actual malice—*i.e.*, with knowledge that the accused statements were false or with reckless disregard for their truth. *Reader's Digest Ass'n v. Superior Court*, 37 Cal. 3d 244, 256 (1984). In addition, where the statements at issue involve a matter of public concern, even a private-figure plaintiff must establish actual malice to recover presumed or punitive damages. *Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711, 747 (1989).

In this case, there is no need to determine whether the heightened "actual malice" standard applies, because Plaintiff has not plausibly alleged *any* degree of fault. Instead, Plaintiff makes various conclusory statements that Mr. Perens and/or others "performed the alleged acts intentionally, and acted with malice, oppression, and fraud with the sole purpose to generate negative publicity" (Compl. ¶ 39), "acted with malice, oppression, and fraud" (*id.* ¶ 40), "knowingly, intentionally, willfully, or negligently publishing statements about OSS which they knew or should have known to be false" (*id.* ¶ 46), "failed to use reasonable care to determine the truth or falsity of the statements" (*id.* ¶ 47), "knew the Posting would create a false impression about Plaintiff and/or acted with reckless disregard for the truth" (*id.* ¶ 62), and/or "were negligent in determining the truth of the information in the Posting or whether a false impression

would be created by its publication" (*id.* ¶ 62), and also that "[t]he negative and false posts were created and published by Defendants with malice and/or oppression" and "the Posting was deliberately published with the intention of destroying Plaintiff's reputation and the reputation of Plaintiff's services (*id.* ¶ 53). Such conclusory allegations are insufficient to plead fault. *See, e.g., UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1111–12 (C.D. Cal. 2015) (dismissing negligent misrepresentation claim for failure to adequately plead lack of reasonable basis for believing statements; collecting cases).

Plaintiff's defamation claims therefore also should be dismissed on this separate basis.

**B.     Plaintiff Fails to State a Claim for False Light Invasion of Privacy.**

Plaintiff's false light invasion of privacy claim necessarily fails because Plaintiff is a corporation, and, as a common law privacy tort, a false light claim may be "maintained only by individuals" under California law. *See Fellows v. Nat'l Enquirer, Inc.*, 42 Cal. 3d 234, 238–39 (1986); *Holomaxx Techs. v. Microsoft Corp.*, 783 F. Supp. 2d 1097, 1107 (N.D. Cal. 2011); *Kennedy Funding, Inc. v. Chapman*, No. C 09-01957 RS, 2010 WL 4509805, at *5 (N.D. Cal. Nov. 1, 2010) ("[A]s a LLC, Newport cannot state a claim for false light . . . ."). For this reason alone, Plaintiff's claim for false light invasion of privacy must be dismissed with prejudice. *See, e.g., Holomaxx,* 783 F. Supp. 2d at 1107 (dismissing claim without leave to amend).

Plaintiff's false light claim also separately fails for the same reasons that its defamation claims do. False light's elements are nearly identical to those of defamation. *See Solano v. Playgirl, Inc.*, 292 F.3d 1078, 1082 (9th Cir. 2002); *see also Kapellas v. Kofman*, 1 Cal. 3d 20, 35 n.16 (1969). Courts applying California law therefore recognize that when a false light claim is brought alongside a defamation claim based on the same statements, the false light claim is "essentially superfluous" and "stands or falls on whether it meets the same requirements as the defamation cause of action." *Harkonen v. Fleming*, 880 F. Supp. 2d 1071, 1082 (N.D. Cal. 2012) (quoting *Eisenberg v. Alameda Newspapers, Inc.*, 74 Cal. App. 4th 1359, 1385 n.13 (1999)); *see also Kapellas*, 1 Cal. 3d at 35 n.16. Because Plaintiff's false light claim is predicated on the same statements as its meritless defamation claims, the false light claim fails for the same reasons and should be dismissed.

