1  MELODY DRUMMOND HANSEN (S.B. #278786)
   mdrummondhansen@omm.com
2  HEATHER J. MEEKER (S.B. #172148)
   hmeeker@omm.com
3  O'MELVENY & MYERS LLP
   2765 Sand Hill Road
4  Menlo Park, California  94025-7019
   Telephone:    +1 650 473 2600
5  Facsimile:    +1 650 473 2601

6  CARA L. GAGLIANO (S.B. #308639)
   cgagliano@omm.com
7  Two Embarcadero Center
   28th Floor
8  San Francisco, California 94111-3823
   Telephone:    +1 415 984 8700
9  Facsimile:    +1 415 984 8701

10 Attorneys for Defendant
   Bruce Perens

11

12                          **UNITED STATES DISTRICT COURT**

13                         **NORTHERN DISTRICT OF CALIFORNIA**

14                                    **SAN FRANCISCO**

15

| | |
|---|---|
| 16  OPEN SOURCE SECURITY, INC., and BRADLEY SPENGLER, | Case No. 3:17-cv-04002-LB |
| 17                    Plaintiffs, | **DEFENDANT'S MOTION TO CHANGE TIME AND CONTINUE PROCEEDINGS ON OPEN SOURCE SECURITY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT PENDING RESOLUTION OF DEFENDANT'S RENEWED ANTI-SLAPP MOTION AND RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM** |
| 18       v. | |
| 19  BRUCE PERENS, and Does 1-50, | |
| 20                    Defendants. | |
| 21 | |
| 22 | [*Declaration of Melody Drummond Hansen and Proposed Order filed concurrently herewith*] |
| 23 | |
| 24 | Hearing Date: TBD |
| 25 | Time: 9:30 am |
| 26 | Location: Courtroom C, 15th Floor |
| | Judge: Hon. Laurel Beeler |

27

28

Pursuant to Civil Local Rules 6-1, 6-3, and 7-1, Defendant Bruce Perens hereby moves to continue all dates and deadlines relating to Plaintiff Open Source Security, Inc.'s ("OSS") motion for partial summary judgment (ECF No. 24), including Defendant's opposition brief currently due on October 25 and the hearing scheduled for November 16, 2017, until after the Court decides Mr. Perens's renewed special motion to strike pursuant to the California anti-SLAPP law and motion to dismiss for failure to state a claim, to be filed concurrently on October 31, 2017 and to be noticed for a hearing date of December 7, 2017. The requested continuance is necessary to avoid additional burdens and wasted resources, for both Mr. Perens and the Court, of litigating Plaintiffs' partial summary judgment motion before the Court can decide whether the case should proceed at all, and to promote judicial efficiency.

On September 18, 2017, Mr. Perens moved to dismiss and to strike OSS's original complaint (ECF No. 1), which asserted four causes of action based on one blog post authored by Mr. Perens, because the complaint was directed towards free speech activities protected by California's anti-SLAPP statute and because it failed to state a claim. (ECF No. 11.) On October 2, Plaintiffs filed an amended complaint (ECF No. 18, "FAC") adding a new party, Richard Spengler—OSS's CEO and sole owner—as a plaintiff, and adding 12 pages of new allegations, in an attempt to overcome deficiencies raised by Mr. Perens's motions. Plaintiffs also filed a purported opposition to Mr. Perens's pending motions (ECF No. 20), which relied on the allegations of the FAC rather than defending the original complaint.

Under federal law, an amended complaint supersedes previous complaints, and on October 10, Mr. Perens informed the Court that he understood his pending motions (directed to the original complaint) were procedurally mooted by the superseding FAC, and stated his intent to file renewed motions to dismiss and to strike Plaintiffs' FAC. (ECF No. 21.) On October 11, the parties stipulated to extend Mr. Perens's deadline to file renewed motions to dismiss and to strike Plaintiffs' claims until October 31. (ECF No. 23.) Without warning, less than *one hour* later—and five days before even the original deadline for Mr. Perens to respond to the FAC—OSS filed a motion for partial summary judgment on its claim of defamation per se, setting an opposition deadline of October 25 and a hearing date of November 16—before the Court will have an

opportunity to decide whether to strike the FAC.  (ECF No. 24; *see also* Declaration of Melody Drummond Hansen ¶¶ 8–9. )

Mr. Perens requests a continuance to allow briefing on OSS's motion for partial summary judgment after the Court decides whether the FAC is sufficient and whether it should be stricken.  This continuance is needed to serve the anti-SLAPP law's "important, substantive" goal of "provid[ing] a swift and effective remedy to SLAPP suit defendants."  *See U.S. ex rel Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999); *Dowling v. Zimmerman*, 85 Cal. App. 4th 1400, 1425 (2001).  Requiring Mr. Perens to shoulder the expenses and burdens of litigating a partial summary judgment motion before receiving a determination whether Plaintiffs have even stated a claim and whether Plaintiffs' suit is improper under California's anti-SLAPP law is exactly the type of harm that the anti-SLAPP law was enacted to prevent.  In contrast, proceeding as Mr. Perens proposes threatens no special prejudice or burden to OSS—particularly given that OSS already prepared an opposition brief based on the allegations in its FAC (ECF No. 20).  Considerations of judicial economy also favor resolving Mr. Perens's forthcoming motions, which very well could resolve all claims in the FAC, before proceeding on OSS's motion for partial summary judgment, which could at most resolve *one* claim by *one* plaintiff (and resolution in OSS's favor, we submit, is an unlikely result).  Whereas a ruling in Mr. Perens's favor on either of his motions could dispose of all claims, a ruling in OSS's favor on its motion for *partial* summary judgment, by definition, cannot.

Mr. Perens attempted to reach a stipulation with OSS regarding a proposed continuance, including conveying the reasons discussed in this motion, but OSS declined and indicated that it would oppose the request.  Drummond Hansen Decl. ¶ 10.

The only dates that would be affected by this continuance are the dates relating to OSS's motion for partial summary judgment.  *Id.* ¶ 11.  The Court previously granted a stipulated request to reschedule the Initial Case Management Conference and related deadlines.  (ECF Nos. 15, 16.)  On October 11, 2017, the parties stipulated to extend Mr. Perens's deadline to answer or otherwise respond to Plaintiffs' FAC.  (ECF No. 23.)

1     For the foregoing reasons, Mr. Perens respectfully requests that the scheduled briefing deadlines and hearing on OSS's motion for partial summary judgment be vacated, that Mr. Perens's deadline to oppose OSS's motion be continued until 14 days after Mr. Perens's forthcoming anti-SLAPP motion and motion to dismiss have been resolved, and that a hearing be rescheduled for the first Thursday at least 35 days after entry of an order as presented in the Proposed Order.

Dated:  October 20, 2017

                                  MELODY DRUMMOND HANSEN
                                  HEATHER J. MEEKER
                                  CARA L. GAGLIANO
                                  O'MELVENY & MYERS LLP


                        By:   */s/ Melody Drummond Hansen*
                                  Melody Drummond Hansen
                              Attorneys for Defendant Bruce Perens