MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
HEATHER J. MEEKER (S.B. #172148)
hmeeker@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025-7019
Telephone:     +1 650 473 2600
Facsimile:     +1 650 473 2601

CARA L. GAGLIANO (S.B. #308639)
cgagliano@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:     +1 415 984 8700
Facsimile:     +1 415 984 8701

Attorneys for Defendant
Bruce Perens

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., and BRADLEY SPENGLER,<br><br>Plaintiffs,<br><br>v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>Defendants. | Case No. 3:17-cv-04002-LB<br><br>**DECLARATION OF MELODY DRUMMOND HANSEN IN SUPPORT OF DEFENDANT'S MOTION TO CHANGE TIME AND CONTINUE PROCEEDINGS ON OPEN SOURCE SECURITY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT PENDING RESOLUTION OF DEFENDANT'S RENEWED ANTI-SLAPP MOTION AND RENEWED MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>Judge:  Hon. Laurel Beeler |

**DECLARATION OF MELODY DRUMMOND HANSEN**

I, Melody Drummond Hansen, declare as follows:

1. I am a partner of O'Melveny & Myers LLP, the attorneys of record for Defendant Bruce Perens in the above-referenced action, and am admitted to practice before this Court. Pursuant to Civil Local Rule 6-3(a), I submit this Declaration in Support of Defendant's Motion to Change Time and Continue Proceedings on Open Source Security, Inc.'s Motion for Partial Summary Judgment Pending Resolution of Defendant's Renewed Anti-SLAPP Motion and Renewed Motion to Dismiss for Failure to State a Claim. I have personal knowledge of the facts stated herein and, if called to testify, I could and would testify completely hereto.

2. The original complaint in this action (ECF No. 1) was filed by Open Source Security Inc. ("OSS") and asserted four causes of action based on a blog post authored by Mr. Perens: defamation per se, defamation per quod, false light invasion of privacy, and intentional interference with prospective economic advantage.

3. On September 18, 2017, Mr. Perens moved to strike all claims under the California anti-SLAPP law, Cal. Civ. Proc. Code § 425.16, and to dismiss all claims under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 11.) Mr. Perens's motions argued, *inter alia*, that OSS's claims arose from conduct protected by California's anti-SLAPP law; that OSS's defamation claims were based on non-actionable statements of opinion; that OSS's false light and intentional interference claims were duplicative of its defamation claims; that corporate entities cannot sue for false light invasion of privacy under California law; and that OSS's factual allegations were legally deficient.

4. On September 22, the parties jointly filed a stipulated request for an order continuing the Initial Case Management Conference and associated deadlines, having agreed that giving the Court an opportunity to first consider Mr. Perens's motions would best conserve the Court's and parties' resources. (ECF No. 15.) The Court granted the parties' request, rescheduling the Initial Case Management Conference for November 30, 2017 and extending all related deadlines by six weeks. (ECF No. 16.)

