MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
HEATHER J. MEEKER (S.B. #172148)
hmeeker@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025-7019
Telephone:    +1 650 473 2600
Facsimile:    +1 650 473 2601

CARA L. GAGLIANO (S.B. #308639)
cgagliano@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:    +1 415 984 8700
Facsimile:    +1 415 984 8701

Attorneys for Defendant
Bruce Perens

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., and BRADLEY SPENGLER,<br><br>            Plaintiffs,<br><br>    v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>            Defendants. | Case No. 3:17-cv-04002-LB<br><br>**DEFENDANT'S OPPOSITION TO OPEN SOURCE SECURITY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date:  December 14, 2017<br>Time:  9:30 a.m.<br>Location:  Courtroom C, 15th Floor<br>Judge:  Hon. Laurel Beeler |

## I. INTRODUCTION

Far from demonstrating that OSS is entitled to partial summary judgment based on undisputed facts, OSS's motion shows that OSS's case is fatally flawed. OSS sued Bruce Perens to harass him for expressing critical opinions and in an attempt to "win" a public debate about whether OSS's restrictions on software distribution violate the GPL, an Open Source license agreement. OSS cannot possibly prevail on its defamation claim because that claim targets non-actionable, legally protected opinions rather than statements of fact that may be proven false. Indeed, OSS asserts that Mr. Perens's opinion *is* false because it is allegedly a known fact that OSS's restrictions do not violate the GPL—and at the same time OSS asks the Court to *make* Mr. Perens's opinion false by deciding, as a matter of first impression, that OSS's restrictions do not violate the GPL. The Court should decline the invitation to enter into OSS's thought experiment. Not only would such an opinion regarding the GPL be advisory, but even were the Court to decide the issue in OSS's favor, it could not retroactively render Mr. Perens's July 2017 opinions false. Regardless, OSS still would not be entitled to summary judgment even if the Court tried OSS's defamation claim under OSS's theories, because the Court would need to decide whether OSS's restrictions do violate the GPL, including considering the terms of the GPL, how those terms are understood by the Open Source community, how OSS's restrictions affect its customers, how the GPL applies to OSS's practices, and Mr. Perens's care in forming his opinions and his firm belief that they are true—each involving factual matters that the Court can readily discern would be vigorously disputed.

OSS's motion should be denied.

## II. FACTUAL BACKGROUND

The GNU General Public License, or GPL, was created to promote the open-source development of software products. Perens Decl. ¶ 2. It is designed to make sure that those who receive software under the GPL have the freedom to distribute copies and modifications of such software, among other rights. *Id.* To that end, the GPL prohibits placing additional restrictions on the rights granted to redistribute software. Section 6 of the GPL version 2 ("GPLv2") provides in part:

> Each time you redistribute the Program (or any work based on the Program), the recipient automatically receives a license from the original licensor to copy, distribute or modify the Program subject to these terms and conditions. You may not impose any further restrictions on the recipients' exercise of the rights granted herein.

*See* FAC ¶ 14 & Ex. 3 at 3 (ECF Nos. 18 & 18-1 at 10). The preamble to the GPLv2 further sheds light on the meaning of section 6's no "further restrictions" provision, explaining that the GPLv2 forbids both "deny[ing] you these rights" and "ask[ing] you to surrender" them. FAC Ex. 3 (GPLv2) at 1.

OSS releases security patch software for the Linux Operating System under the brand name Grsecurity. *See* FAC at ¶¶ 3, 12. The Grsecurity software uses licensed work of the Linux kernel and is governed by the GPLv2. *See* FAC ¶¶ 12–13. OSS makes its software available only to subscribers who have accepted the terms of OSS's Stable Patch Access Agreement. *See* FAC ¶¶ 12, 17 & Ex. 4 (ECF No. 18-1 at 15). Importantly, OSS's Grsecurity agreement contains the following term:

> [T]he User acknowledges that redistribution of the provided stable patches or changelogs outside of the explicit obligations under the GPL to User's customers will result in termination of access to **future** updates of grsecurity stable patches and changelogs.

*See* FAC Ex. 4 at 1 (emphasis in original). This term (the "non-redistribution clause") has proven controversial because some members of the Open Source community—including Mr. Perens—believe it constitutes an impermissible restriction on the software licensee's exercise of its redistribution rights by creating a penalty for exercising those rights, in violation of the GPLv2. Perens Decl. ¶¶ 6, 8. For example, it purports to restrict rights to distribute software beyond any distribution that the GPL explicitly requires by terminating access rights that users otherwise would enjoy. *Id.* ¶¶ 8, 14.

