CHHABRA LAW FIRM, PC
ROHIT CHHABRA (SBN 278798)
Email: rohit@thelawfirm.io
257 Castro Street Suite 104
Mountain View, CA 94041
Telephone: (650) 564-7929

**Attorney for Plaintiffs**
Open Source Security Inc. and
Bradley Spengler

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN SOURCE SECURITY INC. and BRADLEY SPENGLER<br><br>Plaintiff,<br><br>v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>Defendants. | Case No.: 3:17-cv-04002-LB<br><br>**Open Source Security Inc.'s Reply Memorandum in Support of its Partial Motion for Summary Judgment**<br><br>Hearing Date: December 14, 2017<br>Time: 9:30 a.m.<br>Location: Courtroom C, 15th Floor<br>Judge: Hon. Laurel Beeler |

## PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS PARTIAL MOTION FOR SUMMARY JUDGMENT

# I. INTRODUCTION

Bruce Perens ("Perens") in his opposition to Plaintiff's partial motion of summary judgment fails to identify a single genuine issue of material fact regarding Plaintiff's defamation (libel) *per se* claim. As set forth, Perens cannot overcome the legal bar to evade responsibility for this actions.

## II. PERENS CONCEDES OR DOES NOT DISPUTE THE FACTS TO ALL ALLEGATIONS TO ESTABLISH LIBEL PER SE.

To establish a defamation per se claim, Plaintiff must prove:
1. That Defendant made one or more statement(s) to person(s) other than Plaintiff;
2. That these person(s) reasonably understood that the statement(s) was about Plaintiff;
3. That these persons(s) reasonably understood the statement(s) to mean that Plaintiffs' business was violating the GNU General Public License and thus Plaintiffs' customers were subjecting themselves to legal liability by continuing to do business with Plaintiffs and should stop doing business with Plaintiffs; and
4. That Defendant failed to use reasonable care to determine the truth or falsity of the statement(s).

California Jury Civil Instructions (CACI), § 1704 (2017).

Further, if the matter is of public concern, then Plaintiffs must further prove:

5. That the statement(s) were false.

CACI, § 1702.

Plaintiffs submit that the publication was a matter of <u>private concern</u>, but <u>without waiving</u> any right to provide such a showing, even if the published statements at issue are to be considered as a matter of public concern, Perens cannot evade liability:

There is no dispute that Perens published statements about Plaintiff Open Source Security, Inc. in his blog posts which were read by numerous readers that reasonably understood the postings were about Plaintiffs and further meant that Plaintiffs were violating the GNU General Public License and thus Plaintiffs' customers were subjecting themselves to legal liability by continuing to do business with Plaintiffs. First Amended Complaint ("FAC") Ex. 1, FAC Ex. 2, FAC ¶¶ 41, 42, 43, 47, 48, 49, 67, 68; Also *see* Opposition of Partial Motion for Summary Judgment ("OPSMJ"), Ex. A (ECF No. 32-2) and Perens Decl. ¶9 (ECF No. 32-3).

## (a) ACTUAL MALICE EXISTS IN THIS MATTER

To seek punitive damages the Plaintiff must also show by clear and convincing evidence that Defendant acted with malice, oppression, or fraud. CACI, §§ 1704, 1702. To prove actual malice . . . a plaintiff must 'demonstrate with clear and convincing evidence that the defendant realized that his statement was false or that he subjectively entertained serious doubts as to the truth of his statement.'" *Khawar v. Globe Internat* 19 Cal.4th 254, 275 (1998). "Because actual malice is a higher fault standard than negligence, a finding of actual malice generally includes a finding of negligence . . . ." *Id.* at 279.

**Perens does not dispute he admitted "[t]he problem isn't with the text there," referring to the text of the Grsecurity Agreement.**

Perens' declaration (ECF No. 32-3) states facts that do not dispute or contradict Plaintiff's presentation of material facts, but only adds *noise* to the undisputed facts. Specifically, Perens does not deny that after reading Perens' initial blog post, a commenter on Slashdot provided Perens with the link of the agreement stating:

> I've had a look over their agreement here [grsecurity.net], and there is nothing to prevent redistribution of a patch under the terms and conditions of the GPLv2. It states that if it a patch is distributed outside of the terms of the GPLv2, then access to further patches in the future (not the patch provided) will be denied on a works for hire basis.
> I honestly don't think you've got all your ducks lined up here, and yes, I realise who I'm saying it to and how the hordes here will descend upon me.

*See* FAC ¶44, OPSMJ Ex. A, p. 11, underline in original signifying a web-link; Perens Decl. ¶9 (ECF No. 32-3).

