CHHABRA LAW FIRM, PC
ROHIT CHHABRA (SBN 278798)
Email: rohit@thelawfirm.io
257 Castro Street Suite 104
Mountain View, CA 94041
Telephone: (650) 564-7929

**Attorney for Plaintiffs**
Open Source Security Inc. &
Bradley Spengler

MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
HEATHER J. MEEKER (S.B. #172148)
hmeeker@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025-7019
Telephone:    +1 650 473 2600
Facsimile:    +1 650 473 2601

CARA L. GAGLIANO (S.B. #308639)
cgagliano@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:    +1 415 984 8700
Facsimile:    +1 415 984 8701

**Attorneys for Defendant**
Bruce Perens

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN SOURCE SECURITY INC. and BRADLEY SPENGLER, <br><br> Plaintiffs, <br><br> v. <br><br> BRUCE PERENS, and Does 1-50, <br><br> Defendants. | Case No.: 3:17-cv-04002-LB <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Date:  November 30, 2017 <br> Time:  11:00 a.m. <br> Place:  Courtroom C, 15th Floor <br> Judge:  Hon. Laurel Beeler |

JOINT CASE MANAGEMENT STATEMENT

3:17-CV-04002-LB

Plaintiffs Open Source Security, Inc. ("OSS") and Bradley Spengler (collectively, "Plaintiffs"), and Defendant Bruce Perens jointly submit this Joint Case Management Statement and Rule 26(f) Report and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California dated January 17, 2017, Civil Local Rule 16-9, and Federal Rule of Civil Procedure 26(f).

**1. Jurisdiction & Service**

This action was filed on July 17, 2017 in the Northern District of California. Jurisdiction is properly conferred under 28 U.S.C. § 1332 (diversity). Mr. Perens does not dispute personal jurisdiction. Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)(1) and/or (b)(2). Defendant Perens agreed to waive service. Plaintiffs contend that the identity of other defendants (if any) is currently unknown and can only be ascertained after initiation of discovery, pursuant to Fed. R. Civ. P. 26.  Mr. Perens is not aware of any basis to add other defendants. Mr. Perens has timely responded to the Complaint and First Amended Complaint by filing a combined special motion to strike pursuant to the California anti-SLAPP statute (Cal. Code Civ. Proc. § 425.16) and motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) in response to each.

**2. Facts**

**Plaintiffs' Statement:**

Open source software is computer software that is made available with source code that can be modified, used, or shared under certain defined terms and conditions. One such license is the GNU General Public License version 2 ("GPL") which defines redistribution rights to any software released under the license. The Linux kernel code is released under the GPL. As stated in the preamble of the GPL, software released under the license is considered "free software," that is, freedom to distribute (or to not distribute), and developers are free to charge for such distribution as a service, if they wish to.  The GPL in its preamble provides the licensee the "freedom to distribute free software ... ." and this right is extended to Plaintiffs as well (as a licensee of the Linux kernel code). Plaintiffs are also granted the freedom to distribute their modifications or additions to the Linux kernel code, under the GPL.

Plaintiff Open Source Security Inc. (OSS) is a small private company located in Pennsylvania and develops software code that fixes security vulnerabilities in the Linux kernel code (a concept

commonly referred to as *patching* or providing *patches*). OSS releases the *patches*, in source code form, under the GPL, to approximately 45 of its customers (at the time the blog posts were published) via a Stable Patch Access Agreement ("Access Agreement"). The Access Agreement relates to customers' access and utilization of OSS' server resources to download the patches, provided as a service.

In the Access Agreement, OSS' customers are unequivocally informed that they have all the rights under the GPL for the current *patches* being released. Customers are provided an, optional, *incentive* to not redistribute the patches outside the boundaries defined in the Access Agreement if they wish to utilize its server resources and receive continued access to future versions of the *patches*. Per the Access Agreement, if Plaintiffs' customers wish to, they are free to redistribute the patches in their possession however, Plaintiffs reserve the right to terminate future services (that is, access to its server resources and refuse to do future business) if the Access Agreement is violated.

