# EXHIBIT B

MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
HEATHER J. MEEKER (S.B. #172148)
hmeeker@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025-7019
Telephone: +1 650 473 2600
Facsimile: +1 650 473 2601

CARA L. GAGLIANO (S.B. #308639)
cgagliano@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

Attorneys for Defendant
Bruce Perens

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO**

OPEN SOURCE SECURITY, INC., and BRADLEY SPENGLER,

Plaintiffs,

v.

BRUCE PERENS, and Does 1-50,

Defendants.

Case No. 3:17-cv-04002-LB

**SUPPLEMENTAL DECLARATION OF BRUCE PERENS IN SUPPORT OF DEFENDANT'S OPPOSITION TO OPEN SOURCE SECURITY, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Hearing Date: December 14, 2017
Time: 9:30 a.m.
Location: Courtroom C, 15th Floor
Judge: Hon. Laurel Beeler

**SUPPLEMENTAL DECLARATION OF BRUCE PERENS**

I, Bruce Perens, declare as follows:

1. I am an individual and a named defendant in this action. I submit this declaration in response to OSS's incorrect characterizations in its Reply (ECF No. 37) of my October 31, 2017 Declaration (ECF No. 32-3), and to correct my October 31 Declaration and provide additional information regarding the precise timing of when I first received and reviewed the full Grsecurity Agreement. Unless stated otherwise, I have personal knowledge and am informed of the facts stated herein and, if called to testify, I could and would testify completely hereto.

2. Plaintiff's Reply Memorandum in Support of its Partial Motion for Summary Judgment asserts that a comment I posted on the website Slashdot on or around July 9, 2017 at 5:09 p.m. PDT "admitt[ed] that there was no problem with the Grsecurity Agreement as it relates to the GPL." Reply at 4. In that comment, I stated, in part: "The problem isn't with the text there. It's with what else they have told their customers. It doesn't even have to be in writing." October 31 Drummond Hansen Decl. Ex. A at 11. Plaintiff's Reply also contends that I now "admit[] that [I] understood that the Grsecurity Agreement did not violate the GPLv2" before posting my July 9, 5:09 p.m. comment because my October 31 Declaration "does not dispute or attempt to clarify what [I] meant by 'text' or 'there.'" Reply at 3–4. Plaintiff's Reply also misconstrues my statement in my October 31 Declaration regarding when I "first" read the Slashdot commenter and suggests that my "silence" about when I reviewed it for the "second" time means that I had read the Grsecurity Agreement before my 5:09 p.m. post. Reply at 3-4.

3. Plaintiff misconstrues my comments. As I stated in my October 31 Declaration, when I posted my July 9, 5:09 p.m. comment, I was responding to a comment posted by a reader roughly 10 minutes earlier, around 4:58 p.m. PDT, which stated in part:

> I've had a look over their agreement <u>here</u> [grsecurity.net], and there is nothing to prevent redistribution of a patch under the terms and conditions of the GPLv2. It states that if it a patch is distributed *outside of the terms of the GPLv2*, then access to *further patches in the future* (not the patch provided) will be denied on a works for hire basis.

October 31 Perens Decl. ¶ 10 (emphasis in original); *see also* October 31 Drummond Hansen Decl. Ex. A at 11. As stated in paragraph 10 of my October 31 Declaration and as further supported by the exhibits attached to this Supplemental Declaration, I had not yet seen the Grsecurity Agreement when I posted my July 9, 5:09 p.m. comment, nor had I realized that the 4:58 p.m. comment I was responding to included a link to the Agreement. I did not, as Plaintiff's Reply suggests, read the Agreement as part of a "second" or "third" review of the commenter's post before responding 10 minutes later.

4. In the portion of my July 9, 5:09 p.m. comment that reads "The problem isn't with the text there," I was referring to the portion of the other poster's July 9, 4:58 p.m. comment that purported to quote or paraphrase the Grsecurity Agreement. As explained in paragraph 10 of my October 31 Declaration, because I understood from email lists that Plaintiff was communicating terms to its customers that limited customers' ability to redistribute software, I responded to indicate my opinion that communicating such restrictions to customers violates the GPL regardless of whether those terms appear in writing. October 31 Perens Decl. ¶ 10. My intention, and the plain meaning of my statement, was that OSS's restrictions violate the GPL, regardless of whether their restrictions are in writing.

