CHHABRA LAW FIRM, PC
ROHIT CHHABRA (SBN 278798)
Email: rohit@thelawfirm.io
257 Castro Street Suite 104
Mountain View, CA  94041
Telephone: (650) 564-7929

**Attorney for Plaintiffs**
Open Source Security Inc. &
Bradley Spengler

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| OPEN SOURCE SECURITY INC. and BRADLEY SPENGLER<br><br>    Plaintiff,<br><br>  v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>    Defendants. | Case No.: 3:17-cv-04002-LB<br><br>**PLAINTIFFS' OPPOSITION TO PERENS' MOTION FOR LEAVE TO FILE A SURREPLY**<br><br>Hearing Date: December 14, 2017<br>Time: 9:30 a.m.<br>Location: Courtroom C, 15th Floor<br>Judge: Hon. Laurel Beeler |

## I. INTRODUCTION

Defendant Bruce Perens ("Perens") fails to show any new argument or evidence raised in Plaintiff Open Source Security Inc.'s (OSS) Reply that would warrant the Court's consideration of his proposed Surreply. Rather, Perens' proposed Surreply is nothing more than an attempt to get the "last word."

Perens relies on emails available to him on July 10. However, this additional evidence only suggests Perens had access to the Grsecurity Access Agreement from two different sources. Further, Perens always had access to this additional evidence but chose not to present it earlier in his Opposition papers only to continue Perens' strategy of directing the Court's attention to his irrelevant arguments and away from the merits of OSS' motion for partial summary judgment.

It is also not clear if Perens is augmenting his sworn declaration and now suggesting that he reviewed the Access Agreement, again, on July 10 (thus making the additional evidence immaterial), or is now subjecting himself to perjury by altering material facts and is claiming the July 10, 4:01 a.m. email was the first time he reviewed the Grsecurity Access Agreement – only after OSS submitted its Reply papers. Both possibilities are considered herein, and in either case Perens' motion should be denied.

## II. ARGUMENT
### A. Surreply papers are improperly being used in lieu of arguments during motion hearing

Perens argues that OSS misconstrued his declaration. Surreply at 1. However, OSS has only quoted from Perens' declaration, and utilized evidence submitted by him for the first time in his Opposition papers. OSS did so to provide a showing that Perens' sworn declaration did not raise a genuine issue of material fact. Perens now insists he has the right to respond to OSS via a surreply, however neither the Federal Rules of Civil Procedure nor this Court's Civil Local Rules provide the right to file a surreply. Civ. L.R. 7-3(d); see also *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga.2005).  It is undisputed that when opposition papers raise extraneous arguments, just like Perens' "artfully" crafted declaration did, a movant's reply can and should address such material. *See Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495-96 (S.D.N.Y.1990)

("[Non-movant] contends that sur-reply papers are justified since defendants' reply papers address numerous issues for the first time. Such an argument, however, misconstrues the very purpose of reply papers. The moving party may address in his reply papers new issues raised in the opposition papers so as to avoid giving an unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues. Although defendants' reply papers addressed issues not raised in its moving papers, each point in the reply brief directly responds to an issue raised in [non-movant's] opposition papers.") (internal citations omitted).  Therefore, Perens' instant Motion fails to show good cause.

Further, the additional evidence or supplemental declaration also does not dispute the issue of material fact. As a reminder the issue of material fact is:

> Slashdot user commented at a timestamp of July 9, 2017, 4:58 p.m:
>> I've looked at over their agreement <u>here</u> [grsecurity.net], and there is nothing to prevent redistribution of a patch under the terms and conditions of the GPLv2. ... .

*See* First Amended Complaint (FAC) ¶ 44, (underline in original signifying link to OSS' Access Agreement; square parentheses in original).

> To which Perens responded at a timestamp of July 9, 2017, 5:09 p.m.:
>> The problem isn't with the text there. It's what else they have told their customers. It doesn't even need to be in writing. I have witnesses. If there was ever a case, obviously the prosecution would have to depose people to make this point. I am not actually planning on a case, though. I think this warning will have the desired effect.

*See* FAC ¶ 45, (Perens' complete response reproduced in full).

**Therefore, the material fact is not what Perens now declares he intended to state – in hindsight – but rather what he, in fact, did state to the Slashdot user.[1]** However, Perens' Surreply only relies on recycled arguments and statements from his previously submitted declaration attempting to argue his intention in hindsight (which of course would be to evade liability). *See generally* Surreply pp. 1 – 4. Perens also argues that OSS did not address all issues raised in his Opposition papers. However, again, the proper avenue to raise such issues, including any issues of interpretation in Perens

---

[1] Perens' declaration in hindsight cannot change the facts of what was stated, and the Court can adequately rule on the partial motion of summary judgment based on the plain meaning of Perens' response, without any additional clarification in the form of a surreply.

declaration should be during motion hearing, not through a surreply. Indeed, during counsels' meet and confer, Perens' counsel agreed such arguments could have been raised during the motion hearing. Chhabra Decl. ¶ 2. Clearly, Perens only cares about getting in the "last word," while his actions defeat the very purpose of reply papers. Therefore, Perens should not be permitted to file his Surreply.

**B. Perens' Supplemental declaration and additional evidence are irrelevant**

It is worth noting that Perens' sworn declaration of October 31, 2017, confirms that he reviewed the Grsecurity Agreement on the evening of July 9, 2017. Particularly, Perens stated, "[l]ater that evening [of July 9], when I reviewed the text of the Stable Patch Access Agreement for myself, I determined that the Agreement did in fact include a written term that imposed restrictions consistent with the reports I had read." Perens Decl. ¶12 (ECF No. 32-3).

