1  CHHABRA LAW FIRM, PC
   ROHIT CHHABRA (SBN 278798)
   Email: rohit@thelawfirm.io
2  257 Castro Street Suite 104
   Mountain View, CA  94041
3  Telephone: (650) 564-7929

4  **Attorney for Plaintiffs**
   Open Source Security Inc. &
5  Bradley Spengler

6

7                  **UNITED STATES DISTRICT COURT**
8                  **NORTHERN DISTRICT OF CALIFORNIA**
                      **SAN FRANCISCO DIVISION**
9

10                                          )  Case No.: 3:17-cv-04002-LB
     OPEN SOURCE SECURITY INC. and           )
11   BRADLEY SPENGLER                         )
                                             )  **PLAINTIFFS' SUPPLEMENTAL POINTS**
12                        Plaintiff,          )  **AND AUTHORITIES TO PLAINTIFFS'**
                                             )  **OPPOSITION TO DEFENDANT'S**
13       v.                                   )  **MOTION TO DISMISS AND SPECIAL**
                                             )  **MOTION TO STRIKE, DISCUSSING**
14   BRUCE PERENS, and Does 1-50,            )  **OVERSTOCK.COM INC. V. GRADIENT**
                                             )  **ANALYTICS, INC. 151 CAL. APP. 4TH**
15                        Defendants.         )  **688 (2007)**
                                             )
16                                          )
                                             )  Hearing Date: December 14, 2017
17                                          )  Time: 9:30 a.m.
                                             )  Location: Courtroom C, 15th Floor
18                                          )  Judge: Hon. Laurel Beeler
                                             )
19   _____

20

21

22

23

24

25

26

27

28
                                                              3:17-CV-04002-LB

Plaintiff's supplemental memorandum of points & authorities

In *Overstock.com Inc. v. Gradient Analytics, Inc.* 151 Cal. App. 4th 688 (2007), the court had to analyze a very similar issue as presented in the instant matter. Defendant Gradient provided analytical reporting services on publicly traded companies through a subscription program to its customers of large institutional investors. *Id.* at 693-94. Gradient generated a report about plaintiff Overstock (NASDAQ Trading Symbol: OSTK), stating the following about Overstock's financial statements and accounting policies:

> The most important update in this Alert is new evidence indicating that there is literally `no there there' with respect to OSTK's claimed motivation for changing its revenue recognition model. As a consequence, we believe that it is misstating revenues through a substantive violation of [General Accepted Accounting Principles (GAAP)]. ... As we show, the amount of risk borne by OSTK is virtually nil and, as a consequence, we believe that its use of gross method revenue recognition violates the intent (if not the form) of GAAP.
> ...
> ...
> This is the type of accounting policy choice that we believe the SEC would be very interested in looking at.

*Id.* at 702, *Also see* fn. 11.[1]

Overstock suffered damages and sued for libel and intentional interference with prospective economic advantage based on allegedly false and defamatory statements contained in the Overstock reports published by Gradient; Gradient filed special motion to strike pursuant to California's anti-SLAPP statute. *Id.* at 697-98.

Gradient contended that the statements were nonactionable speech because they were "either (1) opinions based on fully disclosed fact; (2) rational interpretations of ambiguous sources; (3) statements embodying complex and debatable technical judgments; or (4) statements too inexact or subjective to be proven true or false." *Id.* at 703. Overstock countered stating "that the contested material implies defamatory statements of fact that can be objectively verified and as such these

---

[1] "Generally accepted accounting principles (GAAP) are a common set of accounting principles, standards and procedures that companies must follow when they compile their financial statements. GAAP is a combination of authoritative standards (set by policy boards) and the commonly accepted ways of recording and reporting accounting information." Generally Accepted Accounting Principles – GAAP, available at https://www.investopedia.com/terms/g/gaap.asp.

Plaintiff's supplemental memorandum of points & authorities

1  statements are actionable as provably false statements of fact." *Id.*

2       The court applied a 'totality of circumstances' test to determine whether a reasonable fact

3  finder could conclude the published statements declared a provably false assertion of fact, and that a

4  contextual analysis required the court to examine the nature and full content of the particular

5  communication as well as the knowledge and understanding of the audience target by the publication.

6  *Id.* at 701. Gradient also held itself out to its subscribers as having specialized knowledge in the areas

7  of accounting and its readers relied on its opinions are reflecting the truth about Overstock. *Id.* at 706.

8       Here Perens' blog posts[2] allege Plaintiffs' are violating the GPL and thus Plaintiffs' customers

9  are going to be held liable for using the Grsecurity product. Perens continued that he is willing to

10 discuss this issue with any company doing business with Plaintiffs, and that he had "several reliable

11 sources," who could confirm that Plaintiffs were violating the GPL's redistribution policy, suggesting

12 that he wanted Plaintiffs' customers to believe his assertion that Plaintiffs' business practices would

13 result in liability to them. Further, Perens is a known subject matter expert, one of the creators and

14 defenders of the open source movement, and advises engineers how to be in legal compliance with

15 open source related matters, thus his statements are generally going to be considered as facts by an

16 average open source community member, including Plaintiffs' customers.  Therefore, applying the

17 totality of circumstances test, the publications implied that Perens wanted Plaintiffs' customers to

18 believe that Plaintiffs have engaged in unethical business practices which would risk liability on

19 Plaintiffs customers or have engaged at least in conduct, characteristics, or a condition that was

20 incompatible with the proper exercise of their lawful business, trade, or profession. *See* FAC ¶79.

