CHHABRA LAW FIRM, PC
ROHIT CHHABRA (SBN 278798)
Email: rohit@thelawfirm.io
257 Castro Street Suite 104
Mountain View, CA 94041
Telephone: (650) 564-7929

**Attorney for Plaintiffs**
Open Source Security Inc. &
Bradley Spengler

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| OPEN SOURCE SECURITY INC. and BRADLEY SPENGLER<br><br>    Plaintiff,<br><br>v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>    Defendants. | Case No.: 3:17-cv-04002-LB<br><br>**Plaintiffs' Ex Parte Motion to Enter Final Judgment; and Rohit Chhabra's Declaration**<br><br>Location: Courtroom C, 15th Floor<br>Judge: Hon. Laurel Beeler |

Plaintiffs' Ex parte Motion to Enter Judgment

3:17-CV-04002-LB

1    December 21, 2017 this Court granted Defendant's Motion to Dismiss Plaintiffs' complaint
2 under Fed. R. Civ. P. 12 (b) (6), with leave to amend. On January 18, 2018, Plaintiffs' filed a Notice of
3 Intent Not to Amend Complaint requesting the Court to enter judgment and dismiss the complaint
4 without prejudice so that Plaintiffs could appeal the matter. On January 19, 2018, the Court indicated
5 that to appeal, the case should be dismissed with prejudice. The Court also directed the parties to
6 confer a proposed judgment. Accordingly, the parties conferred on January 22, 2018. Plaintiffs
7 expressed their desire to file this *ex parte* motion and proposed judgment on January 22, 2018, and
8 therefore the parties were unable to reach a full agreement on the form or content of the proposed
9 judgment.
10   Plaintiffs' submit a proposed Order herewith.

12 **Points and authorities**

13   Even if plaintiffs have requested the court to dismiss the case without prejudice, as long as they
14 notify their intent to appeal a matter, the court should dismiss the case with prejudice. *Concha v.*
15 *London*, 62 F. 3d 1493, 1508-09 (9th Cir. 1995) (stating that when it is apparent that plaintiffs would
16 have absolutely nothing to gain by filing a voluntary dismissal without prejudice, and when plaintiff
17 specifically expresses a desire a dismissal preserving its right to appeal, the dismissal should be
18 considered with prejudice, even if does not expressly state so.)
19   Further, "under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the
20 district court dismisses the complaint with leave to amend, the dismissal is typically considered a
21 dismissal for failing to comply with a court order rather than for failure to prosecute a claim." *Edwards*
22 *v. Marin Park, Inc.*, 356 F. 3d 1058, 1064 (9th Cir. 2004), citing *Yourish v. California Amplifier*, 191
23 F. 3d 983 (9th Cir. 1999); Also see *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992).  However,
24 "[a] Rule 12(b)(6) dismissal  [ferments] into a Rule 41(b) dismissal only upon a plaintiff's inaction.
25 When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened
26 dismissal merely ripens into a final, appealable judgment." *Edwards at*  1065, citing *WMX*
27 *Technologies, Inc. v. Miller,* 104 F. 3d 1133 (9th Cir. 1997). Following such a notice, the district court

-1-

3:17-CV-04002-LB

Plaintiffs' Ex parte Motion to Enter Judgment

1 should consider the election not to amend at face value and enter a final judgment dismissing all claims
2 *with prejudice*. *Id.* at 1064 (italics added). The dismissal should be under Rule 12(b)(6). *Id.* at 1065.

**Plaintiffs' Position**

Here since Plaintiffs, on January 18, 2018, have expressly elected not to amend the complaint a Fed. R. Civ. P. 41(b) sanctioned dismissal is not warranted and the Court should instead dismiss the case under Fed. R. Civ. P.12 (b)(6), pursuant to its December 21, 2017 Order.  Further, since Plaintiffs have expressly stated their intention not to file an amended complaint so that they can appeal the matter, even if Plaintiffs have incorrectly requested that the matter be dismissed *without prejudice*, the court should still enter final judgment dismissing the matter *with prejudice*. Such a dismissal cannot be deemed voluntary under Fed. R. Civ. P. 41(a) (1) or (a) (2), as Plaintiffs clarify that they do not wish to voluntarily dismiss the complaint.

