MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
HEATHER J. MEEKER (S.B. #172148)
hmeeker@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025-7019
Telephone: +1 650 473 2600
Facsimile: +1 650 473 2601

CARA L. GAGLIANO (S.B. #308639)
cgagliano@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

Attorneys for Defendant
Bruce Perens

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., and BRADLEY SPENGLER,<br><br>Plaintiffs,<br><br>v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>Defendants. | Case No. 3:17-cv-04002-LB<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: Hon. Laurel Beeler |

**NOTICE OF MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Bruce Perens hereby moves for an award of attorneys' fees and costs under 28 U.S.C. § 1927 and the Court's inherent powers against Plaintiffs' counsel Rohit Chhabra. This motion is proper because Plaintiffs' counsel unnecessarily, vexatiously, and in bad faith multiplied the proceedings in this litigation. Defendant respectfully requests an award in the amount of $121,758 for attorneys' fees and related nontaxable expenses resulting from the unnecessary and vexatious multiplication of the proceedings, including fees and costs incurred in connection with responding to Plaintiffs' First Amended Complaint (ECF No. 18), which this Court dismissed with prejudice on January 24, 2018 (ECF No. 58); responding to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 24), which this Court denied on December 21, 2017 (ECF No. 53); responding to factual inaccuracies contained in Open Source Security, Inc.'s Reply in Support of Its Motion for Partial Summary Judgment (ECF No. 37); and responding to Plaintiffs' Supplemental Memorandum of Points & Authorities in Opposition to Defendant's Motion to Dismiss and Special Motion to Strike (ECF No. 45-1). Mr. Perens also requests an award of his fees incurred in bringing this Motion pursuant to § 1927 as permitted by law, currently accrued at $26,149.50. This Motion is made following the conference of counsel pursuant to L.R. 54-5, which took place on February 7, 2018.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities in support thereof and all materials cited within the Memorandum, including the Declaration of Melody Drummond Hansen and exhibits attached thereto, the concurrently filed Notice of Motion and Motion for Fees & Costs Pursuant to California's Anti-SLAPP Statute and accompanying declarations and exhibits attached thereto, the other pleadings and papers on file in this action, and any further evidence or argument the Court might allow.

Dated: February 7, 2018

MELODY DRUMMOND HANSEN
HEATHER J. MEEKER
CARA L. GAGLIANO
O'MELVENY & MYERS LLP

By: *Melody Drummond Hansen*
Melody Drummond Hansen
Attorneys for Defendant Bruce Perens

## MEMORANDUM AND POINTS OF AUTHORITY

Defendant Bruce Perens brings this motion against Plaintiffs' counsel, Mr. Rohit Chhabra, because Plaintiffs' counsel bears some responsibility for the amount of fees unnecessarily incurred in this case. Plaintiff's counsels' reckless and vexatious litigation tactics unnecessarily multiplied the proceedings, ballooning the ultimate fees incurred in defending this litigation by several times. As an officer of the court—and considering the risk of fees that would be chargeable to his clients under anti-SLAPP law—Plaintiffs' counsel should have sought to avoid unnecessarily complicating the case and increasing the cost of litigation, and all lawyers have a duty to ensure that all signed filings are submitted for proper purposes.

From the beginning, Plaintiffs' counsel has contributed to the high cost of this litigation by treating the litigation as a "game" to be won rather than seeking the most effective and efficient ways to resolve the parties' disputes. *See* Drummond Hansen Decl. ¶ 2. Plaintiffs' counsel engaged in a pattern of reckless and bad faith filing of premature and duplicative motions, engaging in unusual procedural maneuvers, and pursuing frivolous and harassing arguments, wasting the Court's and the parties' resources. He rebuffed efforts by Mr. Perens's counsel to manage the case reasonably. As one egregious example, Plaintiffs' counsel filed a motion for partial summary judgment before Mr. Perens could file his second anti-SLAPP motion, then refused to Mr. Perens's counsel's request to delay proceeding on that premature summary judgment motion until after the Court determined whether Plaintiffs' claims could proceed at all. Plaintiffs' counsel later admitted that he filed the motion for partial summary judgment for purely tactical reasons—to obtain Mr. Perens's declarations. *See* Dec. 14, 2016 Hr'g Tr. at 6:13–14, 6:21–7:48. Courts in this district routinely impose sanctions for this type of behavior, regardless of the relative resources or experience of the litigators. Section 1927 sanctions exist not only to hold individual attorneys responsible, but also to deter the kinds of bad faith behavior that make litigation unnecessarily vexatious, increasing costs for everyone. This purpose is especially important in an anti-SLAPP case where Plaintiffs' counsel is on notice that the claims are subject to being stricken under anti-SLAPP, yet proceeds nonetheless to recklessly increase fees and costs.

