1   MELODY DRUMMOND HANSEN (S.B. #278786)
    mdrummondhansen@omm.com
2   HEATHER J. MEEKER (S.B. #172148)
    hmeeker@omm.com
3   O'MELVENY & MYERS LLP
    2765 Sand Hill Road
4   Menlo Park, California  94025-7019
    Telephone:     +1 650 473 2600
5   Facsimile:     +1 650 473 2601

6   CARA L. GAGLIANO (S.B. #308639)
    cgagliano@omm.com
7   Two Embarcadero Center
    28th Floor
8   San Francisco, California 94111-3823
    Telephone:     +1 415 984 8700
9   Facsimile:     +1 415 984 8701

10  Attorneys for Defendant
    Bruce Perens

11

12              **UNITED STATES DISTRICT COURT**

13             **NORTHERN DISTRICT OF CALIFORNIA**

14                    **SAN FRANCISCO**

15

16  OPEN SOURCE SECURITY, INC., and          Case No. 3:17-cv-04002-LB
    BRADLEY SPENGLER,
17                                           **DECLARATION OF MELODY**
                 Plaintiffs,                 **DRUMMOND HANSEN IN SUPPORT**
18                                           **OF DEFENDANT BRUCE PERENS'S**
         v.                                  **MOTION FOR MANDATORY FEES**
19                                           **AND COSTS UNDER CALIFORNIA'S**
    BRUCE PERENS, and Does 1-50,             **ANTI-SLAPP LAW**
20
                 Defendants.
21

22

23        **REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**

24

25

26

27

28

## DECLARATION OF MELODY DRUMMOND HANSEN

I, Melody Drummond Hansen, declare as follows:

1.      I am a partner of O'Melveny & Myers LLP ("O'Melveny"), attorneys of record for Defendant Bruce Perens in this action.  I am admitted to practice in the Northern District of California.  I submit this Declaration under Civil Local Rule 54-5 in support of Mr. Perens's Motion for Fees and Costs pursuant to California's anti-SLAPP statute.  I have personal knowledge and am informed of the facts stated herein and, if called to testify, I could and would testify to the truth of the following.

2.      The work performed by O'Melveny attorneys was performed at my direction and at the direction of my partner, Heather Meeker, and we oversaw the costs incurred.  I personally reviewed the fees and costs records reflecting this work and expenses.

3.      On January 24, 2018, the Court entered its judgment in this case, dismissing all of Plaintiffs' claims with prejudice.

4.      Mr. Perens seeks an award of $667,665.25 in fees.  That figure consists of a lodestar figure of $478,977.50—based on 833.9 hours reasonably expended on this litigation multiplied by his attorneys' customary hourly rates, which are in line with prevailing market rates for comparable work performed by attorneys of comparable quality—and a $188,687.75 success fee provided for in the alternative fee arrangement Mr. Perens entered with his counsel.  This calculation of fees does not include 194.9 hours expended on this litigation, which I reviewed and wrote-off and or wrote down time using professional judgment as I would for other matters.  This led to a write off and write down of 194.9 hours.

5.      Mr. Perens seeks $2,403.12 in costs incurred on work performed defending Mr. Perens in this case.  This calculation of costs does not include online legal research, third-party text editing, postage, travel expenses, and meals totaling $ 4,647.90 in costs, which I reviewed and wrote-off using professional judgment as I would for other matters.

6.      Below is a description and explanation of (a) the primary litigation team staffed on this matter; (b) the hourly rates charged for each attorney and professional support staff member; (c) the number of hours billed by each attorney and professional support staff member; (d) the

1   alternative fee arrangement established between the firm and Mr. Perens; and (e) the costs

2   incurred in association with this litigation.

3       **(A)**    **Litigation Team**

4       7.    O'Melveny serves as Defendant Bruce Perens's counsel in this litigation.

5   O'Melveny is an international law firm with more than 700 lawyers in 15 offices worldwide.

6   O'Melveny is recognized as a leader in handling complex litigation. For example, the firm has

7   been named to *The American Lawyer*'s prestigious "A-List" for six years in a row and is one of

8   just two firms to be named a winner, finalist, or honorable mention in every year of *The American*

9   *Lawyer*'s Litigation Department of the Year Contest.  O'Melveny is also rated as a "Leading

10  Firm" by *Chambers USA* and has been recognized by *U.S. News* "Best Law Firms" with 27

11  nationwide practice rankings and seven regional rankings for San Francisco.

