MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
HEATHER J. MEEKER (S.B. #172148)
hmeeker@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California 94025-7019
Telephone: +1 650 473 2600
Facsimile: +1 650 473 2601

CARA L. GAGLIANO (S.B. #308639)
cgagliano@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone: +1 415 984 8700
Facsimile: +1 415 984 8701

Attorneys for Defendant
Bruce Perens

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., and BRADLEY SPENGLER,<br><br>Plaintiffs,<br><br>v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>Defendants. | Case No. 3:17-cv-04002-LB<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS' COUNSEL'S EX PARTE APPLICATION TO DEEM MOTION FOR SANCTIONS AS IMPROPER PURSUANT TO LOCAL RULE 7-8(c) AND (d)**<br><br>Judge: Hon. Laurel Beeler |

Defendant Bruce Perens opposes Plaintiffs' counsel's Ex Parte Application to Deem Motion for Sanctions Improper based on alleged untimeliness under local rules. (ECF No. 68, Ex Parte Mot.[1]) Mr. Perens's sanctions motion—filed alongside his anti-SLAPP fees motion after waiting to see whether Plaintiffs would amend their complaint—was filed "as soon as practicable" under this court's precedent, which allows sanctions motions to be filed months after discovering sanctionable behavior. The Court also should not ignore Mr. Perens's motion merely because it was filed 22 minutes after midnight. Plaintiffs' counsel identifies no prejudice from the briefly delayed filing (indeed, the parties have agreed to an extension for Plaintiffs' opposition); the delay (though regrettable) was due to logistics in uploading documents in support of the concurrently filed motion for fees; and courts in this district and others regularly exercise their discretion to consider such slightly delayed filings rather than rejecting them on procedural grounds. Mr. Perens respectfully requests that his sanctions motion be considered, because Plaintiffs' counsel bears some responsibility for the unnecessary fees generated in this case.

First, Mr. Perens's motion was filed "as soon as practicable" under Local Rule 7-8(c). (*Contra* Ex Parte Mot. at 1.) Local Rule 7-8(c) sets no fixed deadline for sanctions motions, and the timing of Mr. Perens's motion falls well within the range that courts in this district find timely, as courts regularly find sanctions motions timely filed months after sanctionable conduct is discovered. *See, e.g., Beaver Cty. Emps.' Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-MC-80076-JSC, 2016 WL 7212308, at *3 (N.D. Cal. Dec. 13, 2016) (sanctions motion held timely filed over four months after overbroad subpoenas quashed); *Advantacare Health Partners v. Access IV*, No. C 03-04496 JF, 2004 WL 1837997, at *3 (N.D. Cal. Aug. 17, 2004) (sanctions motion held timely filed five months after sanctionable conduct discovered); *Tessera, Inc. v. Sony Corp.*, No. C 11-043 99 EJD (HRL), 2013 WL 5692109, at *2 (N.D. Cal. Oct. 18, 2013) (sanctions motion held timely filed four months after sanctionable conduct discovered).

---

[1] Mr. Perens submits that Plaintiffs' counsel did not need to file an ex parte motion at 2:29 a.m. on a Saturday. An ex parte motion should be filed "only if a statute, Federal Rule, local rule, or Standing Order authorizes the filing of an ex parte motion in the circumstances." L.R. 7-10. Plaintiff's motion identifies no such rule, and the untimeliness arguments could have been raised in opposition to Mr. Perens's motion.

Mr. Perens's motion—filed just three weeks after Plaintiffs notified Mr. Perens and the Court that they would not file an amended complaint (ECF No. 55) and within eight weeks of the December 14th hearing (ECF No. 48) at which Plaintiffs' counsel first explained his reasons for moving for summary judgment and Plaintiffs' summary judgment motion was held premature—falls well within these ranges. Mr. Perens's motion, moreover, is timely because it seeks sanctions based on the totality of conduct in the litigation that unnecessarily multiplied proceedings—not based a single act. (*See gen.* ECF No. 64.)

Mr. Perens's waiting until after Plaintiffs' deadline to amend passed to file the sanctions motion also was appropriate to avoid potentially filing multiple sanctions motions. For example, had Plaintiffs filed a second amended complaint relying on the same arguments already rejected by the Court, that filing would have provided another basis for seeking sanctions. (Drummond Hansen Decl. ¶ 3.) Courts in this district find such timing appropriate. *See, e.g., Beaver,* 2016 WL 7212308, at *3. In *Beaver*, for example, the court held a sanctions motion was timely filed where the moving party waited to file the motion until after the 30-day period for a further appeal had expired and six weeks after contacting opposing counsel to meet and confer. *Id.* Here, Mr. Perens similarly properly waited until after Plaintiffs' deadline to amend.[2]

Mr. Perens's sanctions motion also was properly filed concurrently with Mr. Perens's motion for mandatory fees under anti-SLAPP (ECF No. 62) which relied upon many of the same facts and calculations. Preparation of the facts and calculations required substantial effort and time, including reviewing all billing records for the matter, ensuring that appropriate write-offs and write-downs of time were made consistent with standard billing practices, organizing the hours worked by timekeeper and stage of the litigation to allow the Court to analyze the reasonableness of fees to be awarded, and supporting the fees under the lodestar analysis. (Drummond Hansen Decl. ¶¶ 4-5.) Particularly considering that Mr. Perens's motion is based on Plaintiffs' counsel unnecessarily multiplying proceedings, Mr. Perens properly sought to avoid

