MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
HEATHER J. MEEKER (S.B. #172148)
hmeeker@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025-7019
Telephone:    +1 650 473 2600
Facsimile:    +1 650 473 2601

CARA L. GAGLIANO (S.B. #308639)
cgagliano@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:    +1 415 984 8700
Facsimile:    +1 415 984 8701

Attorneys for Defendant
Bruce Perens

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., and BRADLEY SPENGLER,<br><br>　　　　　　　Plaintiffs,<br><br>　v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>　　　　　　　Defendants. | Case No. 3:17-cv-04002-LB<br><br>**DECLARATION OF MELODY DRUMMOND HANSEN IN SUPPORT OF DEFENDANT BRUCE PERENS'S OPPOSITION TO PLAINTIFFS' COUNSEL'S EX PARTE APPLICATION TO DEEM MOTION FOR SANCTIONS AS IMPROPER PURSUANT TO LOCAL RULE 7-8 (C) AND (D)** |

**DECLARATION OF MELODY DRUMMOND HANSEN**

I, Melody Drummond Hansen, declare as follows:

1. I am a partner of O'Melveny & Myers LLP, attorneys of record for Defendant Bruce Perens in this action. I am admitted to practice in the Northern District of California. I submit this Declaration under Civil Local Rule 7-5 in support of Mr. Perens's Opposition to Plaintiffs' Counsel's Ex Parte Application to Deem Motion for Sanctions as Improper Pursuant To Local Rules 7-8 (c) and (d). I have personal knowledge and am informed of the facts stated herein and, if called to testify, I could and would testify to the truth of the following.

2. After the Court's December 21, 2017 Order on Mr. Perens's motion to dismiss and anti-SLAPP motion, Mr. Perens's counsel contacted Plaintiffs' counsel on several occasions to ask whether Plaintiffs planned to amend the complaint, and if so, to state their Rule 11 basis for doing so. Plaintiffs' counsel did not indicate Plaintiffs' intentions to not file an amended complaint before January 18, 2018 when Plaintiffs filed their Notice of Intent.

3. Mr. Perens filed the motion for sanctions after waiting for the deadline for Plaintiffs to amend their complaint to pass to avoid the potential for multiple sanctions motions. Had Plaintiffs chosen to amend their complaint and relied on the same arguments already rejected by the Court, for example, this would have provided an additional basis for sanctions.

4. Mr. Perens also filed his motion for sanctions concurrently with his motion for attorney fees under California's anti-SLAPP statute (ECF No. 62) in order to avoid unnecessarily duplicative filings, and because Mr. Perens's sanctions motion is based on a course of conduct in the litigation as a whole rather than any single act.

5. Mr. Perens's sanction motion and anti-SLAPP fees motion depend on many of the same underlying facts and fees calculations, based on contemporaneous billing records. Preparing these fee calculations entailed reviewing billing records for the whole litigation; ensuring that appropriate write-offs and write-downs of time were made consistent with standard billing practices; and organizing the hours worked by timekeeper and stage of the litigation; as well as supporting the reasonableness of the rates and fees incurred based on the lodestar analysis.

6. On February 7, 2018, Mr. Perens's counsel filed the motion for fees and

1  supporting documents first, followed by filing of Mr. Perens's sanction motion and supporting
2  declaration.  Filing and uploading the motions and the supporting documents through the
3  electronic filing system took longer than anticipated based on the number of documents
4  (including three motions with supporting memoranda, three declarations with accompanying
5  exhibits, three proposed orders, and a proof of service), as well as preparation and filing of the
6  redacted and unredacted versions of documents filed under seal.  For example, Mr. Perens's
7  Administrative Motion to File under Seal took 20 minutes to file and upload.  (ECF No. 63.)  The
8  logistical difficulties resulted in Mr. Perens's sanctions motion being filed 22 minutes after
9  midnight.

10       7.    Counsel for Mr. Perens recognizes their responsibility to file documents on time,
11  including setting aside sufficient time for any logistical difficulties that may be encountered with
12  the electronic filing system.  The delay here was unintentional.

13       8.    Mr. Perens has agreed to stipulate to a two-week extension for Plaintiffs' and their
14  counsel's oppositions to Mr. Perens's anti-SLAPP fees motion and Mr. Perens's sanctions
15  motion.

17  I declare under penalty of perjury under the laws of the United States that the foregoing is
18  true and correct, and that this declaration was executed this 14th day of February 2018 in San
19  Francisco, California.

By: */s/ Melody Drummond Hansen*
Melody Drummond Hansen
Of O'Melveny & Myers LLP