CHHABRA LAW FIRM, PC
ROHIT CHHABRA (SBN 278798)
Email: rohit@thelawfirm.io
257 Castro Street Suite 104
Mountain View, CA  94041
Telephone: (650) 564-7929

**Attorney for Plaintiffs**
Open Source Security Inc. &
Bradley Spengler

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| OPEN SOURCE SECURITY INC. and BRADLEY SPENGLER<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>　　　　　Defendants. | Case No.: 3:17-cv-04002-LB<br><br>**REQUEST TO CONSIDER REBUTTAL ARGUMENT TO DEEM MOTION FOR SANCTIONS AS IMPORPER PURSUANT TO LOCAL RULE 7-8 (c) and (d)**<br><br>Location: Courtroom C, 15th Floor<br>Judge: Hon. Laurel Beeler |

| | |
|---|---|
| 1 | **REBUTTAL ARGUMENT IN FAVOR OF DEEMING MOTION FOR SANCTIONS** |
| 2 | **IMPROPER AS A MATTER OF PROCEDURE** |

3    L.R. 7-8(c) states, "[t]he motion must comply with any applicable Fed. R. Civ. P. and **must** be
4 made as soon as practicable after the filing party learns of the circumstances that it alleges make the
5 motion appropriate;" (emphasis added to highlight lack of permissive verbiage). Defendant first argues
6 that his 21 minute delay, pursuant to L.R. 7-8(d), to file the motion for sanctions should be forgiven.
7 *Arguendo*, even if the Court were to consider such a position, Defendant's motion for sanctions
8 incurable as to a procedural defect without him showing good cause for the delay.

9    Indeed, Defendant correctly states that the Court has discretion to deem a motion improper
10 pursuant to L.R. 7-8(c). *See PersonalWeb Techs., LLC v. Google Inc.*, No. 5:13-CV-01317 EJD, 2014
11 WL 5422933, at *2 (N.D. Cal. Oct. 24, 2014). However, Defendant has failed to provide justifiable
12 cause as to why it why allegations of misconduct that were allegedly committed prior to, or on,
13 December 14, 2017,  <u>not practicable to be raised</u>, or at least brought to the Court's attention, until
14 February 8, 2017.

15    To justify the delay, Defendant essentially claims that the motion for sanctions against the
16 undersigned was convenient to be filed with a motion for attorneys' fees against Plaintiffs. However,
17 Defendant fails provide case law that considers his contention as a justifiable excuse under L.R 7-8(c).
18 It is unfortunate that Defendant again resorts to factual misrepresentations to advance his frivolous
19 motion despite this ex parte application being limited to procedural grounds.

20    The cases listed by Defendant are not pertinent and can easily be distinguished from the instant
21 matter. For example, in *Beaver Cty. Emps.' Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-MC-80076-
22 JSC, 2016 WL 7212308 (N.D. Cal. Dec. 13, 2016)  since no final judgment was entered, the court held
23 L.R. 7-8(d) did not apply. *Beaver* at *4.  Furthermore, L.R. 7-8(c) was not an issue, and Defendant
24 correctly recognizes that the *Beaver* court found good cause for the delay as the motion of sanctions
25 was a direct result out of a failed motion to compel and the party seeking sanctions had provided
26 conclusive evidence for the delay, including letting any possible time to appeal the order of motion to
27 compel expire, attempt to meet and confer, etc. before seeking sanctions. See *Id.* **4-5.

28

-1-

3:17-CV-04002-LB

Rebuttal Argument -- Ex parte Application to Deem Motion for Sanctions Improper

1    Defendant then attempts to mislead the court by attempting to equate his meet and confer with
2    the Plaintiffs' as a meet and confer, *personally* with the undersigned (as if his meet and confer related
3    to section 1927 motions). At no time did Defendant attempt to meet and confer with the undersigned
4    for the purposes of section 1927 sanctions, and neither can Defendant provide such a showing.

5    Defendant also argues that he delayed his motion based on totality of the circumstances,
6    however, yet again Defendant has not provided any reasonable or justifiable cause why he waited until
7    February 8, 2018 for any alleged misconduct that occurred prior to, or on, December 14, 2017. In his
8    defense Defendant claims he was waiting to see if Plaintiffs would have filed a second amended
9    complaint and based on it, his delay is a justifiable excuse. However, such an excuse is problematic
10   since section 1927 sanctions are meant to compensate and deter. See *Haynes v. City & Cnty. of San*
11   *Francisco*, 688 F.3d 984, 987-88 (9th Cir. 2012) (identifying purpose of § 1927 sanctions as both to
12   compensate and deter).

13   Reasonably, if the undersigned was recklessly or in bad faith filing vexatious and frivolous
14   filings – and Defendant was aware of such filings – an intentional delay in seeking sanctions to
15   prevent unnecessary burden to both the Court and to himself only provides a subjective showing of bad
16   faith in an attempt to personally enrich himself by silently waiting until the end of the proceeding, and
17   not for the purposes of compensate and deter, pursuant to section 1927.

18   Defendant then argues that timekeeping and fee calculations are time consuming, however,
19   Defendant had no requirement to provide records of costs and fees at the time of filing a section 1927
20   sanctions motion. E.g., *see Beaver* at *1 (ordering supplemental briefing to address the amount of fees
21   and costs after granting the motion for sanctions).

22   The other cases cited by Defendant are also not pertinent to the issue at hand, specifically a
23   procedural defect pursuant to L.R. 7-8(c) that includes providing a justifiable excuse for the delay. For
24   example, in *both Advantacare Health Partners v. Access IV*, No. C 03-04496 JF, 2004 WL 1837997, at
25   *3 (N.D. Cal. Aug. 17, 2004) and *Tessera, Inc. v. Sony Corp.*, No. C 11-043 99 EJD (HRL), 2013 WL
26   5692109, at *2 (N.D. Cal. Oct. 18, 2013) the courts found justifiable excuse to grant the motion for
27   sanctions.

28

-2-                                                                    3:17-CV-04002-LB

Rebuttal Argument -- Ex parte Application to Deem Motion for Sanctions Improper

**Conclusion**

Here, Defendant has only provided a showing of convenience and delayed filing the section 1927 motion since he did not want to prepare timekeeping or billing records – however there is no such requirement to provide such records at the time of filing a motion for sanctions.

Furthermore, Defendant's intentional delay of not filing a section 1927 sanctions motion and waiting until the proceedings were over (or waiting until Plaintiffs would file an amended complaint) is problematic as it provides a showing of subjective bad faith only to increase his potential compensation, while disregarding any burden the alleged misconduct was causing the Court or its resources – contrary to the purpose of section 1927 to provide deterrence. Thus, Defendant has failed to show any good cause for his delay.

Therefore, in the interest of judicial economy, the Court is requested to deem the motion for sanctions as improper pursuant to L.R. 7-8 (c) or (d) and remove it from calendar.

Date: February 14, 2018

          Respectfully Submitted,

          CHHABRA LAW FIRM, PC

          s/*Rohit Chhabra*
          Rohit Chhabra
          Attorney for Plaintiffs