1   CHHABRA LAW FIRM, PC
    ROHIT CHHABRA (SBN 278798)
    Email: rohit@thelawfirm.io
2   257 Castro Street Suite 104
    Mountain View, CA  94041
3   Telephone: (650) 564-7929

4   **Attorney for Plaintiffs**
    Open Source Security Inc. &
5   Bradley Spengler

6

7                    **UNITED STATES DISTRICT COURT**
8                    **NORTHERN DISTRICT OF CALIFORNIA**
                     **SAN FRANCISCO DIVISION**
9

10  OPEN SOURCE SECURITY INC. and          )   Case No.: 3:17-cv-04002-LB
11  BRADLEY SPENGLER                       )
                                           )
12                        Plaintiff,       )   **PLAINTIFFS' COUNSEL'S RESPONSE**
                                           )   **TO DEFENDENT'S MOTION FOR**
                                           )   **SANCTIONS; MEMORANDUM OF**
13       v.                                )   **POINTS AND AUTHORITIES IN**
                                           )   **SUPPORT THEREOF; DECLARATION**
14  BRUCE PERENS, and Does 1-50,           )   **OF ROHIT CHHABRA IN SUPPORT**
                                           )   **THEREOF**
15                        Defendants.      )
                                           )
16                                         )
                                           )   Hearing Date: April 5, 2018
17                                         )   Time: 9:30 a.m.
                                           )   Location: Courtroom C, 15th Floor
18                                         )   Judge: Hon. Laurel Beeler
                                           )
19  ─────────────────────────────

20

21  REDACTED VERSION OF DOCUMENT(S) SOUGHT TO BE SEALED – PURSUANT TO
    COURT ORDER
22

23

24

25

26

27

28
                                                              3:17-CV-04002-LB

    PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS

# I. INTRODUCTION

Section 1927 requires the touchstone of bad faith, which is more than mere negligence.

Plaintiffs' counsel denies any wrongdoing – evidence (as presented herein) clearly indicates Defendant's counsels (on behalf of Defendant) have filed this frivolous motion only to harass and distract the undersigned from performing his legal duties.

Defendant states that Plaintiffs' counsel's conduct is sanctionable since he – should have known – the motion for partial summary judgment would be dismissed; he – should have known – that this Court would have deemed Defendant's statements as an opinion.  However, Defendant presents such arguments in *hindsight* and provides no case law supporting his contention.

Defendant is entitled to recover only those expenses incurred in responding to arguments or motions that were asserted in bad faith. The fact that all of Plaintiffs' claims were ultimately dismissed does not establish that Plaintiffs (or their counsel) knowingly or recklessly raised a frivolous claim or pursued non-frivolous claims in order to harass Defendant.

Further, Defendant intentionally misrepresents facts by distorting:

(i) colloquial statements in an email by Plaintiffs' counsel whose sole purpose was to accept a challenge posed by Defendant's counsel through the anti-SLAPP motion; and

(ii) statements made by Plaintiffs' counsel during the December 21, 2017 hearing (which are preserved by audio and transcript).

It is respectfully submitted, no action or conduct by the undersign can reasonably qualify for sanctions under Section 1927. Plaintiffs' counsel did not act in bad faith or engage in vexatious litigation practices; Plaintiffs' counsel has only filed motions that were based on an arguable and reasonable legal theory, even if this Court ultimately did not agree with Plaintiffs. *See also*, Norman Decl. ¶ 8.(Ex.2, Plaintiffs' Opposition to Defendant's Fee Motion; concurrently filed herewith).

# II. POINTS AND AUTHORITES

Recklessness or bad faith is required to support a fee award under § 1927. *U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir.1983). An award of fees under the statute requires a finding of subjective bad

3:17-CV-04002-LB

PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS

faith. *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015). Ignorance or negligence is not sufficient to impose section 1927 sanctions. *Barber v. Miller*, 146 F. 3d 707, 711 (9th Cir. 1998). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002); *Estate of Blas v. Winkler*, 792 F.2d 858, 860 (9th Cir.1986). "For sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *In re Keegan Management Co., Securities Litigation*, 78 F. 3d 431, 436 (9th Cir. 1996).