DEFENDANT PERENS'S MOTION TO
DISMISS & ANTI-SLAPP MOTION
3:17-CV-04002-LB

**C.    Plaintiff Does Not State a Claim for Intentional Interference with Prospective Economic Advantage.**

Plaintiff's intentional interference claim fails both because it is a transparent attempt to bolster a meritless defamation claim by masquerading the same claim as an intentional interference claim, and because the Complaint is utterly lacking as to nearly every element of the tort.  To ensure that plaintiffs do not use creative pleading to avoid the First Amendment protections of defamation law, a court may—and should—analyze a claim for intentional interference that is based on alleged injurious falsehoods as if it were a defamation claim.  *Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F. Supp. 2d 957, 977 (N.D. Cal. 2013), *aff'd,* 609 F. App'x 497 (9th Cir. 2015) (citing *Blatty v. N.Y. Times Co.*, 42 Cal. 3d 1033, 1042 (1986)); *see also Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009).  Plaintiff's intentional interference claim is predicated entirely on the allegedly defamatory blog post and therefore must be dismissed for the reasons discussed in Section V.A, *supra*.

Plaintiff's intentional interference claim also fails for failure to plausibly plead facts supporting the basic elements of the claim under California law.  As stated in *Sole Energy Co. v. Petrominerals Corp.*, they are:

> (1) an economic relationship between the plaintiff and a third party, with the probability of future economic benefit to the plaintiff;
> (2) the defendant's knowledge of the relationship;
> (3) the defendant's intentional and wrongful conduct designed to interfere with or disrupt this relationship;
> (4) interference with or disruption of this relationship; and
> (5) economic harm to the plaintiff proximately caused by the defendant's wrongful conduct.

128 Cal. App. 4th 212, 241 (2005) (citing *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153–54 (2003)).  Plaintiff fails to adequately plead at least four of these five elements.

First, as part of the "intentional and wrongful conduct" element (*Sole Energy* element number 3 above), a plaintiff must plead that the defendant's interference was wrongful "by some measure beyond the fact of the interference itself."  *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 393 (1995) (quoting *Top Serv. Body Shop, Inc. v. Allstate Ins. Co.*, 582 P.2d

1365, 1371 (Or. 1978)).  An act is not "independently wrongful" merely because defendant acted with an improper motive.  Instead, an act is independently wrongful if it is unlawful, meaning "proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."  *Korea Supply*, 29 Cal. 4th at 1158–59.  "A plaintiff may rely on a separate claim for relief, such as fraud, as the basis for an 'independently wrongful act, but only if it is adequately pled.'"  *Westport Ins. Corp. v. Vasquez, Estrada & Conway LLP*, No. 15-CV-05789-JST, 2016 WL 1394360, at *10 (N.D. Cal. Apr. 8, 2016) (quoting *UMG Recordings*, 117 F. Supp. 3d at 1117).  The allegedly wrongful conduct that forms the basis of Plaintiff's intentional interference claim here is the same conduct underlying Plaintiff's claims for defamation claim.  *See* Compl. ¶¶ 70–71.  Because Plaintiff's defamation claims fail, so must its claim for intentional interference.  *See, e.g., Contemporary Servs. Corp. v. Staff Pro Inc.*, 152 Cal. App. 4th 1043, 1060 (2007) (granting anti-SLAPP motion as to intentional interference claim where based on the same conduct as accused defamation claims); *New Show Studios*, 2014 WL 12495640, at *19 (same); *In re Circuit Breaker Litig.*, 984 F. Supp. 1267, 1283 (C.D. Cal. 1997) (granting counter-defendants' motion for summary judgment as to intentional interference claim).

Second, Plaintiff falls far short of the factual content required to plead "an economic relationship between the plaintiff and a third party, with the probability of future economic benefit to the plaintiff" (*Sole Energy* element number 1, above) because it does not identify a single specific economic relationship.  To state a claim for intentional interference, it is "essential" that the plaintiff allege facts supporting that defendant interfered with the plaintiff's relationship "with a particular individual"; this is a means of "ensuring that there is a sufficient 'factual basis' from which it may be inferred that there was a benefit that 'the plaintiff was likely to have . . . received'" and that the defendant's conduct actually "interfered with plaintiff's receipt of this benefit."  *Damabeh v. 7-Eleven, Inc.*, No. 5:12-CV-1739-LHK, 2013 WL 1915867, at *10 (N.D. Cal. May 8, 2013) (quoting *Westside Ctr. Assocs. v. Safeway Stores 23, Inc.,* 42 Cal. App. 4th 507, 527 (1996)).