1          5.      On September 29, OSS moved to join Plaintiff Bradley Spengler, OSS's CEO and
2  sole-owner, as a required party. (ECF No. 17.)
3          6.      On October 2, Plaintiffs simultaneously filed a First Amended Complaint that
4  asserted the same claims but added 12 pages of allegations, substituted Mr. Spengler for OSS on
5  the false light claim, and added an intentional interference claim by Mr. Spengler (ECF No. 18,
6  "FAC"); a second motion to join Mr. Spengler as a party, this time under the permissive joinder
7  rule (ECF No. 19); and a purported opposition to Mr. Perens's pending motions that relied on the
8  allegations of the FAC, rather than defending the original complaint (ECF No. 20).
9          7.      Because under federal law, an amended complaint supersedes previous complaints,
10 and Mr. Perens would need to file new motions to address the FAC, on October 10, Mr. Perens
11 notified the Court that he was withdrawing his motions solely on the basis of procedural
12 mootness. (ECF No. 21.) Mr. Perens preserved all substantive objections and informed the Court
13 of his intent to file renewed motions to strike and to dismiss the FAC, and to seek fees based on
14 both complaints. (ECF No. 21.)
15         8.      On October 10, I also emailed Plaintiffs' counsel, Mr. Chhabra, and informed him
16 that Mr. Perens would move to dismiss and strike all claims under Federal Rule of Civil
17 Procedure 12(b)(6) and California's anti-SLAPP statute and requested additional time to respond
18 to the new party and new arguments and factual allegations raised by the FAC. The parties
19 stipulated to extend Mr. Perens's deadline to respond to the FAC from October 16 to October 31.
20 (ECF No. 23.) At no point did Mr. Chhabra indicate that either plaintiff intended to file a motion
21 for partial summary judgment, or any other motion that would be heard *before* Mr. Perens had the
22 opportunity to be heard on his motions.
23         9.      Under an hour later, OSS filed a motion for partial summary judgment as to its
24 claim for defamation per se.
25         10.     On October 17, after analyzing Plaintiffs' multiple motions and filings, and
26 researching the legal bases for Plaintiffs' proposed procedure, my colleague Cara Gagliano
27 emailed Mr. Chhabra and asked whether OSS would join a stipulated request for the Court to

continue all dates and deadlines related to OSS's partial motion for summary judgment to allow the Court to decide Mr. Perens's challenges to the FAC first, according to the following schedule:

| Event | Current Deadline | Revised Deadline |
|---|---|---|
| Filing deadline for Mr. Perens's opposition | October 25, 2017 | 14 days after entry of order on Mr. Perens's anti-SLAPP and 12(b)(6) motions |
| Filing deadline for Open Source Security's reply | November 1, 2017 | 21 days after entry of order on Mr. Perens's anti-SLAPP and 12(b)(6) motions |
| Motion hearing | November 16, 2017 | No sooner than 35 days after entry of order on Mr. Perens's anti-SLAPP and 12(b)(6) motions |

We explained that Mr. Perens's deadline to oppose OSS's motion for partial summary judgment falls six days before the stipulated October 31 deadline for Mr. Perens's response to the FAC and that Mr. Perens's forthcoming anti-SLAPP motion and motion to dismiss would have the potential to dispose of the entire case, while the pending motion for partial summary judgment is directed to only one of the four claims at issue.  Mr. Chhabra responded that he would be opposing the motion.  The parties engaged in further correspondence regarding the burdens on Mr. Perens and judicial inefficiency of proceeding in the way Plaintiffs propose, particularly given the nature of an anti-SLAPP suit and that OSS brings only a partial summary judgment motion on one claim asserted by one plaintiff.  Mr. Chhabra's stated position was that Mr. Perens voluntarily gave up the opportunity to have his motions heard first and that he believes judicial economy will instead be served by hearing a partial summary judgment motion before Mr. Perens responds to the FAC.  Because the FAC replaced the original complaint and Mr. Perens's motions may resolve all claims at issue, Mr. Perens could not agree that judicial economy would be served, and he believes that proceeding in the way Plaintiffs propose will add to his burdens and expenses, inconsistent with the purposes of the anti-SLAPP statute.  The parties therefore could not reach an agreement regarding this motion.

   11. The only dates that would be affected by this continuance are the dates relating to OSS's motion for partial summary judgment.

1   I declare under penalty of perjury under the laws of the United States that the foregoing is
2   true and correct, and that this declaration was executed this 20th day of October 2017 in San
3   Francisco, California.
4
5                                                   By:  */s/ Melody Drummond Hansen*
                                                        Melody Drummond Hansen
6                                                       Of O'Melveny & Myers LLP
7
...
28

                                                4                DRUMMOND HANSEN DECL. ISO
                                                                 DEFENDANT'S MOT. TO CHANGE TIME
                                                                 AND CONTINUE PROCEEDINGS ON MPSJ
                                                                 CASE NO. 3:17-CV-04002-LB