On June 28, 2017, Mr. Perens published a blog post on his personal website, www.perens.com, that expressed his opinion that OSS's policies regarding redistribution violate the GPLv2; explained how he had come to that conclusion; and alerted consumers that he believed that using the Grsecurity product could put them at risk of legal liability for breach of

1  contract or copyright infringement as well.  *Id.* ¶¶ 7–8; FAC Ex. 1 (ECF No. 18-1 at 2–3).  On

2  June 28, Mr. Perens's understanding of OSS's redistribution policy was based on third-party

3  regarding the terms OSS requires its customers to agree to.  Perens Decl. ¶ 7.

4  On July 9, an excerpt from Mr. Perens's blog post was shared on the website Slashdot

5  (www.slashdot.org), along with a link to Mr. Perens's full post.  *Id.* ¶ 9; FAC ¶ 43; Drummond

6  Hansen Decl. Ex. A.  Interested readers discussed Mr. Perens's blog post and the issues it raised

7  in the comments section for the Slashdot post.  *See* Drummond Hansen Decl. Ex. A.  Mr. Perens

8  joined the public conversation, answering questions about his opinions and further explaining his

9  reasoning.  *Id.*;  Perens Decl. ¶ 9.

10  An anonymous commenter in the Slashdot discussion wrote on July 9 at 4:58 p.m.:

> I've had a look over their agreement here [grsecurity.net], and there is nothing to prevent redistribution of a patch under the terms and conditions of the GPLv2. It states that if it a patch is distributed *outside of the terms of the GPLv2,* then access to *further patches in the future* (not the patch provided) will be denied, on a works for hire basis.

14  Drummond Hansen Decl. Ex. A at 10 (emphases and bracketed text in original); *see also* MPSJ at

15  7.  The word "here" included an embedded hyperlink to text of the Grsecurity agreement, but that

16  was not apparent to Mr. Perens at the time he read the comment.  Perens Decl. ¶ 10.  The

17  commenter expressed a view that the Grsecurity agreement did not prevent redistribution and

18  misstated the language of the agreement, stating that it only applied to distributions "outside of

19  the terms of the GPLv2."

20  Ten minutes later, Mr. Perens responded to the commenter, expressing the opinion "[t]he

21  problem isn't with the text there.  It's with what else they have told their customers. It doesn't

22  even have to be in writing. I have witnesses."  Drummond Hansen Decl. Ex. A at 10.  While OSS

23  now attempts to twist Mr. Perens's words to suit its own purposes, as is clear from the context,

24  Mr. Perens was responding to the commenter's contention that there was "nothing [in the

25  agreement] to prevent redistribution of a patch under the terms and conditions of the GPLv2" and

26  the commenter's misstatement of the agreement's terms.  Because Mr. Perens knew from

27  customers that OSS placed restrictions on redistribution, he expressed his opinion that any such

28  restriction by OSS did not have to be in writing to violate the GPL.  *Id.*; Perens Decl. ¶ 10.

After reviewing the whole Grsecurity agreement, Mr. Perens determined that the agreement did in fact include a written term that restricted users' redistribution rights, consistent with what he had heard from Grsecurity customers. *Id.* ¶ 12. The next morning, on July 10 at 8:11 a.m., Mr. Perens updated his blog post to reflect that new information. Perens Decl. ¶ 12; *compare* FAC Ex. 1 *with* Ex. 2. One week later, OSS filed this lawsuit. *See* Compl. (ECF No. 1, filed July 17, 2017).

## III. LEGAL STANDARDS

### A. Summary Judgment Standard

To prevail on its motion, OSS must demonstrate that there is "no genuine issue as to any material fact" and that OSS is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When the moving party bears the burden of persuasion on an issue, "it must show that 'the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (quoting 11–56 Moore's Federal Practice–Civil § 56.13). The court must draw any inferences in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986). If any permissible inference supports the non-moving party, then a genuine issue of fact exists and summary judgment must be denied. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

### B. Defamation Per Se

Under California law, every defamation claim has at least five essential elements: (1) the accused statements must be defamatory—*i.e.*, expose the plaintiff to hatred, contempt, ridicule, or obloquy, cause the plaintiff to be shunned or avoided, or have a tendency to injure the plaintiff in its occupation; (2) the defendant must have published the statements; (3) the statements must be about the plaintiff; (4) the statements must be false; and (5) the defendant must have failed to use reasonable care to determine the statements' truth or falsity. *See* Cal. Civ. Code § 45; *Hecimovich v. Encinal Sch. Parent Teacher Org.*, 203 Cal. App. 4th 450, 470 (2012). Furthermore, the allegedly defamatory statements, whether express or implied, must be shown to be "factual in nature and susceptible of being proved true or false." *See Dodds v. Am. Broad. Co.*, 145 F.3d 1053, 1065 (9th Cir. 1998).