Further, there is no dispute that Perens responded to the commenter:

> The problem isn't with the text **there**. It's with what else they have told their customers. It doesn't even have to be in writing.
> I have witnesses. If there was ever a case, obviously the prosecution would have to depose people to make this point. I am not actually planning on a case, though.
> I think this warning will have the desired effect.

*See* FAC ¶45, **emphasis** added, OPSMJ Ex. A, at p. 11. Also see Perens Decl. ¶10 (ECF No. 32-3).

-2-

3:17-CV-04002-LB

Plaintiff's Reply Memorandum in Support of its Partial Motion for Summary Judgment

Perens now declares irrelevant facts by stating:

The word "here" included an embedded hyperlink to the full text of the Grsecurity Stable Patch Access Agreement, but I did not realize that fact when I **first** read the comment. At that **point**, I had not yet seen the Stable Patch Access Agreement firsthand.

Perens Decl. ¶10, **emphasis** added.

It should be noted, the word "*first*" signifies that Perens probably read the comment a second time, and the "*point* [in time]" referred by Perens only mentions the *first* time he read the comment. Further, it is interesting to note Perens is silent about when was the second time he read the post.[1] Such a declaration only suggests that Perens read the commenter's post a **second** time during which he clicked on the hyperlink embedding the Grsecurity Agreement under the word "here." Perens does not dispute that his response: "[t]he problem isn't with the text there," occurred after reading the Grsecurity agreement. Thus, it is immaterial whether Perens read the Grsecurity Agreement a *first*, *second,* or *third* time after he read the commenter post, and it remains undisputed that Perens responded back to the commenter by stating "[t]he problem isn't with the text there."

**"The problem isn't with the text there."**

Since Perens knows his declaration is under penalty of perjury, he does not dispute or attempt to clarify what he meant by "text" or "there." Reasonably only one conclusion can be drawn: "[T]here" is referring to the Grsecurity Agreement embedded in the web-link provided by "here," and "text" is referring to the text of the Grsecurity agreement. Thus, Perens admits that he understood that the

---

[1] Although Perens states at ¶12, "[l]ater that evening, when I reviewed the text of the Stable Patch Access Agreement for myself, I determined that the Agreement did in fact include a written term that imposed restrictions consistent with the reports I had read," that only shows an intent to maliciously defame Plaintiffs despite knowing that the Grsecurity agreement did not violate the GPLv2. Specifically, Perens does not declare that this was his second time reading the post, or the first time reviewing the Grsecurity Agreement.

Grsecurity Agreement did not violate the GPLv2 prior to responding "[t]he problem isn't with the text there." Perhaps Perens read the comment multiple times before responding, that is not disputed and is an immaterial fact.

In fact, Perens admits and clarifies Plaintiffs' contention. In his declaration, Perens further states:

> I understood the commenter's summary to be stating that the written agreement did not prevent redistribution of a patch under the terms and conditions of the GPL. I also understood the commenter to be stating that the Grsecurity agreement purported to terminate access only in situations where the user redistributed software outside of the terms of the GPL, or in a way that violated the GPLv2.

Perens Decl. ¶10.

Thus, it is further undisputed that Perens understood the commenter's summary to be stating that the Grsecurity Agreement did not prevent redistribution of a patch under the GPL and then he responded to the commenter "[t]he problem isn't with the text *there*," thereby admitting that there was no problem with the Grsecurity Agreement as it relates to the GPL.

This is further clarified, as Perens continues to declare:

> I therefore responded to the commenter ten minutes later, expressing my opinion that **the problem was what OSS was telling its customers, regardless of whatever text might be in the Grsecurity agreement.** Restrictions do not have to be in writing. I also informed the commenter that I was aware of people who could confirm that OSS was communicating additional restrictions to its customers.

Perens Decl. ¶10 (ECF No. 32-3) **emphasis** added.

It should be noted Perens is not disputing the facts, but is paraphrasing himself by stating the problem was what OSS was telling its customers, "regardless of whatever text might be in the Grsecurity agreement." Reasonably Perens cannot deny that he responded to the commenter by stating: "[t]he problem isn't with the text *there*." Thus, this fact remains undisputed. Further, Perens admits that he informed the commenter that he was "aware of people who could confirm [Plaintiffs]

were communicating additional restrictions to its customers" and that "the problem [was not] in the **text there**."