Defendant Bruce Perens is a famous and well-regarded, personality in the open source community. Perens is also respected as an expert in open source matters and has published 24 books on the subject. He has also appeared as an expert witness in court. Perens also thoroughly understands the law. Although not an attorney himself, Perens has taught continued legal education (CLE) to attorneys in many states. Further Perens has also implied that he understands the law better than attorneys admitted to the U.S. Supreme Court. The open source community, including Plaintiffs, have no reason to doubt or question Perens' knowledge or expertise in the subject matter.

This action began due to a blog post that was initially published on June 28, 2017, and further updated on July 10, 2017 by Perens, in which he discussed his "strong opinion" on how Plaintiff's customers were subjecting themselves to legal liability by doing business with Plaintiff.

The underlying *premise* of both publications was that the GPL "explicitly prohibits the addition of terms such as [those provided by the Access Agreement]." Based on this premise, Perens stated that Plaintiffs' redistribution clause of the Access Agreement was, *as a matter of fact*, violating the GPL, and thus the *patches* were a product of unlicensed work. Based on such an assertion, Perens expressed his strong opinion stating that Plaintiff's customers were subjecting themselves to potential legal liability under copyright and/or contract law from the creators of the Linux kernel.

Perens admitted that Plaintiffs were not violating the GPL under the Access Agreement. On July 9, 2017, at or about 5:09 p.m. (per Sladot.org timestamp), prior to updating the blog post, Perens, responding to a commenter on slashdot.org, admitted that "*[t]he problem isn't with the text [of the Access Agreement]. It's with what else they have told their customers. It doesn't even have to be in*

*writing. I have witnesses.*" However, on July 10, 2017, at or about 8:15 a.m. (pacific time), Perens updated the blog post and explicitly published that the Access Agreement violated the GPL.

Due to Perens' actions and published statements in his blog post Plaintiffs have suffered financial harm, including loss of potential customers and loss of good will.

**Mr. Perens's Statement:**

"Open Source" software is software for which the source code is made freely available to all users, allowing the public to access and modify the code. These conditions are maintained through Open Source licensing terms. The most common Open Source license is the GNU General Public License, or GPL. The GPL is designed to make sure that those who receive software under the GPL have the freedom to distribute copies and modifications of such software, among other rights.

Plaintiff Open Source Security, Inc. ("OSS") is a software company that provides security patch software for the Linux Operating System under the brand name Grsecurity, and Plaintiff Bradley Spengler is the CEO and sole shareholder of OSS. Grsecurity uses licensed work of the Linux kernel and is governed by the GPL version 2 ("GPLv2"). The GPLv2 prohibits those who distribute software subject to the GPL from placing further restrictions on recipients' rights, such as the right to freely redistribute software. OSS, however, distributes its Grsecurity software subject to an agreement that threatens to penalize recipients if they exercise their right to freely redistribute the software.

Defendant Bruce Perens is one of the founders and supporters of the Open Source software movement, and he regularly comments on topics related to Open Source. On June 28, 2017, Mr. Perens posted a blog entry on his personal website expressing his opinion that OSS imposes restrictions on software recipients' rights, which is prohibited by the GPLv2 and would render the Grsecurity software infringing and potentially subject customers to risk for liability. Mr. Perens's blog post was in response to other commentary in the Open Source community about OSS's practices. On July 9th, a third-party commenter shared an excerpt from Mr. Perens's post on the website Slashdot, with a link to Mr. Perens's post. Slashdot readers engaged in a robust discussion in the public comments section on that page, commenting on and debating the compatibility of OSS's practices with the GPLv2 and related topics. Mr. Perens joined the conversation, explaining his opinions further. Also on July 9, another commenter stated that he or she had read the Grsecurity agreement and stated that "there is