5. In paragraph 12 of my October 31 Declaration, I stated, "Later that evening, when I reviewed the text of the Stable Patch Access Agreement for myself, I determined that the Agreement did in fact include a written term that imposed restrictions consistent with the reports I had read." This referred to the evening of July 9, 2017. After reviewing OSS's Reply, to respond to OSS's incorrect suggestion that I had reviewed the Grsecurity Agreement before my July 9th post, I searched my emails to see whether I could determine definitively when I first received and reviewed the full Grsecurity Agreement. I located emails demonstrating that I received the Agreement the next morning, on July 10.

6. Attached as **Exhibit 1** is a copy of an email sent to me on or around July 10, 2017 at 4:01 a.m. PDT, which quoted the Grsecurity Agreement's non-redistribution clause and attached a copy of the full Agreement (**Exhibit 2**).

7. Attached as **Exhibit 3** is a copy of my response to that email, sent on or around July 10 at 8:12 a.m. PDT, in which I replied that I had not had a copy of the Agreement before. I also expressed surprise that OSS would put such restrictions in writing. I have also determined that my email response of July 10 is publicly available at the URL https://lists.debian.org/debian-user/2017/07/msg00653.html, as part of the same "thread" as the July 14 email that is attached as Exhibit 9 to Plaintiff's First Amended Complaint.

8. After reviewing the 4:01 a.m. email and the attached Agreement, I determined that the problematic terms were in fact written in the Grsecurity Agreement itself and updated my blog to say so. I updated my blog post to provide a link to the Agreement and to state that "[u]nder [Grsecurity's] Stable Patch Access Agreement, customers are warned that if they redistribute the Grsecurity patch, as would be their right under the GPL, that they will be assessed a *penalty*." *See* First Amended Complaint Ex. 2 (updated blog post); Ex. 10 at 3, line 84 (showing update time of July 10, 2017 at 8:11 a.m. PDT). I stated in my 8:12 a.m. email that I had done so. *See* Exhibit 2.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed this 22th day of November 2017 in BERKELEY, California.

By: [signature]
Bruce Perens

# EXHIBIT 1

11/15/2017 Equipment Unit LLC Mail - Fwd: Re: [kernel-hardening] Why does no one care that Brad Spengler of GRSecurity is blatantly violating the intenti…

**Bruce Perens <bruce@perens.com>**

# Fwd: Re: [kernel-hardening] Why does no one care that Brad Spengler of GRSecurity is blatantly violating the intention of the rightsholders to the Linux Kernel?

**aconcernedfossdev@airmail.cc** <aconcernedfossdev@airmail.cc> — Mon, Jul 10, 2017 at 4:01 AM
To: Bruce Perens <bruce@perens.com>
Cc: rms@gnu.org, debian-user@lists.debian.org, Eric Raymond <esr@thyrsus.com>, moglen@columbia.edu, bkuhn@sfconservancy.org

This may also be of interest:

From GRSecurity's "Stable Patch Agreement":

"Notwithstanding these rights and obligations, the User acknowledges that redistribution of the provided stable patches or changelogs outside of the explicit obligations under the GPL to User's customers will result in termination of access to future updates of grsecurity stable patches and changelogs."

IE: If you choose to redistribute, other than in the case of a demand made by a user, retaliation will occur. They even put it in writing.

PDF attached.

---

**grsecstablepatchaccessagreement_additionalterms.pdf**
43K

https://mail.google.com/mail/u/1/?ui=2&ik=e19c504b55&jsver=M-xhRWn0lp0.en.&view=pt&msg=15d2c299ab5024f7&q=Re%3A%20Why%20does%20… 1/1

# EXHIBIT 2

**(/index.php)**

# Stable Patch Access Agreement

Last updated: 10/02/2016

This Stable Patch Access Agreement ("Agreement") allows access to the stable versions of grsecurity® kernel patches. An authorized user includes the individual(s) provided with login credentials directly by Open Source Security, Inc ("the Company"). or others within the organization involved in the stable patch subscription identified to Open Source Security, Inc. (collectively, "the User")

## Confidentiality

The User agrees that the User is responsible for maintaining the confidentiality of their login credentials. Disclosure of these credentials is prohibited except as allowed by this agreement.