In his supplemental declaration, Perens now, in part, states:

> ... I searched my emails **to see whether I could determine definitively** when I *first* **received and reviewed** the full Grsecurity Agreement. I located emails demonstrating that I **received** the Agreement the next morning, on July 10.

Perens Supp. Decl. ¶ 5 (ECF No. 40-2, at p. 4 of 13), emphasis and italics added.

However, Perens again is artfully distracting the Court and fails to unequivocally declare the first time he received and reviewed the Grsecurity Agreement. While determining that he received the Agreement via the July 10 email only conveys an <u>additional source</u>, Perens never declares the conclusion of his attempt to "**determine definitively** when [he] *first* **received and reviewed** the full Grsecurity Agreement."[2]

Therefore, it is still not clear whether Perens, by submitting the additional evidence and supplemental declaration in the form of a surreply, is now contradicting his sworn declaration of October 31 or he is now simply augmenting his previous declaration.

In good faith, OSS considers both of these possibilities and contends that **in either situation Perens' instant motion should be denied because it addresses immaterial facts and/or subjects Perens to perjury**.

---

[2] If deemed appropriate the Court should, *sua sponte*, take Judicial Notice that Perens has artfully, **yet again**, presented an ambiguous declaration to distract the Court from the truth.

-3-

**(i) Perjury: Contradicting a material fact in a sworn declaration**

If Perens is contradicting his previously submitted sworn declaration, and is now claiming that the July 10 email was the *first time* from which he reviewed the Grsecurity Access Agreement, then this deviation from his previously sworn declaration is an alteration of a material fact. This is because Perens' previous declaration of reviewing the Grsecurity Agreement on July 9 supports his statement of fact that "[t]he problem isn't with the text there." This is a material fact because it allows the Court to understand the true meaning of "there" in light of Perens' complete response at 5:09 p.m. and Perens' admission (and OSS' contention) that he did in fact review the Grsecurity Agreement via the Slashdot.org user's link of 4:58 p.m. on July 9 itself.

Any attempt to contradict his own sworn declaration should subject Perens to perjury because: **(a)** Perens had access to the July 10 emails prior to submitting his Opposition papers, yet provided a sworn declaration in which he unequivocally stated that he reviewed the Grsecurity Agreement on July 9;  **(b)** Per stipulation, Perens received 21 days to file his Opposition papers and accompanying sworn declaration on October 31, and thus received more time than usually permitted under the Civil Local Rules to ascertain all the facts prior to signing his sworn declaration;[3] and  **(c)** Perens materially altered his declaration only after OSS submitted its Reply papers on November 14 (that is, an additional 14 days, per stipulation, after filing of Perens' sworn declaration).[4]

All factors considered, Perens had numerous opportunities to locate his emails and correct material facts from his sworn declaration, but did so **only after** OSS filed its Reply papers. Clearly, such actions of "convenience" only demonstrate that Perens has now resorted to perjury and this Court should deny Perens' motion on these grounds as well.

**(ii) If not a contradiction: Immaterial information in Perens' supplemental declaration**

If, however, Perens is supplementing his previously filed declaration, without disputing the fact that he reviewed the Grsecurity Access Agreement on July 9, **then the additional evidence and supplemental declaration do not dispute an issue of material fact.** In fact, in this case the

---

[3] *See* Stipulated request to set revised schedule for proceedings on motion for partial summary judgment, anti-slapp motion, and motion to dismiss (ECF No. 28).

[4] *Id.*

supplemental declaration only suggests that Perens had access to the Grsecurity Access Agreement from two different sources, the first one made available on July 9, at or about a timestamp of 4:58 p.m. (via the Slashdot user's web-link), and the second one via email on July 10, at or about 4:01 a.m. PDT, as discussed above. Therefore, Perens' supplemental declaration and its exhibits are irrelevant.

Furthermore, the additional evidence is also irrelevant because there are no indicia that can reasonably suggest that Perens' 8:12 a.m. email Ex. 2, (ECF No. No. 40-2, at p. 12 of 13) is in fact a reply to the 4:01 a.m. email submitted as Ex. 1 (ECF No. No. 40-2, at p. 6 of 13). The 8:12 a.m. email seems to be an independent reply to an ongoing conversation "thread," with no marks or text that identifies it to be a reply to the 4:01 a.m. email.[5] Therefore, such "evidence" does not prove or disprove any issue of material fact, including the first time Perens reviewed the Grsecurity Agreement.

## III. CONCLUSION

Perens' arguments in his Surreply can easily be raised during motion hearing, as admitted by Perens' counsel. Perens' supplemental declaration and additional evidence, although always available to him, are now being introduced – after OSS' reply papers were filed – to distract the Court with irrelevant arguments and immaterial evidence. The Court should therefore deny Perens' motion for leave to file his surreply papers.

Date: November 27, 2017

                                           Respectfully Submitted,

                                           CHHABRA LAW FIRM, PC

                                           s/*Rohit Chhabra*
                                           Rohit Chhabra
                                           Attorney for Plaintiffs,
                                           Open Source Security Inc. & Bradley Spengler

---

[5] It should be noted, there is no follow-up text or any indication that Perens' 8:12 a.m. email is in fact a reply to the 4:01 a.m. email. It only depicts to be a response to a thread based on its subject line, but fails to provide any evidence that it is a reply to the 4:01 a.m. email through which Perens received the Grsecurity agreement as an alternative source.