21      Perens, similar to Gradient, argues that his statements alleging that Plaintiffs have violated the

22 GPL are incapable of being proven false. However, the *Overstock* court further noted that the Gradient

23 reports reasonably could be understood as implying Overstock's reporting methods were in violation

24 of the GAAP. *Id.* at 704. The *Overstock* court further disagreed with Gradient's contention that its

25 statements were a "technical issue for which there was no right or wrong answer." *Id.* at 706. Instead

26 the court held, there was "a right or wrong answer to whether in multiple reports Gradient made false

27 _____
   [2] First Amended Complaint at ¶¶ 42 and 48.

28 _____

Plaintiff's supplemental memorandum of points & authorities

statements of fact that are objectively verifiable and provably false, for example, that Overstock's accounting violated GAAP, with the implication that Overstock falsified its financials to mislead investors." *Id.*

Here, a significant similarity can be noted between the GPL and the GAAP. The GAAP outlines standards and procedures, including authoritative standards set by policy boards, that companies must follow when they compile their financial statements. Similarly, the GPL outlines standards and procedures set by the Free Software Foundation, which software developers must follow while releasing their software code under the license. Since the *Overstock* court held that a trier of fact could determine if Overstock violated the GAAP, similarly, a trier of fact can determine if Plaintiffs violated the GPL.

Thus, per the Overstock rationale this Court should at least take judicial notice of facts as presented in FAC ¶¶ 29 – 31[3] and let the trier of fact determine if Plaintiffs are in violation of the GPL. Since no statement or clause of the GPL or the Grsecurity Agreement are disputed by either party, a trier of fact (if not this Court) can objectively verify whether Plaintiffs have violated the GPL with the implication of having engaged in unethical business practices which would risk liability on Plaintiffs customers or have engaged at least in conduct, characteristics, or a condition that was incompatible with the proper exercise of their lawful business, trade, or profession. Therefore, the implied assertion of Perens' statements can be objectively verified (by either the Court, jury, or a combination thereof) and as such these statements are actionable as provably false statements of fact.

Furthermore, malice, or at the very least negligence, can also be shown. The *Overstock* court held that prima facie evidence of malice was established base on "evidence of negligence, of motive and of intent may be adduced for the purpose of establishing, by cumulation and by appropriate inferences, the fact of a defendant's recklessness or of his knowledge of falsity.' A failure to investigate, anger and hostility toward the plaintiff, reliance upon sources known to be unreliable, or known to be biased against the plaintiff — such factors may, in an appropriate case, indicate that the

---

[3] FAC ¶¶ 29 -31 state undisputed common law principles, namely, a business' right to refuse to deal, or not to deal, with any customer.

-3-

Plaintiff's supplemental memorandum of points & authorities

3:17-CV-04002-LB

1   publisher himself had serious doubts regarding the truth of his publication." *Id.* at 709-10, (citation

2   omitted).

3          Here, Perens has claimed to have several reliable sources to whom Plaintiff's have conveyed

4   statements, verbally or otherwise, which suggest that Plaintiffs are in violation of the GPL. FAC ¶¶ 42,

5   45. However, Plaintiffs have alleged there cannot be such witnesses. FAC ¶ 46, Plaintiffs' Opp. to anti-

6   SLAPP, Ex. 1, Spengler Decl. ¶ 9 (ECF. No. 38-1).  Further, Perens admits that he published his blog

7   posts based on an email chain sent to an email list, and does not mention any facts related to his

8   reliable sources or witnesses. Def. Opp'n to Part. Mo. for Summary Judgment, Perens' Decl. ¶¶6-7

9   (ECF No. 32-3). At the time of the initial publication, except for an email published on a listserv by an

10  anonymous person, Perens did not even have access to the Grsecurity Access Agreement. *Id.,* Perens'

11  Decl. ¶9.  Also, Perens decided not to discuss his disagreement with Plaintiffs since he found his

12  tactics of publishing defamatory statements more effective than writing to Plaintiffs. FAC ¶79. Perens,

13  at one point, has also admitted that the Grsecurity Agreement does not violate the GPL, and that he had

14  witnesses that could prove Plaintiff's violation. FAC ¶45.  Yet, Perens updated his blog post and

15  explicitly stated that the Grsecurity violated the GPL. Thus, collectively, Plaintiffs have established

16  prima facie evidence that Perens had serious doubts regarding the truth in his publication or

17  intentionally published the statements with malice, oppression, and fraud. Nonetheless, such facts, at

18  the very least establish a prima facie case of negligence by Perens.

19         The *Overstock* court also held that prima facie showing of intentional interference with

20  prospective economic advantage was established "since a plaintiff's burden includes pleading and

21  proving that the defendant not only knowingly interfered with the plaintiff's expectancy, but engaged

22  in conduct that was wrongful by some legal measure other than the fact of interference itself." *Id.* at

23  713, (citations omitted).

24  December 12, 2017.

25                                          Respectfully Submitted,

26                                          /s/*Rohit Chhabra*
                                            Rohit Chhabra
27                                          Attorney for Plaintiffs

28

-4-

Plaintiff's supplemental memorandum of points & authorities