Therefore, the Court is requested to *sua sponte*, based on Plaintiffs' Notice of Intent Not to File an Amended Complaint, enter final judgment to dismiss the complaint with prejudice, pursuant to its December 21 Order under Fed. R. Civ. P. 12(b)(6) so that Plaintiffs' can appeal the matter.  Plaintiffs agree that Defendant should be deemed the prevailing party for the purposes of awarding attorneys' fees and costs pursuant to California's anti-SLAPP statute, pursuant to the Court's December 21, 2017 Order.

**Defendant Bruce Perens's position**

The Parties have conferred as the Court instructed on January 19, 2018 (ECF No. 56). Plaintiffs desired to file their motion on January 22, 2018.  While this timing did not allow the Parties to reach an agreement on the form and content of Plaintiffs' motion, Defendant agrees that a dismissal with prejudice is appropriate.  Defendant also agrees that Defendant should be deemed the prevailing party for the purposes of awarding attorneys' fees and costs, that the Court retains jurisdiction to determine collateral issues including fees and costs, and that the Parties will submit a proposed briefing schedule.  Defendant also preserves all rights to recover fees related to any appeal.

**Plaintiffs' Proposed Order:**

Plaintiffs' have filed a notice of intent to not file an amended complaint and expressed a desire to appeal this matter. Based on the notice, the Court dismisses the case with prejudice under Fed. R. Civ. P. 12(b)(6). See *Edwards v. Marin Park, Inc*., 356 F. 3d 1058 (9th Cir. 2004); Also see *Concha v. London*, 62 F. 3d 1493 (9th Cir. 1995). Based on the Court's December 21, 2017 Order, Defendant's motion to strike pursuant to California's anti-SLAPP statute is deemed granted and the Court deems Defendant the prevailing party for the purposes of awarding mandatory attorneys' fees and costs. The Court retains jurisdiction to determine collateral issues including fees and costs permitted under California's anti-SLAPP statute. The Parties will submit a stipulated briefing schedule for motions related to fees and costs.

It is so Ordered.

Date: January 22, 2018

                                                   Respectfully Submitted,

                                                   CHHABRA LAW FIRM, PC

                                                   s/*Rohit Chhabra*
                                                   Rohit Chhabra
                                                   Attorney for Plaintiffs
                                 Open Source Security Inc. & Bradley Spengler

# **DECLARATION**

I, Rohit Chhabra, declare:

1. I am the attorney representing Plaintiffs Open Source Security Inc., and Bradley Spengler ("Plaintiffs") in the above referenced action. My office is located at 257 Castro St. 104 Mountain View California 94041. I am a member of the bar of the State of California. I have personal knowledge and I am informed of the facts stated herein and, if called to testify, could and would testify completely hereto.

2. As instructed by the Court on January 19, 2018 (ECF No. 56), the Parties conferred on a proposed form of judgment. However, Plaintiffs desired to file this motion on January 22, 2018, while Defendant Perens's counsel wanted more time to discuss this matter. Therefore the Parties failed to reach an agreement on the form and content of this motion or proposed judgment.

3. Defendant's position as stated in this motion is a true and correct reproduction of the statements provided in writing by Defendant's counsel, Ms. Melody Drummond Hansen, via email on January 22, 2018 at or about 7:19 p.m.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of January 2018 in Mountain View, California.

Respectfully Submitted,

CHHABRA LAW FIRM, PC

s/*Rohit Chhabra*
Rohit Chhabra
Attorney for Plaintiffs
Open Source Security Inc. & Bradley Spengler

---

-4-

3:17-CV-04002-LB

Plaintiffs' Ex parte Motion to Enter Judgment