While Mr. Perens is entitled to recover mandatory attorneys' fees from Plaintiffs under California's anti-SLAPP statute (*see generally* Def's Mot. for Mandatory Fees & Costs Under California's Anti-SLAPP Law, *concurrently filed*), this motion seeks to also hold Plaintiffs' counsel jointly and severally liable for fees attributable to counsel's misconduct and for fees and costs incurred in filing this motion under §1927 to the extent permitted by law.[1]

## I. THE COURT SHOULD IMPOSE SANCTIONS UNDER § 1927 AND THE COURT'S INHERENT POWERS.

Plaintiffs' counsel's pattern of bad faith conduct is precisely the type of behavior that § 1927 is meant to deter. The purpose of § 1927 is to deter attorneys from "multiplying legal proceedings unnecessarily, and to compensate attorneys forced to endure such proceedings." *Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 04-1403 VRW, 2005 WL 1513130, at *16 (N.D. Cal. June 22, 2005), *aff'd sub nom. St. Paul Fire & Marine Ins. Co. v. Vedatech Int'l, Inc.*, 245 F. App'x 588 (9th Cir. 2007). To that end, § 1927 authorizes federal courts to require an attorney who "multiplies the proceedings in any case unreasonably and vexatiously" to personally satisfy the attorneys' fees and costs incurred because of their conduct. 28 U.S.C. § 1927. An attorney acts "unreasonably and vexatiously" when he or she acts with intent, recklessness, or bad faith. *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.*, 760 F.2d 1045, 1048 (9th Cir. 1985).

Federal courts also have the inherent authority to impose sanctions for misconduct, which may include an award of attorneys' fees, against attorneys and parties who "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Liu v. Win Woo Trading*, LLC, No. 14-CV-02639-KAW, 2016 WL 3280474, at *2 (N.D. Cal. June 15, 2016). The Ninth Circuit has concluded that sanctions are available under a court's inherent power if "preceded by a finding of bad faith, or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *See Gomez v. Vernon*, 255

[1] Because § 1927 sanctions may not be imposed on represented parties, *FTC v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir. 1986), and because Mr. Perens's request for sanction under the Court's inherent powers is likewise based on Plaintiffs' counsel's bad faith conduct, Mr. Perens has excluded his fees and costs incurred in connection with this motion from the amount he seeks to recover under the anti-SLAPP statute. (*See* Anti-SLAPP Fees Mot.)

F.3d 1118, 1134 (9th Cir. 2001).[2]

Sanctions are merited here because Plaintiffs' counsel has engaged in a pattern of reckless and bad faith filing of premature and duplicative motions, engaging in unusual procedural maneuvers, and pursuing frivolous and harassing arguments, wasting the Court's and the parties' resources.

**A. Plaintiffs' Counsel's Reckless and Vexatious Litigation Tactics Unnecessarily Multiplied the Proceedings.**

While Plaintiffs' counsel should have been aware that Plaintiffs' claims were subject to anti-SLAPP before he filed this lawsuit, counsel certainly was on notice after Mr. Perens filed his initial anti-SLAPP motion on September 18, 2017. Rather than allowing the Court to efficiently address the parties' core dispute regarding whether Plaintiffs' claims were actionable, Plaintiffs' counsel instead chose course of conduct that unreasonably and vexatiously multiplied the proceedings. While § 1927 sanctions may not be applied to initial pleadings, courts imposed sanctions where counsel files even one unreasonable or vexatious motion, or advances unreasonable or vexatious arguments regarding a previously scheduled motion. *See, e.g. De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1077 (9th Cir. 2011) (affirming sanctions under § 1927 for against an attorney for filing a single motion to disqualify); *Vedatech,* 2005 WL 1513130, at *17 (imposing sanctions on pro se plaintiffs for advancing frivolous arguments in a motion to dismiss).