12      8.    To effectively defend Mr. Perens against the serious accusations lodged by

13  Plaintiffs, O'Melveny's team included five attorneys with the proper experience and seniority

14  levels to handle the litigation responsibilities inherent in this case.

15      9.    I am a litigation partner in O'Melveny's Silicon Valley office with over a decade

16  of experience litigating in federal and state court. I graduated cum laude and *Order of the Coif*

17  from the University of Chicago Law School in 2005.  My litigation practice includes patent,

18  privacy, copyright, trademark, contract, and unfair competition matters.  I have been recognized

19  for my litigation work in intellectual property by *Law 500*, and I currently serve as Co-Chair of

20  the Bar Association of San Francisco's Intellectual Property Executive Committee.  Through the

21  course of my litigation career, I have successfully defended clients in defamation actions and also

22  have advised clients on Open Source licensing and litigation.  In this case, I was the day-to-day

23  litigation lead partner, driving strategy and overseeing the work of associates on the matter.

24      10.    Heather Meeker is a corporate partner in O'Melveny's Silicon Valley office. She

25  graduated *Order of the Coif* from Boalt Hall School of Law at the University of California,

26  Berkeley in 1994.  Afterwards, she served as a law clerk on the 10th Circuit Court of Appeals for

27  the Honorable John Porfilio.  She joined O'Melveny as a partner in 2014.  Heather is

28  internationally known as an expert on Open Source licensing, with over twenty years of

DRUMMOND HANSEN DECL. ISO
MOTION FOR FEES AND COSTS
3:17-CV-04002-LB

experience in IP licensing practice. She has been recognized as a top rated technology expert by a variety of publications, including *The Daily Journal*, Northern California *Super Lawyers*, and *Managing IP Magazine*, and was named "San Francisco Information Technology Law Lawyer of the Year" by *The Best Lawyers in America*. She is also the author of many publications on Open Source matters, including "Open Source for Business," a leading book on open source licensing for lawyers, businesspersons, and engineers. She has worked with Mr. Perens for more than a decade. Heather served as the client relationship partner and also as an advisor on Open Source issues in the case including the underlying merits of Plaintiffs' claims that they did not violate Open Source, as well as the public interest in the subject-matter of Mr. Perens's opinions.

11.     Cara Gagliano is a litigation associate in O'Melveny's San Francisco office, with two and a half years of experience litigating trademark and trade dress issues. Cara graduated from New York University's Law School in 2015. Both during her time in law school and at O'Melveny, she has placed a special focus on First Amendment issues, including in the anti-SLAPP and defamation contexts. Cara has skills beyond her years of experience, and as a third-year associate, Cara was a very efficient biller to manage many day-to-day aspects of the matter, including leading individual briefs and other filings, conducting research and analysis, and later overseeing the work of the first year associates on the matter.

12.     Marissa Rhoades is a litigation associate in O'Melveny's San Francisco office, joining the firm in October of 2017. She graduated from the University of California, Berkeley, School of Law in 2017, *Order of the Coif*, where she received a certificate in Intellectual Property & Technology. While at Berkeley, Marissa served as a judicial extern to the Honorable Jon S. Tigar in the Northern District of California and as an Associate Editor for the California Law Review.

13.     Eric Ormsby is a litigation associate in O'Melveny's San Francisco office, joining the firm in October of 2017. He graduated from Columbia Law School in 2017, where he served as a Notes Editor on the Columbia Law Review. During his time in law school, he served as a judicial extern to the Hon. John L. Kane of the U.S. District Court for the District of Colorado and as a research assistant to professors David Pozen and T. Alex Aleinikoff.

DRUMMOND HANSEN DECL. ISO
MOTION FOR FEES AND COSTS
3:17-CV-04002-LB

14.     As first-year associates, Marissa and Eric offered the lowest attorney billing rates for conducting research and analysis and drafting initial drafts of outlines and motions.

15.     In addition to the five attorney timekeepers, O'Melveny also utilized two members of the firm's professional legal support staff at various stages of the litigation.