---

[2] Mr. Perens also met and conferred before Plaintiffs' deadline to amend in an effort to determine whether Plaintiffs would amend, and if so, their Rule 11 basis for doing so. (Drummond Hansen Decl. ¶ 2.) Plaintiffs did not indicate their plans earlier than the deadline. (*Id.*)

unduly multiplying motions by filing after Plaintiffs' time to amend expired and filing a consolidated set of billing records and calculations for the fees motions. (*Id.*)

Application of Rule 7-8(c), moreover, is discretionary: "[N]othing in Rule 7–8(c) *requires* that sanctions be denied solely because of any delay, extended or otherwise." *PersonalWeb Techs., LLC v. Google Inc.*, No. 5:13-CV-01317 EJD, 2014 WL 5422933, at *2 (N.D. Cal. Oct. 24, 2014) (emphasis in original; declining to reverse magistrate's award of sanctions based on delay in bringing spoliation motion). As the *PersonalWeb* court observed, "such a requirement would unduly restrict the discretionary nature of a sanctions decision." *Id.*

Second, Mr. Perens's motion should not be ignored merely because it was filed 22 minutes past the 14-day deadline set by Local Rule 7-8(d), as Plaintiffs' counsel argues. (Ex Parte Mot. at 1.) The sanctions motion was filed at 12:22 AM because it followed filing of Mr. Perens's motion for mandatory fees under anti-SLAPP, and filing the supporting documents for that motion (some under seal) electronically took longer than anticipated based on the number of documents and the need to prepare and file public and sealed versions, among other requirements. (Drummond Hansen Decl. ¶ 6.) It is regrettable that the motion was filed slightly late, and Mr. Perens's counsel recognizes the responsibility to file motions on time, including allowing sufficient time for such electronic filing logistical difficulties. (*Id.* ¶ 7.) Courts, however, have discretion under Rule 7-8(d) to consider later-filed motions and have exercised that discretion to hear a sanctions motion filed even a year after judgment—and courts in this district and others regularly exercise their discretion to accept filings that minimally exceed deadlines. *See, e.g.,* Civil L.R. 7-8(d) (14-day deadline applies "unless otherwise ordered by the court"); *Chateau des Charmes Wines Ltd. v. Sabate USA, Inc.,* No. C-01-4203 MMC, 2005 WL 1528703, at *3 (N.D. Cal. June 29, 2005) (exercising discretion to hear motion for sanctions filed over a year after entry of judgment); *Kilopass Tech. Inc. v. Sidense Corp.*, No. C 10-02066 SI, 2012 WL 3545286, at *3 (N.D. Cal. Aug. 16, 2012), *aff'd,* 501 F. App'x 980 (Fed. Cir. 2013) (denying motion to strike reply brief filed 38 minutes late); *Young v. Holland Am. Line, N.V.*, No. 16-CV-04820-JST, 2016 WL 7451563, at *1 (N.D. Cal. Dec. 28, 2016) (accepting opposition

brief filed six minutes late); *Lynn v. Gateway Unified Sch. Dist.*, No. 2:10-CV-00981 JAM, 2012 WL 1898910, at *1 (E.D. Cal. May 23, 2012) (accepting sanctions opposition filed up to 90 minutes late); *Rivas v. Whitman-Walker Clinic, Inc.*, No. CV 16-82 (RBW), 2017 WL 4712080, at *2 (D.D.C. May 30, 2017) (declining to disregard sanctions opposition that was filed "only twenty-five minutes late").

Considering minimally delayed filings is especially appropriate where, as here, no prejudice is suffered due to the delay. *See, e.g., O'Brien v. Napolitano*, No. C 10-01830 EDL, 2012 WL 423732, at *9 (N.D. Cal. Feb. 8, 2012) (accepting supporting declarations filed 35 minutes late)*; Greer v. Elec. Arts, Inc.*, No. C 10-3601 RS, 2012 WL 12919524, at *2 (N.D. Cal. Feb. 14, 2012) (finding "no cognizable prejudice" from filing of summary judgment motion approximately 20 minutes late or filing of additional supporting papers 15 hours later). In *O'Brien*, for example, the court excused late filing of declarations on cross-motions for summary judgment because the 35-minute delay was "minimal" and "Plaintiff ha[d] not demonstrated prejudice." 2012 WL 423732, at *9. The 22-minute delay here likewise is minimal and will not prejudice Plaintiffs' counsel, and the Ex Parte motion identifies no prejudice. (*See gen.* Ex Parte Mot.) Indeed, the parties stipulated to a two-week extension for Plaintiffs and their counsel to file oppositions to Mr. Perens's anti-SLAPP fees motion and sanctions motion. *See* Drummond Hansen Decl. ¶ 8 *and* ECF No. 72.

Mr. Perens therefore respectfully requests that the Court consider his motion for sanctions to hold Plaintiffs' counsel responsible for the portions of fees attributable to any litigation conduct the Court determines is sanctionable.

Dated: February 14, 2018

MELODY DRUMMOND HANSEN
HEATHER J. MEEKER
CARA L. GAGLIANO
O'MELVENY & MYERS LLP


By: /s/ *Melody Drummond Hansen*
      Melody Drummond Hansen
Attorneys for Defendant Bruce Perens