**A. Re: "Game"**

Defendant has intentionally misrepresented Plaintiffs' counsel's statement or intent. Chhabra Decl. ¶ 3. Upon seeing the first anti-SLAPP motion filing, on September 18, 2017, the undersigned expressed his astonishment and colloquially accepted the challenge posed by Defendant's counsel by stating, "Oh interesting. This would be a fun game to play. If you win this, I'll happily pay your bills.". Chhabra Decl. 2. The word "game" was used in a colloquial manner as to a challenge – specifically the anti-SLAPP motion filed by Defendant. The undersigned's intention can clearly be seen by initiating the communication by "*Oh interesting.*" (italics added) and concluding by "*If you win this, I'll happily pay your bills .. .*" (italics added) indicating an acceptance of a challenge.

Furthermore, the Merriam-Webster dictionary clearly defines game as "3 a (1) : a physical or mental competition conducted according to rules with the participants in direct opposition to each other." https://www.merriam-webster.com/dictionary/game.  Arguably practice of law is a mental competition between counsels of both parties. Defendant's counsel's responsibility was to get the case dismissed, and Plaintiff's counsel's responsibility was to get the anti-SLAPP motion denied. Each party is of course mentally competing to be persuasive and convincing.  An offhand colloquial remark

PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS

that begins with "oh interesting," and ends with "I'll happily pay your bills," shows no indicia of bad faith or vexatious litigation. To the contrary, it shows astonishment (after reading the anti-SLAPP motion) accepting a challenge, and then accepting responsibility in case the motion is granted. Also, I'll happily pay your bills shows the undersigned's promise to not oppose a fee motion in case the anti-SLAPP motion is granted.

If Plaintiffs or their counsel wanted to harass Defendant they would not have voluntarily agreed and request the Court, in a proposed Order, to hold Defendant as the prevailing party for the purposes of the anti-SLAPP motion, even when the Court has not yet granted the anti-SLAPP motion. *See* Plaintiffs' ex parte motion for judgment (ECF No. 57).

Furthermore, Plaintiffs' counsel also assured Defendant's counsel, on December 26, 2017, that this matter was not a "game" and the undersigned's colloquial figure of speech was intentionally being misrepresented. Decl. 3.

It will be unreasonable and unjustified to even consider this statement as a factor to impose 1927 sanctions.

**B.** **The first amended complaint was appropriate without a Court Order; A Court Order denying the Original Complaint would have, regardless, resulted in the First Amended Complaint – on the merits**

After the anti-SLAPP motion was filed, Plaintiff amended the complaint as the undersigned opined, based on his professional judgment, that the original complaint would probably not withstand an anti-SLAPP motion. Decl. 4.  The amended complaint was recommended by the undersigned to Plaintiffs in an effort to avoid needlessly waste Court resources or burden the parties unnecessary for an extra anti-SLAPP hearing.

Had Defendant's counsel, in a timely manner, expressed Defendant's intention to file an anti-SLAPP motion in any of the communications she had with Plaintiffs' counsel (before filing the First

PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS

anti-SLAPP motion), the undersigned would have recommended an amendment earlier to Plaintiff. Decl. 5.

However, even if this Court was given an opportunity to hear (and subsequently dismiss) the (10 page long) Original complaint, a failure to submit the first amended complaint would have been a clear ethical violation of the undersigned's responsibility of not representing his client to the best of his abilities.

Furthermore, preserving his clients' right for appeal would have become paramount (since the Original Complaint was deemed not capable to withstand an anti-SLAPP motion, by Plaintiffs' counsel). Thus, even if the Court would have denied the Original complaint, the undersigned had an ethical responsibility to file the First Amended Complaint to preserve his clients' rights on Appeal. Perfecting the complaint was for the benefit of Plaintiffs and to preserve their rights on Appeal, not to harass Defendant.