Plaintiff offers only threadbare recitals such as that "many other potential clients were in an economic relationship that probably would have resulted in an economic benefit to" Plaintiff. Compl. ¶ 68.  Allegations that a defendant interfered with the plaintiff's relationship with an "as yet unidentified customer will not suffice."  *Damabeh*, 2013 WL 1915867, at *10 (internal quotation marks omitted).  Not one prospective client is identified by name, and Plaintiff does not plausibly support that such unnamed entities "were in an economic relationship" with Plaintiff or that such relationship "probably would have resulted in an economic benefit" to Plaintiff.  Courts applying California law routinely hold that this type of vague and speculative allegation is insufficient to survive a motion to dismiss.  *See Packaging Sys., Inc. v. PRC-Desoto Int'l, Inc.*, --- F. Supp. 3d ----, No. 2:16-CV-09127 ODW (JPRx), 2017 WL 3013408, at *11 (C.D. Cal. July 14, 2017); *Tsai v. Wang*, No. 17-CV-00614-DMR, 2017 WL 2587929, at *9 (N.D. Cal. June 14, 2017); *Satmodo, LLC v. Whenever Commc'ns, LLC*, No. 17-CV-0192-AJB NLS, 2017 WL 1365839, at *9 (S.D. Cal. Apr. 14, 2017).

Likewise, to the extent any such relationship exists, Plaintiff has failed to allege any facts to support the conclusory allegation that Perens "knew of the economic relationship" complained of, Compl. ¶ 69, providing an independent basis for dismissal.  *See name.space, Inc. v. Internet Corp. for Assigned Names & Numbers*, No. CV 12–8676 PA (PLAx), 2013 WL 2151478, at *8–9 (C.D. Cal. Mar. 4, 2013) ("The Complaint's conclusory allegations concerning ICANN's knowledge of Plaintiff's relationships with its clients do not satisfy the *Twombly* standard."), *aff'd*, 795 F.3d 1124 (9th Cir. 2015).

Because the Complaint does not allege any facts that show the existence of any specific economic relationship with identifiable third parties—much less demonstrate knowing interference with such specific relationships—Plaintiff's tortious interference claim must be dismissed.  *See, e.g., Satmodo*, 2017 WL 1365839, at *9.

## VI.    CONCLUSION

Mr. Perens respectfully requests that the Court grant his motion to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and strike the claims alleged therein pursuant to California's anti-SLAPP statute.  Because Plaintiff's claims are based on protected opinions that are non-

actionable as a matter of law, the Court should not grant Plaintiff leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir.), *amended,* 856 F.2d 111 (9th Cir. 1988) (holding that district court properly denied leave to amend claims for which misrepresentation was an essential element, because statement that defendant "believed an adverse jury verdict was a distinct possibility" was an opinion that could not be a misrepresentation). Furthermore, Mr. Perens requests that the Court issue an order requiring Plaintiff to pay the reasonable attorneys' fees and costs he incurred by bringing this motion, according to proof on a subsequent noticed motion. *See Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206-07 (9th Cir. 2005) (affirming application of anti-SLAPP statute's mandatory fees provision in federal court); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001) ("[A]ny SLAPP defendant who brings a successful motion to strike is entitled to mandatory attorney fees.").

Dated:  September 18, 2017

MELODY DRUMMOND HANSEN
HEATHER J. MEEKER
CARA L. GAGLIANO
O'MELVENY & MYERS LLP


By:   */s/ Melody Drummond Hansen*
        Melody Drummond Hansen
Attorneys for Defendant
Bruce Perens