Because the First Amendment protects free expression, plaintiffs face additional burdens if the accused statements involve a matter of public concern. While a defendant may always defeat a defamation claim by showing that the accused statements were substantially true, for statements involving a matter of public concern, the plaintiff bears the affirmative burden of proving falsity. *Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711, 747 (1989).

### IV. OSS HAS NOT DEMONSTRATED THAT IT IS ENTITLED TO SUMMARY JUDGMENT ON ITS DEFAMATION CLAIM BASED ON UNDISPUTED FACTS.

To obtain summary judgment in its favor, OSS must identify undisputed facts supported by admissible evidence sufficient to satisfy its burden to prove each element of its claim. *See* Fed. R. Civ. P. 56(c). OSS must establish that facts are genuinely undisputed by "citing to particular parts of materials in the record" or, in instances where OSS would not have the burden of production at trial, by showing that "an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). OSS has not satisfied these requirements but instead relies on conclusory assertions, requests judicial notice of "facts" that are actually legal conclusions, and ignores disputed facts.

OSS's motion is made more difficult to parse because OSS does not identify the elements of a defamation claim and explain how each alleged undisputed "fact" supports such elements. *See* MPSJ at 5–9. Instead, OSS focuses on its core debate with Mr. Perens—whether the Grsecurity agreement violates the GPLv2 (*id.*)—asking the Court to take "judicial notice" of key disputed issues (*id.* at 8–9). And rather than relying on factual evidence as Rule 56 requires, OSS introduces alleged "facts" and conclusions without factual or legal support, such as the following:

- "Plaintiff is not restricting the redistribution rights of any party, as its customers can opt to not receive future versions of the software and exercise their redistribution rights under the GPL";
- "each update or version is technically a new software which needs to be released under a license of its own";
- "Since each version of Grsecurity is distributed under an explicit GPL license,

|   |   |
|---|---|
| 1 | Plaintiff has the freedom to distribute copies of the kernel code software, at its |
| 2 | discretion"; |

- "the GPL provides Plaintiff the freedom to distribute each version of its Grsecurity product at its discretion and choose its redistribution without violating the GPL";
- "such an interpretation has to be deemed reasonable since Plaintiff is only restricting itself from choosing with whom it will do future business"; and
- "Plaintiff's customers also have a right to deal or refuse to deal with whomever they like, and customers can opt to not receive future versions of Grsecurity from Plaintiff and are thus free to exercise their rights (redistribute, modify, share, etc.) the Grsecurity product, as provided in the GPL."

*Id.* These assertions also raise disputed issues regarding the terms of the GPL and how they apply to OSS's restrictions, as can plainly be seen from Mr. Perens's quoted opinions. *See, e.g.,* MPSJ at 6. OSS often cites only to its own First Amended Complaint for alleged "undisputed" facts, even where OSS must realize that Mr. Perens disputes OSS's conclusions, such as "There is also no dispute that Perens failed to use reasonable care" and "by his own admission, Perens had admitted that the Access Agreement did not violate the GPL." *See id.* at 7, 9.

Even setting aside these core deficiencies, OSS does not support essential elements of its defamation claim, including that Mr. Perens made a provably false statement of fact, that his statements were false, and that he did not use due care. Instead, OSS demonstrates that its case is fatally flawed.

### A. OSS Does Not and Cannot Establish That Mr. Perens Made Provably False Statements of Fact and That Such Statements Were False.

To succeed on its motion, OSS must show that Mr. Perens has stated or implied a provably false factual assertion. *See Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 730 (9th Cir. 1999). OSS limits its motion for partial summary judgment to Mr. Perens's opinions in a July 10, 2017 updated blog post, which OSS argues "imputed" that the Grsecurity agreement violates the GPL and would subject OSS's customers to legal liability. *See*

MPSJ at 2, 9–10. OSS argues that Mr. Perens's opinions are false because, according to OSS, the Grsecurity agreement's non-redistribution clause does not violate the GPL. *Id.* While OSS contends that opinions may be actionable if they imply provably false factual assertions (*id.* at 4-5), OSS does not identify any implied factual assertions that are provably false. All accused statements reduce to a disagreement over whether the Grsecurity agreement violates the GPL.[1]