However, in his updated blog post, Perens not only specifically removed all references to the "witnesses" he had previously mentioned in his initial blog post, but he explicitly published statements that were reasonably understood to mean that the Grsecurity Agreement violated the GPLv2. *See* FAC ¶48, See also FAC Ex. 2 and Ex. 12; *Cf.* FAC ¶42, and FAC Ex. 1.

The fact that Perens reviewed the Grsecurity Agreement later in the evening, does not dispute Plaintiffs version of the facts but only further provides a showing of actual malice by Perens despite admitting that "[t]he problem isn't with the text there." *See* Perens Decl. ¶12

Therefore, despite admitting that there was no problem with the Grsecurity Agreement to the commenter, Perens not only failed to take corrective measures, but intentionally published, by his own admission, false statements in his blog post. Therefore, Perens realized that his statement was false or that he subjectively entertained serious doubts as to the truth of his statement, or with reckless regard to the truth.

Thus, since actual malice is a higher fault standard than negligence, a finding of actual malice generally includes a finding of negligence and the Court does not need to perform further analysis.

**(b) EVEN IF THERE IS NO ACTUAL MALICE, PERENS' STATEMENTS WERE FALSE AND HE WAS AT LEAST NEGLIGENT**

Even if the Court does not find actual malice, common law principles known for decades govern this issue since the following facts are undisputed, and are supported by declaration (See FAC Ex. 12):

(i) Perens is an open source licensing expert who advises attorneys and engineers how to comply with legal requirements, as well as has represented himself as an expert witness in court. FAC ¶¶ 33-38, *Also see* FAC Ex. 8.

(ii) Plaintiffs are providing a *service* by providing their server resources to download the Grsecurity software, the Grsecurity Agreement only limits access to the server resources under Plaintiffs' dominion and control and does not prevent any other party from distributing the Grsecurity software in that party's possession. *See* FAC ¶¶ 17-18, 21-22, *Also see* FAC Ex. 4.

(iii) It is undisputed issue of law that "a trader or manufacturer ...[that] carries on an entirely private business, and can sell to whom he pleases; ... he may cease to do any business whenever his choice lies in that direction... ." *United States v. Trans-Missouri Freight Association*, 166 U.S. 290, 320-21 (1897). Further, "[a] manufacturer of course generally has a right to deal, or refuse to deal, with whomever it likes, as long as it does so independently." *Monsanto Co. V. Spray-Rite Service Corp.* 465 U.S. 752, 761 (1984). Thus, the Access Agreement enforces Plaintiffs' right to refuse business (and its service of providing access to its server resources) to any Customer, at its discretion. In exercising its right to distribute software as it chooses to (by providing or limiting access to its resources as a service), Plaintiff is doing so independently and does not prevent anyone else from redistributing the Grsecurity software to which the other party may have in their possession.

(iv) As far as the Grsecurity agreement itself is concerned, GPL expert Bradley Kuhn has echoed statements made by Perens to the commenter regarding the agreement itself, when services related to open source software are restricted by a company.[2] *See* FAC ¶¶ 23-27; *Also see* FAC Ex. 5-7.

Thus, as a matter of law, Perens' statements in his updated blog post were false, and he knew or should have known that his statements were false, or he at least failed to use reasonable care to determine the truth or falsity of the statement.

---

[2] While Red Hat applies restriction to its customer "service," and Plaintiffs have applied restriction to their software distribution "service," there can be no dispute that both are *future services*. As opined by Mr. Kuhn such restrictions might be a violation of the *spirit* of the GPL, but nonetheless are not "a failure to comply with the GPL."

-6-

3:17-CV-04002-LB

Plaintiff's Reply Memorandum in Support of its Partial Motion for Summary Judgment

However, if the Court finds enough evidence that actual malice exists, the Court does not need to determine negligence, since Perens does not dispute that he responded to the commenter: "The problem isn't with the text [of the Grsecurity Agreement]."

### III. CONCLUSION

Perens' declaration does not contradict facts presented by Plaintiffs and thus there is no genuine issue of material fact. In fact Perens' declaration only confirms the existence of actual malice, and thus negligence should be implied. However, even if the court determines actual malice does not exist, as a matter of law, based on common law principles, Perens knew or should have known that his statements claiming Plaintiffs were in violation of the GPL were false. Thus, the Court should grant Plaintiffs' partial motion for summary judgment.

Dated: 14th November, 2017.

                                              Respectfully Submitted,

                                              CHHABRA LAW FIRM, PC

                                              /s/*Rohit Chhabra*
                                              Rohit Chhabra
                                              Attorney for Plaintiffs
                                              Open Source Security, Inc. & Bradley Spengler