-3-

3:17-CV-04002-LB

JOINT CASE MANAGEMENT STATEMENT

nothing to prevent redistribution of a patch under the terms and conditions of the GPLv2." The commenter then purported to quote or paraphrase the Grsecurity agreement, writing: "It states that if it a patch is distributed *outside of the terms of the GPLv2,* then access to *further patches in the future* (not the patch provided) will be denied, on a works for hire basis." Mr. Perens responded about 10 minutes later, stating: "The problem isn't with the text there.  It's with what else they have told their customers. It doesn't even have to be in writing. I have witnesses." While the commenter had posted a link to the Grsecurity agreement, Mr. Perens did not realize it at the time, and Mr. Perens responded to the commenter's characterization of the agreement. Because Mr. Perens knew from customers that OSS placed restrictions on customers' ability to redistribute software, he expressed his opinion that such restrictions would violate GPL, regardless of whether they were in writing. On the morning of July 10, Mr. Perens reviewed the Grsecurity agreement and determined that it did in fact violate GPL, and he updated his blog. Plaintiffs twist Mr. Perens's statements to be an "admission" that OSS does not violate the GPL based on restrictions in its Grsecurity agreement.  Contrary to Plaintiffs' assertions, however, Mr. Perens has consistently opined that OSS violates the GPL to the extent it imposes penalties for redistribution of the Grsecurity software.

      Plaintiffs now seek to "win" a public debate with Mr. Perens about whether their practices violate GPL. Rather than expressing their opinions on public forums, however, they have filed this lawsuit, including two complaints asserting claims of defamation, false light, and intentional interference with economic advantage. But Plaintiffs fail to identify any statements or conduct by Mr. Perens that are actionable under the law. Instead, Plaintiffs attack protected opinions that cannot be proven false, particularly considering that the question of whether the Grsecurity agreement violates the GPLv2 is an unsettled legal issue and therefore a matter of opinion—not a provably false fact—and any opinion by the Court regarding whether OSS violates GPL would be advisory and could not retroactively make Mr. Perens's opinions false. Mr. Perens therefore has moved to dismiss and to strike both complaints, and he seeks attorneys' fees for being forced to defend a baseless suit.

///

///

**3. Legal Issues**

**Plaintiffs' Statement:**

The legal issues in this case include the following:

a. DEFAMATION PER SE

Whether defendants' alleged conduct constituted defamation (libel) per se.

b. DEFAMATION PER QUOD

Whether defendants' alleged conduct constituted defamation (libel) per quod.

c. FALSE LIGHT

Whether defendants' alleged conduct constituted false light.

d. TORTIOUS INTERFERENCE WITH PROSPECTIVE ADVANTAGE

Whether defendants' alleged conduct constituted tortious interference with prospective advantage.

**Mr. Perens's Statement:**

The central disputed factual and legal issues include:

a) Whether Plaintiffs' claims fail because Mr. Perens's interpretation of an unsettled legal issue is a non-actionable statement of opinion;

b) Whether Plaintiffs' claims of intentional interference with prospective economic advantage also should be dismissed because they fail to allege any independently wrongful act; and

c) Whether the Complaint should be stricken under the California anti-SLAPP law, Cal. Civ. Proc. Code § 425.16 because:

   i) Mr. Perens's blog posts about his opinions on Plaintiffs' business practices are protected under the California anti-SLAPP law; and

   ii) Plaintiffs cannot establish a probability of prevailing on any asserted claim.

Additional disputed factual and legal issues include:

a) Whether Mr. Perens's opinions about the proper interpretation of the GPLv2 involve a matter of public concern such that Plaintiffs must prove falsity;

b) If Mr. Perens's opinions constitute provably false assertion of facts, whether he truthfully stated that the Grsecurity agreement violates the GPLv2 or whether he knew or should have known that such statements were false even though they relate to a matter of first impression;

c) Whether Mr. Perens's opinions about his interpretation of OSS's licensing terms creates an implication regarding Mr. Spengler that would be highly offensive to a reasonable person; and

d) Whether Mr. Spengler is entitled to maintain a cause of action for intentional interference based on alleged interference with OSS's current and prospective customers.

The Court has not yet ruled on Mr. Perens's Anti-SLAPP Motion and Motion to Dismiss, and Mr. Perens has not filed a responsive pleading. Should Plaintiffs' First Amended Complaint survive, Mr. Perens anticipates additional factual and legal disputes may be identified, including based on affirmative defenses.