## Redistribution

The User has all rights and obligations granted by grsecurity's software license, version 2 of the GNU GPL. These rights and obligations are listed at **http://www.gnu.org/licenses/old-licenses/gpl-2.0.en.html (http://www.gnu.org/licenses/old-licenses/gpl-2.0.en.html)**.

Notwithstanding these rights and obligations, the User acknowledges that redistribution of the provided stable patches or changelogs outside of the explicit obligations under the GPL to User's customers will result in termination of access to **future** updates of grsecurity stable patches and changelogs.

Making and using copies of the stable patches within a single organization is not considered redistribution (see the GPL FAQ here: **https://www.gnu.org/licenses/old-licenses/gpl-2.0-faq.en.html#InternalDistribution (https://www.gnu.org/licenses/old-licenses/gpl-2.0-**

If the User has received pricing for the stable patches on a specific product, use of the patches on additional products without the consent of the Company will result in termination of access to **future** updates of grsecurity stable patches and changelogs.

## Works Made For Hire

No work performed in the process of grsecurity stable patch maintenance or changes made to the grsecurity patches as part of a support agreement shall be considered "works made for hire". Unless a specific arrangement has been put forth otherwise by the Company, the Company retains all Intellectual Property rights and will publish these changes under the GPL to all customers.

## Governing Law

This Agreement shall be governed by and construed in accordance with the laws of Pennsylvania without regard to the conflicts of laws provisions thereof. Exclusive jurisdiction and venue for any action arising under this Agreement is in the federal and state courts having jurisdiction over The Company's principal office, and both parties hereby consent to such jurisdiction and venue for this purpose.

## Termination

While the Company aims only to terminate access to the stable patches in the event of willful violation of the terms in this agreement, we reserve the right to revoke access to the stable patches and changelogs at any time for any reason. In the event of termination, the Company will at its own discretion refund payment for any remaining pre-paid period.

## Waiver of Liability

The Company is not liable for any claims, damages, costs, expenses or loss of any kind that may be made or incurred as a result of either the User's access or revocation of access to grsecurity stable patches.

**QUICK LINKS**

Home (index.php)

Features (features.php)

Support (support.php)

Papers (papers.php)

Blog (blog.php)

Download (download.php)

**GET IN TOUCH**

949-424-7732 (tel:949-424-7732)

contact@grsecurity.net (mailto:contact@grsecurity.net)

---

**Trademark Policy** (trademark_policy.php)

© Open Source Security, Inc 2013-2017.
grsecurity is a registered trademark of Open Source Security, Inc. Linux is the registered trademark of Linus Torvalds.

# EXHIBIT 3

11/15/2017 Equipment Unit LLC Mail - Fwd: Re: [kernel-hardening] Why does no one care that Brad Spengler of GRSecurity is blatantly violating the intenti…

Bruce Perens <bruce@perens.com>

# Fwd: Re: [kernel-hardening] Why does no one care that Brad Spengler of GRSecurity is blatantly violating the intention of the rightsholders to the Linux Kernel?

**Bruce Perens** <bruce@perens.com> Mon, Jul 10, 2017 at 8:12 AM
To: aconcernedfossdev@airmail.cc
Cc: rms@gnu.org, debian-user@lists.debian.org, Eric Raymond <esr@thyrsus.com>, moglen@columbia.edu, bkuhn@sfconservancy.org

Thank you. I did not have a copy of the Grsecurity Stable Patch Access Agreement before, and I've linked it to my article. IMO it's quite imprudent of them to put down in writing how they restrict your GPL rights.

https://mail.google.com/mail/u/1/?ui=2&ik=e19c504b55&jsver=M-xhRWn0lp0.en.&view=pt&msg=15d2d0f611f9163b&q=re%3A%20why%20does%20n… 1/1