This dispute could have been resolved following briefing on Mr. Perens's original motion to dismiss and strike, filed on September 18, 2017and noticed for hearing on October 26, 2017. Indeed, the Court ultimately dismissed Plaintiffs' amended complaint for the same reasons Mr. Perens's offered that the original complaint should be dismissed (*compare* ECF No. 11 at 13-18, 19-22 *with* ECF No. 53 13-18.) Plaintiffs' Amended Complaint added more facts and new theories and a new party (to avoid a clearly legally deficient false light claim), but it did nothing

[2] Mr. Perens recognizes that he is not entitled to the costs of bringing this motion under the court's inherent powers. As such, he seeks an award of costs for bringing this Motion under § 1927 alone. *See Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 632 (9th Cir. 2017).

to remedy the original complaint's core legal defects and instead pursued equally inactionable claims. (ECF No. 18.) Plaintiffs' counsel then continued to unnecessarily complicate the case.

One egregious example of Plaintiffs' counsel unnecessarily multiplying the proceedings was filing of a Motion for Partial Summary Judgment (ECF No. 24) before Mr. Perens could even respond to Plaintiffs' Amended Complaint, and noticed the summary judgment motion for a date before Mr. Perens's renewed anti-SLAPP motion could be heard. (ECF No. 24, "MPSJ.") Plaintiffs' counsel then refused Mr. Perens's counsel's request that the parties defer briefing on Plaintiffs' partial summary judgment motion until after the resolution of Mr. Perens's motion to dismiss and anti-SLAPP motion, given that Mr. Perens's motions could dispose of all four claims in the case (as indeed they did), a motion for partial summary judgment by definition could not resolve the case, and Plaintiffs' motion was premature. *See* Drummond Hansen Decl. ¶ 4. Despite failing to identify any prejudice that Plaintiffs would suffer, Plaintiffs' counsel rejected Mr. Perens's proposal, stating that he "sincerely believe[d] that the motion for partial summary judgment would make [Mr. Perens's] anti-SLAPP motions moot/ frivolous" (10/23/17 email). But at the December 14 hearing, Plaintiffs' counsel made no attempt to defend the motion's merits and instead admitted that he "honestly just wanted Mr. Perens's Declarations." *See* Dec. 14, 2016 Hr'g Tr. at 6:13–14, 6:21–7:4. As a result of the unnecessary filing, defense counsel spent unnecessary hours responding to a premature and procedurally unusual motion that did not require the court's consideration. *See* Drummond Hansen Decl. ¶ 4; Dec. 14, 2017 Hr'g Tr. at 6:13–4, 7:10–14. That burden was compounded by Mr. Perens's simultaneous preparation for hearing on his motions challenging the First Amended Complaint, requiring defense counsel to staff additional associates on the matter. Drummond Hansen Decl. ¶¶ 4-5.

Plaintiffs' numerous filings and positions resulted in eleven filings by the parties in October, and an additional five filings in November, and forced Mr. Perens's counsel and the Court to review two complaints, two motions for joinder, two motions to dismiss, a motion for summary judgment, a motion to file a Surreply, among other briefing. Plaintiffs' last motion (for supplemental briefing) was filed nearly two months after Mr. Perens's original anti-SLAPP motion and motion to dismiss was noticed.

Plaintiffs' counsel engaged in other conduct that unnecessarily multiplied proceedings. For example, Plaintiffs' counsel engaged in a campaign of unreasonable theories and inaccurate factual statements across multiple briefs, forcing Mr. Perens to correct the record. (ECF Nos. 37, 38.) Plaintiffs' counsel insisted that Plaintiffs needed discovery before the anti-SLAPP hearing, but would not identify the allegedly needed discovery and did not comply with the procedural requirements of Federal Rule of Civil Procedure 56(d). (ECF No. 38.) Two days before the hearing on Mr. Perens's motion to dismiss, Plaintiffs filed yet another unnecessary filing--a motion for supplemental briefing on a decade-old case based on completely different facts. (ECF No. 45.) This forced Mr. Perens's counsel to divert attention away from hearing preparation to respond to a meritless motion.