16.     Diana Diaz is a Case Manager in the Silicon Valley Litigation Department and assisted the legal team with various tasks throughout this case.  Ms. Diaz has over twenty years of experience as a litigation paralegal, including nine years working at O'Melveny.  Ms. Diaz has experience managing all aspects of litigation, including technology support, deposition preparation, arbitration and settlement negotiations, and trial preparation.  She obtained her paralegal certificate from Santa Clara University in 1992 and her B.A. in Business Management from St. Mary's College in 2000.  Diana handled paralegal tasks including cite-checking, preparation of filings and preparation of materials for hearings.

17.     Jillisia B. Santillana is a Project Assistant in the firm's San Francisco office. She assisted in this litigation primarily through the preparation and management of the case index for the Mr. Perens's second motion to dismiss and to strike.

18.     In the interest of efficiency, this matter was leanly staffed as necessary throughout all stages of this litigation.  At the outset, only three attorneys were assigned to this case: Heather Meeker; myself; and Cara Gagliano, a junior associate who performed the majority of the work in the beginning stages of this litigation, as reflected in the billing statements attached to this Declaration as Exhibits A-C.

19.     Two additional first-year associates – Marissa Rhoades and Eric Ormsby – were added in the later stages of this litigation out of necessity after Plaintiffs filed their amended complaint and motion for partial summary judgment.  Both associates serve at the junior-most level and accordingly bill at the lowest rates in the firm.

**(B)     Hourly Rates**

20.     I am familiar with the billing rates charged by O'Melveny attorneys and professional legal support staff in this action.  All of the fees for which reimbursement is sought are based on records maintained by O'Melveny in its normal course of business.

21.     My billing rate over the course of this litigation ranged from ███ per hour in 2017 to ███ per hour in 2018.  Ms. Meeker's billing rate ranged from ███ per hour in 2017 to ███ per hour in 2018.  Ms. Gagliano's billing rate ranged from ███ per hour in 2017 to ███ per hour in 2017.  Ms. Rhoades and Mr. Ormsby's billing rates, which are identical based on their shared level of seniority, ranged from ███ per hours in 2017 to ███ per hour in 2018.

22.     Ms. Diaz's billing rate over the course of this litigation ranged from ███ per hour in 2017 to ███ per hour in 2018.  Ms. Santillana's billing rate for 2017, the only year in which she recorded time on this case, was ███.

23.     Attached hereto as Exhibits A and B are chart summarizing the billing rates per year for each O'Melveny attorney and professional legal support staff member over the course of this litigation.

24.     Based on my experience and knowledge of the San Francisco legal community, and access to market information we have within the firm, I know the billing rates for O'Melveny's attorneys and staff to be commensurate with prevailing rates in the community for services by attorneys and professionals of comparable skill, experience, and reputation for complex litigation such as this.  We also are providing a declaration from Paul Covey, a member of the law firm tasked with tracking and analyzing competitive rates.

**(C)     Hours Billed**

25.     I am familiar with the customary time entry and billing practices employed by O'Melveny.  Attached hereto as Exhibit C is a report showing a detailed list of the timekeepers and the respective hours and amounts billed by each timekeeper for which Mr. Perens now seeks reimbursement. All of the fees for which reimbursement is sought are based on records maintained by O'Melveny in its normal course of business.

26.     I reviewed each of the billing records for purposes of this motion. In the exercise of my billing judgment, I wrote down and wrote off certain hours actually expended by attorneys and staff based on my professional judgment as I would use for any paying client, and in an effort to limit the number of issues that are disputed on this motion. For example, I wrote off and reduced time spent on research and writing as I deemed commensurate with the complexity of the

DRUMMOND HANSEN DECL. ISO
MOTION FOR FEES AND COSTS
3:17-CV-04002-LB

1    tasks involved; time where the hours were large in a single day; time researching the Court's

2    practices; time spent analyzing press in the case; time spent by other attorneys and/or library

3    support to assist with the matter; and time spent on administrative tasks that I would not bill to

4    another paying client.  The time written off or written down totaled 194.9 hours.

5          27.     The total number of hours worked on this case is in large part a reflection of the

6    choices Plaintiffs' counsel made in tenaciously litigating their claims. For instance, Plaintiffs

7    chose to file an amended complaint after entry of Defendant's motion to dismiss and to strike

8    under anti-SLAPP but before a decision could be entered, adding new factual issues and

9    arguments, which necessitated the preparation of a new motion. Plaintiffs' other tactical decisions

10   – including filing a premature motion for partial summary judgment and a supplemental *ex parte*

11   memorandum two days before the scheduled hearing – similarly necessitated appropriate

12   responses, further adding to the amount of time required to effectively defend Mr. Perens.