It should also be noted that this Court in its December 21, 2017 Order used facts out of Plaintiffs' First Amended Complaint to formulate its opinion – facts which were not disclosed in the Original complaint.

Therefore, had the Court heard Defendant's first anti-SLAPP motion, the amended complaint would have resulted in an **extra hearing** for the second anti-SLAPP motion which was prevented by the affirmative steps taken by the undersigned.

Section 1927 sanctions are unwarranted.


## C. The motion for partial summary judgment was filed in good faith based on a valid legal theory

The undersigned submits that the motion for partial summary judgment for defamation *per se* was filed, in good faith, under an arguable legal theory. Even an experienced litigator like Mr. Norman, who formulated his unbiased assessment regarding attorneys' fee, stated that the summary

PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS

1  judgment motions were based on a reasonable legal theory (expressing an argument overlap in the

2  summary judgment and anti-SLAPP motions). Norman Decl. ¶ 8.

3          Since Defendant had made a statement on Slashdot.org that reasonably seemed to mean

4  Plaintiffs' subscription agreement was not in violation of the GPL – an issue of fact – the arguable

5  legal theory was that Defendant agreed Plaintiffs were not in violation of the GPL.  If the court would

6  have agreed with Plaintiffs contention, there would have been no need to address the anti-SLAPP

7  motion.  Furthermore, Plaintiffs could not have predicted Defendant would submit multiple

8  declarations.  If Defendant did not believe his declaration was false, he could have easily argued his

9

10 position during the court hearing; no surreply was necessary. ████████████████████████

11 ████████████████████████████████████████████████████████████████████████

12 ████████████████████████████████████████████████████████████████████████

13 ████████████████████████████████████████████████████ (ECF 63-3).

14          Interestingly enough, in another entry ████████████████████████████

15

16 ████████████████████████████████████████████████████████████████████████

17 ██████████████████████████ then Defendant's surreply becomes frivolous only to harass Plaintiffs

18 with vexatious litigation strategies. If it was a ████████████████ it should have been addressed

19 during oral arguments as was suggested by Plaintiff's counsel while not stipulating to the surreply

20 filing.

21          Generally, contradictory statements can and are used to evaluate the truthfulness and

22 credibility of a witness or defendant. Had the Court agreed with Plaintiffs contention, the Court did not

23 have to even consider the anti-SLAPP motion. Just because the Court did not agree with Plaintiffs does

24 not make an argument frivolous, in hindsight.

25

26

27

28

3:17-CV-04002-LB

PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS

As it relates to why the undersigned did not argue the summary judgment motion, Plaintiffs attempted to, but out of deference to this Court decided not to pursue that matter as discussed underneath.

**D. The undersigned's statement in Court: "so for the summary judgment, I honestly just wanted Mr. Perens's declaration."**

When the Court held that the summary judgment motion was premature, the undersigned in an attempt to resurrect the matter stated " ... so **for the summary judgment,** I honestly just wanted Mr. Perens' declarations." Oral Argument Transcripts, p.6:25 – p.7:2 (*Dec. 14, 2017* (emphasis and underlining added). As the undersigned was about to elaborate on this further the court interjected that it understood the point, but indicated that one could not necessarily expect to win on a partial summary judgment motion. The undersigned decided not to discuss this matter further, as reasonably continuing arguing on a motion that had been conclusively deemed as premature, would have been disrespectful to the Court. Decl. 6.

Reasonably, "not necessarily win," does not equate to "necessarily lose" (as in an absolute 100% failure). Moreover, the discrepancy occurred due to Defendant's statement on Slashdot, and was further questioned due to a convenient "error" in his declaration, as alleged in the opposition to the surreply.  Attempting to convince the Court to grant a partial summary judgment motion due to Defendant's own doings cannot be considered section 1927 sanctionable.