OSS's motion demonstrates that Mr. Perens's opinions are *not* provably false factual assertions. For example, OSS asks the Court to decide **as a matter of first impression** that "OSS cannot legally be deemed in violation of the GPL" by taking "judicial notice" of OSS's positions on various disputed issues regarding the requirements of the GPL and OSS's practices. *See id.* at 8–9. As discussed in greater detail in Mr. Perens's concurrently filed Anti-SLAPP Motion and Motion to Dismiss, a threshold question is whether a controlling legal determination existed at the time the accused statements were published, not what a court may eventually conclude. *See Coastal Abstract*, 173 F.3d at 732. No such determination did exist, and OSS has not shown otherwise. In its motion, OSS attempts to obscure this by arguing that under "existing case law," it cannot violate the GPL. MPSJ at 9. But the "existing case law" OSS cites are an 1897 railroad antitrust case and a 1984 case about price-fixing for agricultural herbicides—neither addresses the GPL or constitutes a "clear and unambiguous ruling" that the Grsecurity agreement does not violate the GPLv2, as would be necessary (though not sufficient) for Mr. Perens's assertions to be provably false statements of fact. *See Coastal Abstract*, 173 F.3d at 731. Also, while OSS emphasizes that Mr. Perens is an "expert," it cites no law holding such an expert to a higher standard. OSS thus has failed to establish that Mr. Perens's personal opinions are actionable.

If the accused statements *were* statements of fact (which they are not), OSS also would have the burden of proving their falsity, because Mr. Perens's opinions involve "a matter of public concern." *See Phila. Newspapers, Inc. v. Hepps*, 475 U.S. 767, 776 (1986). Mr. Perens's blog post concerns a business practice with the potential to affect the rights of thousands of people and companies, including a large community of software developers who have made

---

[1] It is unclear whether OSS contends that Mr. Perens's opinion about the potential legal risk to OSS's customers constitutes a separate factual assertion. *See id.* at 2. OSS apparently contends that this is false because the Grsecurity agreement allegedly does not violate GPL. *Id.* at 5–9.

copyrightable contributions to the Linux kernel, alerting them to a licensing practice that other companies may adopt. *See* Perens Decl. ¶¶ 2–4. Mr. Perens's statements were published in a blog post available to the general public, and they took the form of a consumer warning, which is a category often treated as involving matters of public concern. *See Obsidian Fin. Grp., LLC v. Cox*, 740 F.3d 1284, 1292 (9th Cir. 2014); *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1056 (9th Cir. 1990). Finally, Mr. Perens published his post in the context of an ongoing debate within the Open Source community, and it received significant public attention on the website Slashdot, where readers engaged in vigorous debate about the issues Mr. Perens had raised. *See* Perens Decl. ¶¶ 6–9; Drummond Hansen Decl. Ex. A. Yet OSS does not prove the falsity of Mr. Perens's statements based on undisputed facts and instead asks the Court to decide for the first time that the Grsecurity agreement does not violate the GPL.

OSS's defamation claim also cannot succeed on this theory because even if the Court now ***agreed*** with OSS's position that the Grsecurity agreement does not violate the GPL, that decision could not transform Mr. Perens's July 2017 opinions about an undecided legal issue into false factual assertions. OSS effectively asks the Court to issue an advisory opinion regarding breach of contract and copyright infringement, without a ripe dispute regarding those topics and without the relevant copyright holders or licensees as parties to this action.

Because OSS has not met its burden of demonstrating that Mr. Perens made a provably false assertion of fact—or that such statements were false—its motion must be denied.

### B. OSS Has Not Shown That There Are Undisputed Facts Proving that Mr. Perens Was At Least Negligent.

To succeed on its motion, OSS must demonstrate based on undisputed facts that Mr. Perens was at least negligent.[2] OSS contends there is "no dispute" that Mr. Perens "failed to use reasonable care to determine the truth or falsity" of his statements. MPSJ at 7. But Mr. Perens does dispute this conclusion.