**4. Motions**

**Previous Motions:**

| Date filed | Party | Motion Name/Type | Status |
|---|---|---|---|
| 9/18/17 | Defendant Bruce Perens | Motion to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6) and Special Motion to Strike Pursuant to the California Anti-SLAPP Statue, Code of Civil Procedure Section 425.16 | Withdrawn as moot due to Plaintiffs' filing of the First Amended Complaint (10/10/17) |
| 9/29/17 | Plaintiff Bradley Spengler | First Motion for Joinder, pursuant to Fed. R. Civ. P. 19 | Terminated by Court (10/11/17) |
| 10/2/17 | Plaintiff Bradley Spengler | Second Motion for Joinder, pursuant to Fed. R. Civ. P. 20 | Granted (10/18/17) |
| 10/20/17 | Defendant Bruce Perens | Motion to Continue Plaintiff's Motion for Partial Summary Judgment | Withdrawn pursuant to Order Re: Stipulation (10/24/17) |

//

//

//

//

//

**Pending Motions:**

| Date filed | Party | Motion Name/Type | Status |
|---|---|---|---|
| 10/11/17 | Plaintiff Open Source Security, Inc. | Motion for Partial Summary Judgment (defamation per se) | Hearing date set for December 14, 2017 |
| 10/31/17 | Defendant Bruce Perens | Motion to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 12(b)(6) and Special Motion to Strike Pursuant to the California Anti-SLAPP Statue, Code of Civil Procedure Section 425.16 | Hearing date set for December 14, 2017 |

**Anticipated Motions:**

Depending on the outcome of the parties' pending dispositive motions, the parties may file additional dispositive motions as appropriate. The parties also may file *Daubert* motions and motions *in limine*. In addition, the parties may file discovery letter briefs according to the procedure set forth in the Court's March 15, 2017 Standing Order. Should Plaintiffs seek discovery before the Court decides the parties' pending dispositive motions (see Discovery section below), Mr. Perens may seek a protective order staying discovery until after those motions are resolved, as appropriate.

**5. Amendment of Pleadings**

Plaintiffs do not anticipate the need to amend the pleadings at this time, however may seek leave to amend by the Court, if appropriate.

**6. Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. Each party represents that it has instituted reasonable document retention procedures so as to maintain any relevant documents, electronic or otherwise, or any other relevant electronically recorded material until this dispute is resolved.

**7. Disclosures**

The parties agree to exchange initial disclosures on November 22, 2017, as ordered by the Court pursuant to stipulation by the parties (ECF No. 15).

## 8. Discovery

### A. Timing, Scope, and Potential Phasing of Discovery

No formal discovery has been completed at this time, and the parties do not agree as to the appropriate timing for the initiation of discovery and as to the appropriate scope of discovery. The parties agree that service of written discovery and other non-filed documents will be effective if served on the parties via e-mail.

**Plaintiffs' Statement:** Plaintiffs hold the view that discovery should be initiated as soon as possible and the scope of discovery should be limited to the issues in question which will assist the Court and a Jury whether Defendants are liable to the causes of action listed in the complaint. Plaintiffs will oppose any attempt by Defendants to engage in a fishing expedition and undue harassment by demanding unfettered access to Plaintiffs' business records or dealings.

Since this matter is limited to defamation based on Perens' statements, discovery should be limited to the information known to Perens, directly or indirectly through his purported reliable witnesses. Perens' fishing expedition should invite sanctions for unduly harassing Plaintiffs. Further, Plaintiffs contend Perens, being a professional (for profit) advisor of open source matters can exploit and financially benefit from any confidential discovery information between Plaintiffs and their customers. Plaintiffs seek the Court's guidance to device a mechanism that involves narrowly tailoring discovery requests to avoid any unintended consequences of the any disclosure.

**Mr. Perens's Statement:**

Mr. Perens believes that discovery should not commence until after the pending dispositive motions are resolved, should any cause of action remain in the case. First, Mr. Perens's motions may fully resolve the case. Second, Mr. Perens's anti-SLAPP and 12(b)(6) motions are based on fundamental legal defects in Plaintiffs' claims, not mere failure to provide sufficient supporting factual details—and regardless, it is Plaintiffs' burden to support their complaint without requiring additional discovery. Third, Plaintiff OSS has moved for summary judgment on its defamation per se claim, demonstrating that OSS does not believe there are factual disputes requiring discovery to dispose of that claim, and Plaintiffs' other claims depend on the same accused conduct. Fourth, should the case

proceed, it will be more efficient to pursue discovery after Mr. Perens has answered and/or counterclaimed, and considering any guidance the Court may provide in resolving the pending motions. Finally, Plaintiffs have been unable to identify any prejudice they would suffer if discovery is delayed, other than their desire to potentially shore up pleadings the Court may find deficient. Mr. Perens therefore believes that allowing discovery to proceed before his pending motions are decided would unnecessarily increase the fees and costs incurred by Mr. Perens and recoverable from Plaintiffs under California's anti-SLAPP law.