Plaintiffs' counsel's actions had the cumulative effect of delaying proceedings by nearly two months and increasing fees by multiple times the fees incurred in preparation for Mr. Perens's original motion to dismiss and to anti-SLAPP. His actions have clearly vexatiously multiplied the proceedings as contemplated by § 1927.

**B. Plaintiffs' Counsel Acted Recklessly and in Bad Faith.**

Plaintiffs' counsel engaged in a pattern of reckless and bad faith filing of premature and duplicative motions, engaging in unusual procedural maneuvers, and pursuing frivolous and harassing arguments. A movant can establish that an attorney acted "unreasonably and vexatiously" when the attorney acts with intent, bad faith, or recklessness. *Optyl Eyewear,* 760 F.2d at 1048. Knowing or reckless conduct meets this standard." *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1121–22 (9th Cir. 1991). Bad faith may also be inferred from an attorney's pattern of behavior and course of conduct as a whole. *See Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944 (E.D. Cal. 2005).

Plaintiffs' counsel's pattern of behavior supports a finding of recklessness and bad faith. For example, minutes after Mr. Perens submitted his original Motion to Dismiss and Strike, Plaintiffs' counsel wrote to Mr. Perens, stating "This will be a fun game to play…Game on." Drummond Hansen Decl. Ex. 1. Over the course of the litigation, Plaintiffs' counsel apparently did treat the litigation as a game to be won. For example, after agreeing to a briefing schedule on

Mr. Perens's second anti-SLAPP motion and motion to dismiss, hours later, Plaintiffs' counsel filed a motion for partial summary judgment, then refused to continue briefing, telling Mr. Perens's counsel that he believed it would render the Motion to Dismiss and Strike moot. Drummond Hansen Decl. ¶ 3. But counsel later admitted that the summary judgement motion was filed just to obtain Mr. Perens's declarations. Dec. 14, 2016 Hr'g Tr. at 6:13–14, 6:25–7:48. Filing such a baseless motion could alone merit the award of sanctions. *See Optyl Eyewear*, 760 F.2d at 1051. In *Optyl Eyeware*, for example, the Ninth Circuit affirmed an award against an attorney who filed a motion for disqualification, knowing there was no basis for the motion. *Id.* The Ninth Circuit further found that bad faith is evident when motions are improperly filed as "tactical maneuvers." *Id.* Similarly here, Plaintiffs' counsel submitted a filing not because he expected the motion to be meritorious but instead knowing there was no basis for the motion other than gaining a tactical advantage of obtaining Mr. Perens's declarations.

Additionally, Plaintiffs' counsel insisted on pursuing baseless theories meant to harass Mr. Perens. For example, Plaintiffs' summary judgment reply brief fundamentally misconstrued statements in Mr. Perens's declaration, and accused him of intentionally omitting certain details. (ECF No. 37.) Defense counsel sent an email to Plaintiffs' counsel, explaining how Plaintiffs had misconstrued Mr. Perens's statements and providing supporting documentation located by Mr. Perens. Drummond Hansen Decl. ¶ 6. Plaintiffs nonetheless insisted on opposing Mr. Perens's request to correct the information with the Court. *Id.; see also* ECF No. 42. Plaintiffs' counsel also accused Mr. Perens of committing "perjury" for merely requesting to correct his October 31 statement to reflect that he had confirmed from his email records that he reviewed the Grsecurity agreement the morning of July 10, rather than in the evening of July 9, as he previously recalled—a trivial misstatement that had no bearing on the litigation. Decl. of Melody Drummond Hansen ¶ 6. Despite the proffered proof, moreover, Plaintiffs' counsel continued to press the same incoherent theory in his opposition to Mr. Perens's anti-SLAPP motion. *See* Opp. to Second Mot. to Dismiss at 3, 8, 17, 22-23 (ECF No. 38.)