13         **(D)    Alternative Fee Arrangement**

14         28.     I am familiar with the agreement reached between O'Melveny and Mr. Perens

15   governing the firm's representation of Mr. Perens in this matter, and it was adopted to allow the

16   firm to represent Mr. Perens though he could not have otherwise afforded our fees, and it

17   provided a potential success fee to compensate for the risk that O'Melveny undertook in possibly

18   not being able to recover fees at all.  Mr. Covey, who is responsible for alternative fee

19   arrangements at the firm, also has submitted a declaration on this topic.

20         **(E)    Costs**

21         29.     Mr. Perens also incurred and was billed for expenses that are recoverable as part of

22   an attorneys' fee award because they are not part of O'Melveny's overhead and are normal and

23   customary expenses incurred in litigation that are charged to clients.  Attached hereto as Exhibit

24   D is a chart summarizing the costs sought to be reimbursed by Mr. Perens. In total, Mr. Perens

25   seeks reimbursement of $2,403.12 in costs.  I wrote down $4,647.90 in costs related to online

26   legal research fees, local travel, and other costs as part of my professional judgment in this matter.

27         30.     I am familiar with the billing practices of O'Melveny with respect to costs in this

28   action. Based on my experience, billing a client separately for the expenses sought to be

1    reimbursed by Mr. Perens and summarized in Exhibit D is common.

2          **(F)**    **Conclusion**

3          31.      Based on my knowledge and experience, I understand the billing rates in this

4    matter to be within the industry standard for the types of services rendered.  Based on my

5    experience and other public information, the total amount of time billed in this matter is also

6    within the industry standard for the types of services rendered.

7          32.      Pursuant to Civil Local Rule 54-5(b)(1), I have met and conferred with counsel for

8    Plaintiffs Open Source Security, Inc. and Bradley Spengler for the purpose of attempting to

9    resolve any disputes with respect to this motion.

10

11          I declare under penalty of perjury under the laws of the United States that the foregoing is

12    true and correct, and that this declaration was executed this 7th day of February 2018 in San

13    Francisco, California.

14                                    By: */s/ Melody Drummond Hansen*
                                         Melody Drummond Hansen
15                                       Of O'Melveny & Myers LLP

16

17

18

19

20

21

22

23

24

25

26

27

28

DRUMMOND HANSEN DECL. ISO
MOTION FOR FEES AND COSTS
3:17-CV-04002-LB

# EXHIBIT A

# FILED UNDER SEAL

***Open Source Security v. Perens*, No. 3:17-CV-04002-LB**
**Summary of Work Performed in 2017**

| Timekeeper | Title, Rate, and Qualifications | Description of Work Performed | Hours | Total |
|---|---|---|---|---|
| Heather Meeker | Partner<br><br>█████████<br><br>Yale University, B.A. 1979 University of California at Berkeley, J.D. 1994<br><br>Recognized as a top-rated technology expert by *The Daily Journal*, Northern California *Super Lawyers*, and *Managing IP Magazine*; named "San Francisco Information Technology Law Lawyer of the Year" by *The Best Lawyers in America*; author of *Open (Source) for Business: A Practical Guide to Open Source Software Licensing*<br><br>More than 23 years of intellectual property and technology experience, with a focus on Open Source and software licensing matters | • **First Anti-SLAPP Motion/Motion to Dismiss:**<br> ○ Correspond with Mr. Perens and litigation team regarding lawsuit<br> ○ Advise team regarding allegations pertaining to Open Source licensing agreements and public interest aspects of Mr. Perens's speech<br> ○ Confer and direct strategy regarding combined anti-SLAPP motion and motion to dismiss<br>• **Opposition to Motion for Partial Summary Judgment:**<br> ○ Confer and direct strategy regarding opposition to motion for partial summary judgment<br>• **Settlement:**<br> ○ Review the Court's order dismissing claims with leave to amend<br> ○ Correspond with client and direct strategy regarding settlement offer<br>• **Motion for Fees:**<br> ○ Confer and direct strategy regarding recovery of fees | 6.1 | ████ |