**D. Not informing Defendant prior to filing the partial summary judgment motion**

The undersigned is unaware of any such requirement, either under the Federal Rules or Local Rules. If there is such a requirement, the undersigned apologizes to this Court due to his ignorance. Prior to filing the motion for partial summary judgment, the undersigned verified the rules of this

PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS

1  Court as provided in the Standing Order and proceeded accordingly. Not informing Defendant's

2  counsel about an impending motion does not reasonably equate to a section 1927 sanctionable event.

3

4  **E. Not stipulating a continuation for the summary judgment**

5      Plaintiffs hoped, in good faith, that the Court would grant the summary judgment motion and

6  that it would have avoided the unnecessary purpose of defending Plaintiffs against an anti-SLAPP

7  motion.

8  The goal was to reduce Plaintiffs' legal fee since anti-SLAPP motions are time consuming and costly

9  to respond and defend against, and thus the undersigned did not stipulate to an agreement. Again, the

10 goal was to reduce Plaintiffs' expenses, and not to harass Defendant.  However, when the Court

11 directed a stipulation, out of respect to the Court, the undersigned conceded. Furthermore, there was no

12 intentional purpose of delay or increasing costs. In fact, Plaintiffs wanted the summary judgment

13 motion to be heard prior to the filing of the anti-SLAPP motion so that the Court could have ruled on

    Plaintiffs' summary judgment motion first.[1]

14

15 **F. The supplemental motion**

16      The undersigned is thankful to this Court for permitting the supplemental motion. The motion

17 was filed in good faith and presented legal arguments, which the undersigned still believes are

18 pertinent in this matter. It is unfortunate that the Court did not agree with Plaintiffs, but nonetheless the

19 filing of a supplemental motion for the limited purpose of addressing a single case cannot warrant

    Section 1927 sanctions.

20      Furthermore, the "unopposed" supplemental brief was filed after meeting and conferring with

21 Defendant's counsel and included a statement provided by Ms. Hansen. Since Defendant's counsel

22 stated she did not find the *Overstock* case pertinent, clearly there was no need for Defendant to respond

23 to it or incur any legal cost.

24

25 _____

26     [1] Plaintiffs' motion for partial summary judgment was filed on October 11, 2017, Defendant

27 filed his anti-SLAPP motion on October 31, 2017.

28

PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS

Nonetheless, a disagreement whether a particular case is relevant or not, cannot justify Section 1927 sanctions.

**G. Renewed motion under L.R. 7-8(c) to deem the instant motion untimely**

A motion for sanctions " ... must be made as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate." L.R. 7-8(c).



Therefore, the undersigned renews his request that this Court should deem this motion for sanctions as untimely (not for delayed filing of 22 minutes), but for not timely filing this motion when the alleged misconduct occurred. Furthermore, evidence clearly shows, ▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇, that Defendant never considered or instructed any of the professionals at his disposal to sanction the undersigned until Plaintiffs filed their notice of intent not to amend the complaint. Chhabra Decl. ¶ 7. Ex. 2

Clearly, Defendant has violated L. R. 7-8(c) by failing to provide a showing that the instant motion was filed as soon as practicable after he learned of the circumstances that he alleges make this motion appropriate.

**Conclusion**

Nothing in the record can suggest any action by the undersigned as evidence of bad faith or frivolous litigation practices. Defendant's counsel's timekeeping records clearly show that this motion was filed only to harass the undersigned after Plaintiffs decided to appeal this matter.

The Court is requested to deem the instant motion frivolous and reprimand Defendant's counsel for needlessly imposing a burden on this Court and its resources.

3:17-CV-04002-LB

PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS

1

2

Date: March 8, 2018

3

4                                              Respectfully Submitted,

5                                              CHHABRA LAW FIRM, PC

6                                              s/*Rohit Chhabra*

7                                              Rohit Chhabra
                                               Attorney for Plaintiffs
8                                              Open Source Security Inc. & Bradley Spengler

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3:17-CV-04002-LB

PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3:17-CV-04002-LB

PLAINTIFFS' COUNSEL'S RESPONSE TO DEFENDENT'S MOTION FOR SANCTIONS