To the extent Mr. Perens can determine the bases for OSS's negligence theory, he disputes them. First, OSS suggests that Mr. Perens was negligent in initially posting about the Grsecurity

---

[2] Mr. Perens does not concede that OSS is not a public figure that must prove actual malice, but OSS cannot meet even the lesser standard of negligence.

agreement before having seen it firsthand because he had reliable sources that OSS introduced terms that violate the GPL. MPSJ at 7. But OSS does not demonstrate that Mr. Perens did not have such sources (in fact, he did; *see* Perens Decl. ¶¶ 6–7, 12). Second, OSS contends that Mr. Perens "admitted" that the Grsecurity agreement does not violate the GPLv2. *See* MPSJ at 7, 9–10. Not so. Mr. Perens simply responded to a commenter's description of the agreement and expressed his view that OSS's restrictions did not need to be in writing to violate the GPL. *See* Perens Decl. ¶¶ 10–11; *see also* Factual Background, Section II, *supra*. Also, Mr. Perens's review of the agreement demonstrated that his conclusion was correct—OSS was placing the restrictions on customers that he believed them to be—and Mr. Perens updated his post accordingly. *See id.* ¶ 12. OSS does not dispute that the Grsecurity agreement contains terms regarding repercussions if users redistribute software—it simply disagrees with Mr. Perens's conclusion that such terms violate the GPL. Third, OSS also argues without legal support that as an "expert," Mr. Perens should be held to a higher standard of care, without defining what that standard would be or how he violated it. *Id.* at 8. OSS fails to demonstrate that a jury could not find in Mr. Perens's favor on the disputed issue of negligence, and its motion should be denied.

## V. AT A MINIMUM, DISPUTED ISSUES OF MATERIAL FACT PRECLUDE SUMMARY JUDGMENT IN OSS'S FAVOR.

If the Court does entertain OSS's request to determine whether Grsecurity's non-redistribution clause breaches the GPLv2 (Mr. Perens respectfully submits it should not for the reasons discussed in Section IV(A), *supra*), that determination would necessarily involve disputes of fact that cannot be resolved at this stage. For instance, the Court would need to interpret the GPLv2 and determine what it requires, what it guarantees, and what it forbids, all of which is disputed by the parties. *Compare* MPSJ at 1–2, 8–9 *with* Perens Decl. ¶¶ 8, 13–14, *and* FAC Exs. 1, 2. Under California law, even if the language of a contract appears unambiguous to the court, it must still "preliminarily consider all credible evidence to ascertain the intent of the parties" and determine whether the contract is "reasonably susceptible" to a given interpretation. *Appleton v. Waessil*, 27 Cal. App. 4th 551, 554–55 (1994). If in light of the extrinsic evidence the court decides the language is "reasonably susceptible" to the interpretation urged, the extrinsic evidence

is then admitted to aid in the second step—interpreting the contract. *F.B.T. Prods., LLC v. Aftermath Records*, 621 F.3d 958, 963 (9th Cir. 2010) (quoting *Winet v. Price*, 4 Cal. App. 4th 1159, 1165 (1992)). Here, because of the nature of the GPL, the extrinsic evidence and interpretation of the GPL could require testimony from the drafters of the license, contributors to the Linux kernel, and other experts in the field. To assess whether OSS's Grsecurity agreement breaches the GPL likewise would entail interpretation of that agreement, including Grsecurity's non-redistribution clause, and consideration of evidence including OSS's intent in adopting the clause, how it should be interpreted, and how it affects OSS's customers, including in their ability to redistribute software in the ways guaranteed by the GPL.

The GPL breach determination likely would also require the resolution of other disputed issues, such as whether "[e]ach version of Grsecurity is released under its own license," *compare* MPSJ at 8 *with* Perens Decl. ¶ 13, and whether OSS's characterization of the non-redistribution clause as an "optional incentive," MPSJ at 1, is inconsistent with the terms of the agreement, *see* Perens Decl. ¶ 14. And, as discussed above, the parties also dispute the level of care Mr. Perens exercised in expressing his opinions.

For these reasons, even under OSS's flawed theories of recovery, summary judgment in OSS's favor must be denied.

## VI. CONCLUSION

Rather than demonstrating that OSS is entitled to judgment in its favor, OSS's motion demonstrates that OSS cannot show that Mr. Perens's opinions constitute provably false statements of fact actionable under defamation law. The futility of OSS's claims is amply demonstrated by considering that even if the Court now decided that the Grsecurity agreement does not violate the GPL, that decision could not render Mr. Perens's past opinions retroactively false. Alternatively, a multitude of disputed issues of fact would preclude summary judgment in OSS's favor. The Court should therefore deny OSS's Motion for Partial Summary Judgment and grant Mr. Perens's concurrently filed Anti-SLAPP Motion and Motion to Dismiss.

Dated: October 31, 2017

MELODY DRUMMOND HANSEN
HEATHER J. MEEKER
CARA L. GAGLIANO
O'MELVENY & MYERS LLP


By: *Melody Drummond Hansen*
      Melody Drummond Hansen
Attorneys for Defendant Bruce Perens