Mr. Perens does not believe that the Court should decide, as a matter of first impression, whether the Grsecurity agreement violates the GPLv2. If the Court does determine it must decide this issue, however, Mr. Perens expects to take discovery from OSS, Bradley Spengler, and third parties, on topics including, but not limited to: OSS's written and oral policies surrounding its Grsecurity product; the meaning of the GPLv2 and its provisions; whether the Grsecurity agreement's non-redistribution clause or other of Plaintiffs' practices violate the GPLv2; the effect of the non-redistribution clause on OSS's customers, including in their ability to redistribute software in the ways guaranteed by the GPLv2; Plaintiffs' alleged damages; Plaintiffs' bases for all its claims and allegations in the First Amended Complaint; and any defenses and counterclaims raised by Mr. Perens.

### B. Electronically Stored Information

The parties have discussed entering into a stipulated e-discovery order and will negotiate in good faith to reach an agreement regarding the protocols for the collection and production of electronically stored information.

### C. Privilege Issues

In accordance with Paragraph 8(a) of this Court's Model Stipulated Order Re: Discovery of Electronically Stored Information for Standard Litigation ("Model ESI Order") and Federal Rule of Evidence 502(d), the parties agree that the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery

in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. The parties further agree to confer regarding a procedure for addressing inadvertent disclosures of protected material.

The parties agree that communications solely between litigation counsel in this matter and their clients need not be listed on the parties' respective privilege logs.

### D. Proposed Limitations on Discovery

Apart from the dispute discussed in Paragraph 8.A above with respect to the timing of the initiation of discovery, the parties propose that the presumptive limits on discovery set forth in the Federal Rules of Civil Procedure apply.

### E   Protective Order

The disclosure of confidential and proprietary information is likely to be necessary in this case; therefore the parties will meet and confer and attempt to reach agreement on a proposed stipulated protective order to be submitted to the Court for approval.  To the extent the parties are unable to agree on a stipulated protective order, the parties will seek the Court's guidance on any disputed terms or issues.

## 9.  Class Actions

This action is not a class action.

## 10.  Related Cases

There are no related cases.

## 11.  Relief

**Plaintiffs' Statement:**

Plaintiffs seek compensatory damages and punitive damages to be determined by a jury since damages are ongoing. At the very least, Plaintiffs seek compensatory damages for lost revenue and profits as a function of damage to Plaintiff's business reputation; diminution in the pecuniary value of Plaintiff's goodwill, administrative costs in connection with Plaintiff's efforts to monitor and counteract the negative publicity, and other pecuniary harm, including loss of potential customers, and

the inability to hire a full-time software engineer to further enhance the security features in the Grsecurity® product due to implementation of a hiring freeze and divert its resources towards legal fees and unexpected costs of litigation especially at a time when Plaintiff Open Source Security, Inc. was geared towards expanding its business operation. Plaintiff Open Source Security also had to incur the extraneous expense to hire an independent contractor to monitor and counteract the negative publicity resulting due to the publication of the Postings which has further caused an expense of $6,300. An updated amount of damages, including evidence thereof, will be presented during trial. Further, the court should award Plaintiffs reasonable attorneys' fees and costs for Perens' frivolous anti-SLAPP motion.

**Mr. Perens's Statement:**

Mr. Perens denies that Plaintiffs have been damaged or are entitled to relief. Mr. Perens requests that the Court enter judgment in his favor and against Plaintiffs as follows:

    a) Dismissal with prejudice of the entire action;

    b) An award of Mr. Perens's reasonable attorneys' fees and costs pursuant to the California anti-SLAPP statute (Cal. Code Civ. Proc. § 425.16), 28 U.S.C. § 1927, or as otherwise permitted by law; and

    c) An award of any such other costs and further relief as the Court may deem just and proper.

**12. Settlement and ADR**

The parties are amenable to ADR, including an early settlement conference before a magistrate judge. A phone conference regarding ADR scheduling is currently scheduled for November 28. The parties agree that ADR is unlikely to be productive prior to resolution of Mr. Perens's pending anti-SLAPP motion.