Plaintiff also filed a frivolous motion for supplemental briefing. (ECF No. 45.) While many litigants might wish they could supplement their briefing after finding additional case

support, there are established rules regarding when such filings are appropriate.[3] Also, as the Court pointed out in the hearing, the case was readily distinguishable. Dec. 14, 2017 Hr'g Tr. at 2:58–3:40, 8:45–9:08. Courts have recognized this type of submission as sanctionable, regardless of the attorney's experience or lack of resources. For example, in *Vedatech,* the court awarded sanctions against a pro se plaintiff based on his on his "fundamental ignorance (either intentional or reckless) of the ability to read case law." 2005 WL 1513130, at *17. And in *Moser*, the court imposed sanctions on a seventh-year associate, holding she had enough experience to know not to make a "significant and unproductive departure from the Federal Rules of Civil Procedure." 366 F. Supp. 2d at 973-74. While she claimed her mistakes were due to "mistake, misunderstanding, or carelessness," the court disagreed, finding that "as an attorney licensed to practice law in the State of California," she had an "ethical obligation to ask for help and get instructions from her superiors if she truly could not deal with the 'complexities' of the case." *Id.* at 973-74, 977.

Taken as a whole, Plaintiffs' counsel's conduct has unnecessarily multiplied the proceedings. As such, Mr. Perens respectfully requests that the Court grant sanctions in order to hold Plaintiffs' counsel responsible for his role in unreasonably increasing the costs of the litigation.

## II. THE ATTORNEYS' FEES REQUESTED ARE REASONABLE.

The fees requested by Mr. Perens are reasonable given the multitude of unnecessary motions Plaintiffs' counsel insisted on filing, and the number of frivolous arguments Plaintiffs' attorney persisted in arguing. For the sake of judicial economy, the reasonableness of the fees and costs is described in Mr. Perens's concurrently filed Motion for Fees and Costs and the Drummond Hansen Declaration filed in support thereof. If the Court prefers, however, Defendant's counsel would be happy to file a separate Declaration in support of this motion as well. In total, Mr. Perens is seeking $121,758, which represents 213.9 hours of work in preparing

[3] Civil Local Rule 7-3(d) contemplates that no additional memoranda, prepares, or letters should be filed after a Reply is submitted. While it does list an exception for supplementing the briefs with a relevant judicial opinion, such an exception is designed for cases "published after the date the opposition or reply was filed." Moreover, the proper procedure is to submit a citation and copy of the new opinion, without presenting additional arguments. Plaintiffs' four page briefing was not appropriate for a decade-old case.

a second anti-SLAPP motion, supplemental briefing and opposition to the partial motion for summary judgment. (*See concurrently filed* Mot. for Mandatory Fees Under Anti-SLAPP.) He is also seeking $26,149.50 for the fees incurred (for 47.7 hours of work) in filing this motion pursuant to §1927. As the Ninth Circuit has recognized, fees and costs for bringing a sanctions motion may be included under Section 1927. *See Blixseth v. Yellowstone Mountain Club, LLC*, 854 F.3d 626, 632 (9th Cir. 2017).

## III. CONCLUSION

At every stage of the litigation, Plaintiffs' counsel's gamesmanship unnecessarily complicated the proceedings and forced Mr. Perens and his counsel to spend hundreds of hours addressing meritless claims and accusations. Plaintiffs' counsel undertook this course of conduct in bad faith, or at a minimum, recklessly and frivolously. While Mr. Perens is entitled to mandatory fees under California's anti-SLAPP statute, he also believes that Plaintiffs' counsel should bear some of the responsibility for the payment of those fees, due to Plaintiffs' counsel's unprofessional and bad faith attitude in litigating this case. For the foregoing reasons, Mr. Perens respectfully requests that this Court award Defendant $121,758 for 213.9 hours of work under § 1927 and the Court's inherent powers, and $26,149.50 for the fees incurred (for 47.7 hours of work) in filing this motion pursuant to § 1927, for which Plaintiffs' counsel should be liable.

Dated: February 7, 2018

MELODY DRUMMOND HANSEN
HEATHER J. MEEKER
CARA L. GAGLIANO
O'MELVENY & MYERS LLP

By: *Melody Drummond Hansen*
Melody Drummond Hansen
Attorneys for Defendant Bruce Perens