| Melody Drummond Hansen | Partner ██████ Georgetown University, B.A. 2000 University of Oxford, M.S. 2002 University of Chicago, J.D. 2005 Over a decade of civil litigation experience, including representing defendants in defamation matters Has litigated dozens of intellectual property and technology cases | <ul><li>**First Anti-SLAPP Motion/Motion to Dismiss:**<ul><li>Direct strategy regarding combined anti-SLAPP motion and motion to dismiss</li><li>Review and revise combined motion</li></ul></li><li>**Second Anti-SLAPP Motion/Motion to Dismiss:**<ul><li>Direct overall litigation strategy</li><li>Direct strategy regarding response to amended complaint</li><li>Review and revise motion and supporting documents</li><li>Review and revise communications relating to Plaintiffs' request for discovery</li><li>Review and revise reply brief</li><li>Direct strategy regarding hearing preparation</li><li>Prepare for and participate in mooting session in anticipation of hearing</li><li>Argue at hearing</li></ul></li><li>**Response to Plaintiffs' Supplemental Brief in Opposition to Second Anti-SLAPP Motion/Motion to Dismiss:**<ul><li>Direct strategy regarding Plaintiffs' supplemental brief</li><li>Review and revise response to Plaintiffs' supplemental brief and draft motion for leave to file</li></ul></li><li>**Opposition to Motion for Partial Summary Judgment:**<ul><li>Direct strategy regarding response to motion for partial summary judgment</li><li>Review and revise opposition brief and supporting documents</li></ul></li><li>**Surreply in Opposition to Motion for Partial Summary Judgment:**<ul><li>Review and revise communications to opposing counsel regarding anticipated surreply</li><li>Direct strategy regarding surreply</li><li>Revise and review surreply and supporting documents</li></ul></li></ul> | 113.9 | ██████ |

| | | • **Settlement:**<br>   o Direct overall strategy regarding potential settlement offer<br>   o Review and revise communications to opposing counsel relating to settlement offer<br>• **Case Management:**<br>   o Direct strategy regarding case management conference<br>   o Direct strategy regarding motion to continue summary judgment proceedings and motion to stay discovery<br>   o Review and revise stipulated request to move case schedule<br>   o Review and revise communications to opposing counsel requesting extension of time to respond to amended complaint<br>   o Confer with opposing counsel regarding case management issues<br>   o Direct strategy regarding 26(f) conference and other case management issues<br>   o Participate in 26(f) conference<br>   o Confer with opposing counsel regarding Plaintiffs' proposal to proceed with discovery before resolution of Mr. Perens's motion to dismiss<br>   o Direct strategy and participate in ADR call | | |
| Cara Gagliano | Associate<br><br>█████████<br><br>Northwestern University, B.A. 2011<br>New York University, J.D. 2015 | • **First Anti-SLAPP Motion/Motion to Dismiss:**<br>   o Confer with team on litigation strategy and tasks<br>   o Conduct legal research for combined motion<br>   o Draft combined motion<br>   o Prepare request for judicial notice in support of motion<br>   o Coordinate and supervise filing of motion<br>   o Review Plaintiffs' opposition brief<br>• **Second Anti-SLAPP Motion/Motion to Dismiss:** | 372.6 | ██████ |

<table>
<tr>
<td></td>
<td>

More than two years of intellectual property litigation experience, as well as anti-SLAPP, defamation, and tortious interference research experience

Focus on First Amendment issues in pro bono and law school experience, including selection as one of seven 2014–2015 Arthur Garfield Hays Civil Liberties fellow, multiple First Amendment-focused legal internships, and coursework on First Amendment and media law

</td>
<td>

- o Research procedural effect of amended complaint on pending combined anti-SLAPP motion and motion to dismiss
- o Evaluate necessary revisions to first combined anti-SLAPP motion and motion to dismiss to address amended complaint
- o Draft and coordinate filing notice of withdrawal of first combined motion as mooted by Plaintiffs' amended complaint
- o Lead legal research and drafting for second combined anti-SLAPP motion and motion to dismiss
- o Review Plaintiffs' opposition to motion
- o Lead drafting of reply brief
- o Confer with team regarding strategy for hearing
- o Prepare argument outline for hearing and assist with hearing preparation
- o Attend hearing
- **Response to Plaintiffs' Supplemental Brief in Opposition to Second Anti-SLAPP Motion/Motion to Dismiss:**
  - o Review Plaintiffs' proposed motion for leave to file supplemental briefing
  - o Discuss strategy for responding to Plaintiffs' motion for leave to file supplemental briefing with team and Mr. Perens
  - o Review and revise draft response to supplemental briefing
- **Opposition to Motion for Partial Summary Judgment:**
  - o Review motion for partial summary judgment and relevant procedural rules to determine compliance
  - o Discuss strategy and arguments for opposition to motion for partial summary judgment
  - o Conduct legal research for opposition brief