**13. Consent to Magistrate Judge for All Purposes**

All parties have consented to have a magistrate judge conduct all further proceedings, including trial and entry of judgment. (ECF Nos. 4, 13.)

## 14. Other References

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. Narrowing of Issues

The parties have not identified any issues that can be narrowed or resolved by agreement at this time.

## 16. Expedited Trial Procedure

The parties do not believe that this case can be handled under the Expedited Trial Procedure of General Order No. 64, Attachment A.

## 17. Scheduling

The parties propose the following dates for expert disclosures, discovery cutoffs, briefing and hearing of pretrial motions, the pretrial conference, and trial.

| Event | Plaintiffs' Proposal | Mr. Perens's Proposal |
|---|---|---|
| Deadline for Mr. Perens to file Answer to any complaint that survives the pending dispositive motions | No objection to Perens' proposal | 15 days after denial (if any) of Mr. Perens's pending motions or after filing of Second Amended Complaint (if any) |
| Close of non-expert discovery | 75 days before trial | 120 days after filing of Answer |
| Initial expert disclosures and reports | 75 days before trial | 141 days after filing of Answer (21 days after close of non-expert discovery) |
| Rebuttal expert witness disclosures and reports | 60 days before trial | 162 days after filing of Answer (21 days after initial expert disclosures) |
| Reply expert witness disclosures and reports | 45 days before trial | 176 days after filing of Answer (14 days after rebuttal expert disclosures) |
| Close of expert discovery | 75 days before trial | 206 days after filing of Answer (30 days after reply expert disclosures) |

| Event | Plaintiffs' Proposal | Mr. Perens's Proposal |
|---|---|---|
| Deadline to file discovery letter briefs to the extent permitted | 67 days before trial | 213 days after filing of Answer (7 days after close of expert discovery) |
| Deadline to file dispositive motions and *Daubert* motions | 45 days before trial | 227 days after filing of Answer (21 days after close of expert discovery) |
| Hearing on dispositive motions and *Daubert* motions | As soon as possible, per the Court's schedule, after deadline to file dispositive motions | First Thursday at least 262 days after filing of Answer (35 days after filing) |
| Parties will serve, exchange and file their pretrial disclosures pursuant to Rule 26(a)(3) | 30 days before trial | 30 days before trial |
| Parties to serve any and all objections to any party's proposed evidence pursuant to Rule 26(a)(3) and Civ. L.R. 16-10(b)(11) | 20 days before trial | 20 days before trial |
| Pretrial conference | 14 days before trial | 14 days before trial |
| Start of trial | June 2018 | February 2019 |

## 18. Trial

Plaintiffs request a jury trial. The parties anticipate a 4-5 day trial based on the current scope of the case.

## 19. Disclosure of Non-Party Interested Entities or Persons

The parties are unaware of any non-party persons, firms, partnerships, corporations, or other entities that either have a financial interest in the subject matter in controversy or in a party to the proceeding, or any other kind of interest that could substantially be affected by the outcome of the proceeding.

## 20. Professional Conduct

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21. Other

None at this time.

Dated: November 22, 2017

ROHIT CHHABRA
CHHABRA LAW FIRM, PC

By: */s/ Rohit Chhabra*
Rohit Chhabra
Attorney for Plaintiffs Open Source Security, Inc. and Bradley Spengler

Dated: November 22, 2017

MELODY DRUMMOND HANSEN
HEATHER J. MEEKER
CARA L. GAGLIANO
O'MELVENY & MYERS LLP

By: */s/ Melody Drummond Hansen*
Melody Drummond Hansen
Attorneys for Defendant Bruce Perens

### **ATTESTATION CLAUSE**

I, Rohit Chhabra, hereby attest in accordance with Local Rule 5-1(i)(3) that each signatory has concurred in the filing of this document.

Dated: November 22, 2017

O'MELVENY & MYERS LLP

By: */s/ Rohit Chhabra*
Rohit Chhabra
Attorney for Plaintiffs Open Source Security, Inc. and Bradley Spengler

-14-

3:17-CV-04002-LB

JOINT CASE MANAGEMENT STATEMENT