</td>
<td></td>
<td></td>
</tr>
</table>

4

|  |  |  | <ul><li>o Draft opposition brief</li><li>o Prepare declaration of Bruce Perens in support of opposition</li><li>o Review and analyze Plaintiffs' reply brief</li></ul> **Surreply in Opposition to Motion for Partial Summary Judgment:** <ul><li>o Discuss strategy for responding to factual inaccuracies in Plaintiffs' reply brief in support of partial summary judgment</li><li>o Draft and revise surreply addressing inaccuracies in Plaintiffs' reply brief</li><li>o Prepare supplemental declaration correcting error in previous declaration and addressing inaccuracies in Plaintiffs' reply brief</li><li>o Draft and revise motion for leave to file a surreply, attorney declaration in support thereof, and a proposed order granting leave to file a surreply</li></ul> **Settlement:** <ul><li>o Prepare draft email communicating settlement offer</li><li>o Revise draft email to opposing counsel to reflect the Court's order dismissing complaint</li></ul> **Case Management:** <ul><li>o Evaluate options for rescheduling case management deadlines</li><li>o Prepare and file stipulated request for extension of case management deadlines</li><li>o Draft stipulated request to modify schedule for second combined anti-SLAPP motion and motion to dismiss and motion for partial summary judgment</li><li>o Prepare motion to continue summary judgment proceedings pending resolution of second combined anti-SLAPP motion and motion to dismiss</li></ul> |  |  |

| | | | | |
|---|---|---|---|---|
| | | <ul><li>Prepare and file notice of withdrawal of motion to continue summary judgment proceedings</li><li>Prepare ADR forms for filing and participate in call with ADR administrator</li><li>Participate in 26(f) conference with opposing counsel</li><li>Draft and revise case management statement</li><li>Revise initial disclosures</li></ul> | | |
| Eric Ormsby | Associate<br><br>█████<br><br>University of Texas at Austin, B.A. 2013<br>Columbia University, J.D. 2017 | **Second Anti-SLAPP Motion/Motion to Dismiss:**<ul><li>Draft summaries of cases cited in Plaintiffs' opposition briefs</li><li>Draft outline for reply brief</li><li>Assist with drafting of reply brief</li><li>Conduct legal research for reply brief</li><li>Assist with hearing preparation</li><li>Attend hearing</li></ul>**Response to Plaintiffs' Supplemental Brief in Opposition to Second Anti-SLAPP Motion/Motion to Dismiss:**<ul><li>Research case cited in supplemental brief</li><li>Draft response to supplemental brief</li></ul>**Surreply in Opposition to Motion for Partial Summary Judgment:**<ul><li>Research procedural requirements for submitting surreply</li></ul>**Case Management:**<ul><li>Assist with drafting of case management conference statement</li></ul> | 85.5 | █████ |
| Marissa Rhoades | Associate<br><br>█████ | **Second Anti-SLAPP Motion/Motion to Dismiss:**<ul><li>Review and analyze Plaintiffs' opposition brief</li><li>Conduct legal research for reply brief</li><li>Draft and revise discovery arguments for reply brief</li></ul> | 72.1 | █████ |

| | Arizona State University, B.A./B.S. 2014 University of California at Berkeley, J.D. 2017 | <ul><li>Assist with hearing preparation</li><li>Attend hearing</li></ul> **Surreply in Opposition to Motion for Partial Summary Judgment:** <ul><li>Draft motion to file surreply and supporting documents</li></ul> **Settlement:** <ul><li>Review and analyze hearing transcript for purpose of engaging in settlement negotiations</li></ul> **Case Management:** <ul><li>Draft initial disclosures and discovery plan</li></ul> | | |
| Diana Diaz | Case Manager ▮▮▮▮ St. Mary's College, B.A. 2000 Over 20 years of paralegal experience, with focus on intellectual property and commercial litigation matters | **First Anti-SLAPP Motion/Motion to Dismiss:** <ul><li>Cite check motion</li><li>Finalize motion and related documents for e-filing</li><li>Assist with drafting request for judicial notice</li></ul> **Second Anti-SLAPP Motion/Motion to Dismiss:** <ul><li>Review briefs and collect cases and supporting documents to create working binders for attorneys</li><li>Cite check motion</li><li>Finalize motion and related documents for e-filing</li><li>Collect, organize, and prepare hearing materials</li><li>Obtain hearing transcript</li></ul> **Response to Plaintiffs' Supplemental Brief in Opposition to Second Anti-SLAPP Motion/Motion to Dismiss:** <ul><li>Review and organize court notice regarding Plaintiffs' supplemental brief</li><li>Finalize motion and related documents for e-filing</li></ul> **Opposition to Motion for Partial Summary Judgment:** <ul><li>Cite check motion</li><li>Draft declaration in support of opposition to motion and proposed order</li></ul> **Case Management:** | 34.4 | ▮▮▮ |

| | | | | |
|---|---|---|---|---|
| | | <ul><li>Draft notice of appearances, consent of magistrate judge, and certification of interested entities or persons</li><li>Conduct research on federal and local rules and Judge Beeler's standing orders</li><li>Draft stipulation and declaration in support of moving case management hearing date</li><li>Calendar deadlines</li><li>Assist with e-filing motion to continue hearing dates</li><li>Research, prepare, and e-file ADR documents</li><li>Research courtroom equipment, set-up, and procedures for hearing</li><li>Review and organize court notices</li></ul> | | |
| Jillisia Santillana | Project Assistant ▄▄▄▄ | • **Second Anti-SLAPP Motion:**<br>   o   Prepare motion index | 2.0 | ▄▄▄▄ |
| **TOTAL** | | | **686.6** | **$391,164.50** |

8

# EXHIBIT B
# FILED UNDER SEAL

*Open Source Security v. Perens*, No. 3:17-CV-04002-LB
**Summary of Work Performed in 2018**

| Timekeeper | Title, Rate, and Qualifications | Description of Work Performed | Hours | Total |
|---|---|---|---|---|
| Heather Meeker | Partner ███████ Yale University, B.A. 1979 University of California, Berkeley, J.D. 1994 Recognized as a top-rated technology expert by *The Daily Journal*, Northern California *Super Lawyers*, and *Managing IP Magazine*; named "San Francisco Information Technology Law Lawyer of the Year" by *The Best Lawyers in America*; author of *Open (Source) for Business: A Practical Guide to Open Source Software Licensing* More than 23 years of intellectual property and technology experience, with a | <ul><li>**Settlement:**<ul><li>Review Plaintiffs' response to settlement offer</li></ul></li><li>**Motion for Fees:**<ul><li>Confer and direct strategy regarding motion for fees</li></ul></li></ul> | 1.3 | ███████ |

| | focus on Open Source and software licensing matters | | | |
|---|---|---|---|---|
| Melody Drummond Hansen | Partner<br><br>██████████<br><br>Georgetown University, B.A. 2000<br>University of Oxford, M.S. 2002<br>University of Chicago, J.D. 2005<br><br>Over a decade of civil litigation experience, including representing defendants in defamation matters<br><br>Has litigated dozens of intellectual property and technology cases | • **Settlement:**<br>  o Direct strategy regarding settlement offer<br>  o Review and revise communications to opposing counsel regarding settlement offer<br>• **Motion for Fees:**<br>  o Confer and direct strategy regarding motion<br>  o Review and revise motion and supporting documents<br>  o Direct strategy regarding motion to seal<br>• **Motion for Sanctions:**<br>  o Confer and direct strategy regarding motion<br>  o Review and revise motion and supporting documents<br>• **Case Management:**<br>  o Direct overall litigation strategy<br>  o Direct strategy regarding dismissal of Plaintiffs' claims without prejudice<br>  o Draft Defendant's response to *ex parte* motion to enter final judgment<br>  o Meet and confer with opposing counsel regarding e*x parte* motion | 21.7 w/o Mot. for Sanctions<br><br>24.7 w/ Mot. for Sanctions | ██████████ w/o Mot. for Sanctions<br><br>██████████ w/ Mot. for Sanctions |
| Cara Gagliano | Associate<br><br>██████████<br><br>Northwestern University, B.A. 2011<br>New York University, J.D. 2015 | • **Settlement:**<br>  o Prepare draft email communicating settlement offer<br>• **Motion for Fees**<br>  o Conduct research and analyze case law regarding fees recoverable in anti-SLAPP cases<br>  o Conduct research regarding procedure for seeking fees under anti-SLAPP law in light of Plaintiffs' notice of intent not to amend complaint | 44.4 w/o Mot. for Sanctions<br><br>57.2 w/ Mot. for Sanctions | ██████████ w/o Mot. for Sanctions<br><br>██████████ w/ Mot. for Sanctions |

| | More than two years of intellectual property litigation experience, as well as anti-SLAPP, defamation, and tortious interference research experience<br><br>Focus on First Amendment issues in pro bono and law school experience, including selection as one of seven 2014–2015 Arthur Garfield Hays Civil Liberties fellow, multiple First Amendment-focused legal internships, and coursework on First Amendment and media law | ○ Confer regarding motion strategy<br>○ Compile and review comparative rate data in anticipation of drafting motion<br>○ Supervise drafting of motion<br>○ Revise motion and contribute supplemental research and drafting<br>○ Supervise preparation of materials supporting requested fees amount<br>• **Motion for Sanctions:**<br>○ Conduct legal research<br>○ Supervise and coordinate research regarding procedural issues<br>○ Revise motion and contribute supplemental research and drafting<br>• **Case Management:**<br>○ Research appealability and other procedural issues raised by Plaintiffs' notice of intent not to amend their complaint | | |
|---|---|---|---|---|
| Eric Ormsby | Associate<br><br>█████<br><br>University of Texas at Austin, B.A. 2013<br>Columbia University, J.D. 2017 | • **Motion for Fees:**<br>○ Research procedural issues relating to Plaintiffs' notice of intent not to amend their complaint<br>○ Conduct legal research<br>○ Draft and revise outline of motion<br>○ Draft and revise motion sections<br>○ Draft and prepare documents in support of motion<br>• **Motion for Sanctions:**<br>○ Conduct legal research | 49.1 w/o Mot. for Sanctions<br><br>52.4 w/ Mot. for Sanctions | ████<br>w/o Mot. for Sanctions<br><br>████<br>w/ Mot. for Sanctions |
| Marissa Rhoades | Associate<br><br>█████ | • **Motion for Fees:**<br>○ Research procedural issues relating to Plaintiffs' notice of intent not to amend their complaint<br>○ Conduct legal research | 30.2 w/o Mot. for Sanctions | ████<br>w/o Mot. for Sanctions |

| | Arizona State University, B.A./B.S. 2014 University of California, Berkeley, J.D. 2017 | <ul><li>o Draft and revise motion sections</li><li>o Draft and prepare documents in support of motion</li><li>o Research procedures for sealing the motion for fees and costs</li></ul> **• Motion for Sanctions:** <ul><li>o Conduct legal research</li><li>o Draft and revise motion for sanctions and supporting documents</li></ul> **• Case Management:** <ul><li>o Review and analyze procedural issues relating to Plaintiffs' request for entry of judgment and statement of intent to appeal</li></ul> | 58.8 w/ Mot. for Sanctions | ██████ w/ Mot. for Sanctions |
|---|---|---|---|---|
| Diana Diaz | Case Manager ██████ St. Mary's College, B.A. 2000 Over 20 years of paralegal experience, with focus on intellectual property and commercial litigation matters | **• Case Management:** <ul><li>o Review court notice regarding entry of final judgment and calendar deadlines</li></ul> | .2 | ██████ |
| **TOTAL** | | | **146.9 w/o Mot. for Sanctions** **194.6 w/ Mot. for Sanctions** | **$87,813.00 w/o Mot. for Sanctions** **$113,962.50 w/ Mot. for Sanctions** |

# EXHIBIT C
# FILED UNDER SEAL

# Exhibit D

*Open Source Security v. Perens* , No. 3:17-CV-04002-LB

**Bruce Perens Costs Incurred**

Cost Type:

| | |
|---|---|
| Court Fees / Filing Fees (Accounts Payable) | $45.00 |
| Court Fees / Filing Fees (Internal Court Service) | $817.20 |
| Lasertrak Color Printing | $755.00 |
| Lasertrak Printing | $702.60 |
| Trial Transcripts (Accounts Payable) | $69.95 |