MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
HEATHER J. MEEKER (S.B. #172148)
hmeeker@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025-7019
Telephone:   +1 650 473 2600
Facsimile:    +1 650 473 2601

CARA L. GAGLIANO (S.B. #308639)
cgagliano@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:   +1 415 984 8700
Facsimile:    +1 415 984 8701

Attorneys for Defendant
Bruce Perens

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., and BRADLEY SPENGLER,<br><br>Plaintiffs,<br><br>v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>Defendants. | Case No. 3:17-cv-04002-LB<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL**<br><br>Hearing Date:  April 5, 2018<br>Time: 9:30 a.m.<br>Location:  Courtroom C, 15th Floor<br>Judge:  Hon. Laurel Beeler |

Mr. Perens moved for sanctions because Plaintiffs' counsel bears some responsibility for the significant fees incurred in defending this case. At every stage, Plaintiffs' counsel chose to unreasonably multiply the proceedings and increase the fees incurred. In response, Plaintiffs' counsel attempts to defend each of his actions individually as if they were isolated events, relies on self-serving assurances of his good intentions, and insists that his various unnecessary filings were brought on "arguable" theories.

But the Court need not rely on Plaintiffs' counsel's characterization of his behavior and can instead consider counsel's conduct as a whole in unnecessarily multiplying the proceedings. Also, the Court can conclude that Plaintiffs' counsel acted intentionally and recklessly based on counsel's persistence in pursuing unnecessary pleadings and farfetched theories after Defendant's counsel alerted him to the frivolous and harassing nature of his positions and to the risk that fees could be awarded against him and his clients. Indeed, even in responding to the motions for fees and sanctions, Plaintiffs' counsel still does not seem to acknowledge or regret how his litigation tactics were vexatious and unnecessarily increased the fees incurred in this case. Instead, Plaintiffs' counsel continues to insist on unreasonable positions, such as that his motion for partial summary judgment might have fully resolved the case, and doggedly pursues his discredited theory that Mr. Perens admitted his client does not violate the GPL (a view which was unsupported and in any case could not legally support summary judgment of defamation). Throughout the case, Plaintiffs' counsel consistently chose to pursue the more expensive path in an attempt to "win," no matter how frivolous the position. And Plaintiffs' counsel has continued this pattern in responding to Mr. Perens's motions for fees and sanctions, adding more *ad hominem* attacks and unnecessary pleadings.

Mr. Perens therefore respectfully requests that Plaintiffs' counsel be held at least partially responsible for unnecessary fees incurred in defending this meritless case.

## I. PLAINTIFFS' COUNSEL CANNOT AVOID SANCTIONS BY ATTEMPTING TO ISOLATE EACH INCIDENT.

Mr. Perens showed that Plaintiffs' counsel should bear some responsibility for "multiplying the proceedings unnecessarily" based on the totality of his actions. *See* Mot. for

Sanctions at 4, 7, ECF No. 64; *see also Vedatech, Inc. v. St. Paul Fire & Marine Ins. Co.*, No. 04-1403 VRW, 2005 WL 1513130, at *16 (N.D. Cal. June 22, 2005), *aff'd sub nom. St. Paul Fire & Marine Ins. Co. v. Vedatech Int'l, Inc.*, 245 F. App'x 588 (9th Cir. 2007); *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 985 (E.D. Cal. 2005). Indeed, Section 1927 is meant to deter attorneys from vexatious tactics and to "compensate attorneys forced to endure such motions." *Vedatech*, 2005 WL 1513130, at *16 .

Here, minutes after Mr. Perens filed his initial anti-SLAPP motion, Plaintiffs' counsel sent an email to Mr. Perens's, stating "This will be a fun game to play" and "Game On." Drummond Hansen Decl. ISO Sanctions Reply Ex. 1. While Plaintiffs' counsel now objects to that message being cited to the Court (*e.g.,* Opp. to Sanctions at 2–3, ECF No. 79), Mr. Perens moves for sanctions not based on the language of that email alone but instead based on Plaintiffs' counsel's consistent pattern of litigating the case as if it were a game to be won—no matter how much in unnecessary fees would be incurred and despite the notice to Plaintiffs' counsel that Mr. Perens was seeking his fees under anti-SLAPP. *See* Mot. for Sanctions at 5–9. For example, Plaintiffs' counsel filed premature and duplicative motions, relied on improper procedural maneuvers, and advanced baseless arguments and *ad hominem* attacks intended to harass Mr. Perens and his counsel. *See* Mot. for Sanctions at 7–9; *see also* Opp. to Fees at 9–12, ECF No. 78 (advancing new irrational *ad hominem* attacks). In response, Plaintiffs' counsel ignores his pattern of behavior, instead attempting to separately defend each filing as it was an isolated incident. *See* Opp. to Sanctions at 2–7.

Courts, however, infer bad faith based on an attorney's behavior as a whole and the "totality of the circumstances," rather than individual filings alone. *See Moser*, 366 F. Supp. 2d at 984–85. In *Moser*, for example, the court disregarded an attorney's explanation that she did not act in bad faith based on the court's observations of her pattern of behavior throughout the litigation. *Id.* at 975–85. There, the attorney filed a multitude of baseless objections, mischaracterized the facts from the record, misstated the law, engaged in "ad hominem attacks on Plaintiff," and filed a procedurally improper response to a motion for summary judgment. *Id.* at 953, 973–74. While the attorney and her firm argued that her actions were "careless or

inadvertent, but not in bad faith, because she did not knowingly or recklessly raise a frivolous argument or argue for the purpose of harassing her an opponent," the court found the argument "untenable given the substantial evidence that [she] had ample notice and opportunity to correct the mistakes which were expressly identified by [opposing] counsel, yet repeatedly submitted . . . to the Court." *Id.* at 980–81. And in *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1077 (9th Cir. 2011), the Ninth Circuit affirmed sanctions under § 1927 after disregarding proffered "after-the-fact justifications" for bringing a motion to disqualify "[g]iven that there was no legal basis for the motion."

As Mr. Perens has shown, the record is replete with examples that allow the Court to infer Plaintiffs' counsel has acted in bad faith. *See, e.g.*, Mot. for Sanctions at 7–9. In response, Plaintiffs' counsel offers little support for his arguments, instead offering various explanations for his behavior in the hope that the Court will trust him when he says he did not act in bad faith. *See* Opp. to Sanctions at 3–8. No such trust is warranted here. On numerous occasions, Mr. Perens pointed out the unreasonableness and excessiveness of Plaintiffs' counsel's filings. For example, Plaintiffs persisted (and still persist in) arguing the merits of their baseless admissions theory, despite lacking either factual or legal support. *See* Section III, *infra*. And two days before the hearing on Mr. Perens's anti-SLAPP motion, he filed a supplemental brief on a decade-old, readily distinguishable case, yet suggests that Mr. Perens should have refrained from responding to his errors in order to reduce costs. Opp. to Sanctions at 7. The Court should also infer bad faith from Plaintiffs' counsel's repeated misstatements of law and fact, his *ad hominem* attacks on Mr. Perens and his counsel, and his repeated disregard for the Federal Rules of Civil Procedure. *See* Mot. for Sanctions 7–9; Section III, *infra*. As Mr. Perens has shown, the Court need not accept his "after-the-fact justifications," as Plaintiffs' counsel's conduct as a whole belies his statements that he did not act in bad faith. *See Moser*, 366 F. Supp. 2d at 985; *De Dios*, 641 F.3d at 1077.

## II. PLAINTIFFS' COUNSEL'S ACTIONS ARE SANCTIONABLE DESPITE HIS PROFESSIONS OF GOOD INTENTIONS AND "ARGUABLE" LEGAL THEORIES.

Plaintiffs' counsel attempts to avoid sanctions by arguing that his intentions were good,

his motions were filed "in good faith, under . . . arguable legal theor[ies]," and his actions can be reduced to a mere matter of "disagreement." Opp. to Sanctions at 4, 7–8. But the pattern here demonstrates that Plaintiffs' counsel proceeded despite numerous warnings that his behavior did not comply with ordinary standards of care and risked subjecting his clients to increasingly large fees under the anti-SLAPP statute.

Plaintiffs' counsel incorrectly asserts that Mr. Perens's motion applies the wrong standard, arguing that counsel merely "should have known" his arguments lacked merit. *See, e.g.,* Opp. to Sanctions at 1. But the behaviors identified in Mr. Perens's motion fall squarely within the Northern District's standard for recklessness under § 1927, which is characterized by a "departure from ordinary standards of care that disregards a known or obvious risk." [RMD1]*H.P.D. Consolidation, Inc. v. Pina*, No. 15-CV-05309-EMC, 2017 WL 1046960, at *3 (N.D. Cal. Mar. 20, 2017) (citing *In re Girardi*, 611 F.3d 1027, 1038 n.4 (9th Cir. 2010)).

Plaintiffs' counsel repeatedly chose to pursue a course that deviated from ordinary standards and to disregard known or obvious risks that Plaintiffs' counsel's positions were frivolous and that he would subject his clients to greater liability for fees. For example, Plaintiffs' counsel was on notice of the fatal flaws in the Complaint at least on September 18, 2017, when Mr. Perens filed an anti-SLAPP motion and motion to dismiss. *See* Mot. for Sanctions at 5, 7; First Anti-SLAPP Mot., ECF No. 11. Apparently, instead of being concerned by the core deficiencies raised, Plaintiffs' counsel seemed to view Mr. Perens's motions as issuing a professional "challenge." *See* Opp. to Sanctions at 2–3. And, even if Plaintiffs' counsel believed the Complaint had a chance to survive, he could have proceeded with care by allowing the Court to efficiently hear the parties' dispute on the core actionability of Plaintiffs' claims, reserving the right to amend for claims the Court found lacking. *See* Mot. for Sanctions at 5, 7. Instead, Plaintiffs filed the First Amended Complaint. *See* ECF No. 18. While it was Plaintiffs' right to file an amended complaint to fix deficiencies identified by Mr. Perens's motion, the Amended Complaint failed to address the fatal flaws identified by Mr. Perens, and instead offered

additional unsupported factual and legal theories. *See* Mot. for Sanctions at 5–6.[1]  Proceeding without fixing such deficiencies can support sanctions. *See, e.g., Pascual v. Wells Fargo Bank, N.A.*, No. 4:13-CV-02005-KAW, 2014 WL 582264, at *7 (N.D. Cal. Feb. 13, 2014).  In *Pascual*, the court imposed sanctions on an attorney who submitted an amended complaint that failed to address fatal flaws raised by a defendant in their initial motion to dismiss, and instead chose to assert frivolous arguments unsupported by law. *Id.* (citing *Edwards v. Gen. Motors Corp.*, 153 F.3d 242, 246 (5th Cir. 1998) ("willful continuation of a suit known to be meritless" satisfies § 1927)).

But Plaintiffs' counsel did not merely amend the complaint.  He also deviated from ordinary standards by filing a procedurally irregular concurrent opposition to Mr. Perens's motions that relied on allegations of the First Amended Complaint. *See* Opp. to First Anti-SLAPP Mot., ECF No. 20.  This caused Mr. Perens's counsel to have to research the procedural approach and to negotiate with Plaintiffs' counsel to agree that the First Amended Complaint was operative. *See* Drummond Hansen Decl. ISO Sanctions Reply ¶ 2.

Then, before Mr. Perens filed his anti-SLAPP motion on the First Amended Complaint, Plaintiffs' counsel further deviated from ordinary standards by filing a premature motion for partial summary judgment, which by definition could not resolve the case.  Mot. for Sanctions at 5–6; Mot. for Partial Summary Judgment, ECF No. 24.  Mr. Perens's counsel alerted Plaintiffs' counsel to the procedural irregularity of the filing, the low chance of success, its inability to resolve all claims even if successful, and the likelihood that this would unnecessarily increase fees incurred that his clients would have to reimburse if Mr. Perens's motion succeed.  Mot. for Sanctions at 6;  Drummond Hansen Decl. ISO Sanctions Reply ¶ 3.  In response, Plaintiffs' counsel refused to defer briefing, requiring Mr. Perens's counsel to move for relief, then spend nearly 100 hours deciphering researching, responding to, and preparing for a hearing on a premature motion (Mot. for Sanctions at 6, ECF No. 64), which by a generous interpretation of

---

[1] While Plaintiffs' counsel contends that he needed to amend the complaint to preserve his rights on appeal (Opp. to Sanctions at 3–4), after the Court dismissed the First Amended Complaint, the Court gave Plaintiffs leave to amend, which they did not take, but still managed to preserve their rights.

the Opposition, Plaintiffs' counsel believed was a clever tactical maneuver that could usurp Mr. Perens's procedurally proper motions to dismiss. *See* Opp. to Sanctions at 6–7. Plaintiffs' counsel unreasonably insisted on proceeding, however, despite notice that his client's motion would not achieve that goal, and Mr. Perens's counsel submits that the sanctions motion accurately reflects the hearing record where counsel acknowledged he wanted to obtain declarations from Mr. Perens. *See* Mot. for Sanctions at 6; Dec. 14, 2016 Hr'g Tr. at 6:13–14, 6:21–7:4; Opp. to Sanctions at 6.

Pursuing such tactical maneuvers despite warnings of frivolousness supports a finding of bad faith for sanctions. In *Optyl Eyeware*, the court found an attorney had acted in bad faith when the record demonstrated he had no basis for filing a disqualification motion and his pattern of behavior indicated he had filed the motion as an improper "tactical maneuver." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos.,* 760 F.2d 1045, 1051 (9th Cir. 1985). And in *Vedatech*, the court found bad faith where a pro se plaintiff recklessly raised frivolous arguments about case law, despite opposing counsel warning them that their conclusions were not warranted by law. 2005 WL 1513130, at *17.

During counsel's Rule 26(f) conference on November 9, 2017, Mr. Perens's attorneys warned Plaintiffs' attorneys that the costs of the lawsuit had already entered six figures; and that the entirety of the lawsuit was subject to the fee-shifting provision of the anti-SLAPP suit. Drummond Hansen Decl. ISO Sanctions Reply ¶ 4. Despite this, Plaintiffs' counsel insisted on conducting discovery prior to the anti-SLAPP hearing, but failed to identify what discovery Plaintiffs needed or comply with the procedural requirements of Federal Rule of Civil Procedure 56(d). Mot. for Sanctions at 7; Opp. to Second Anti-SLAPP Mot. at 9–11, ECF No. 38.

Following the December Order Granting Mr. Perens's Motion to Dismiss, ECF No. 53, Mr. Perens sent a message offering a potential resolution, per the Court's suggestion at the December 14 hearing. Drummond Hansen Decl. ISO Sanctions Reply ¶ 5. Mr. Perens's counsel warned Plaintiffs' counsel that continued pursuit of Plaintiffs' baseless claims would result in

increased fees, "fees on fees," and sanctions.[2]  *Id.* ¶ 5, Exs. 1, 2.  Yet Plaintiffs' counsel refused to even discuss the possibility of an agreement with Mr. Perens that might reduce the amount of fees owed, despite repeated urging by Mr. Perens's counsel.  *Id.*

Thus, not only has Mr. Perens demonstrated that Plaintiffs' counsel should have known about the risks of his behavior, but that he also repeatedly chose to pursue his vexatious litigation tactics after being put on actual notice about the significant risks of those tactics to increase the fees his clients might ultimately owe, and the risks that his actions would be sanctionable.

### III. BAD FAITH CAN BE INFERRED FROM PLAINTIFFS' COUNSEL'S DOGGED PURSUIT OF FARFETCHED THEORIES AND AD HOMINEM ATTACKS.

Plaintiffs' counsel also has persisted in pursuing farfetched theories and *ad hominem* attacks against Mr. Perens and his counsel.  Plaintiffs' counsel attempts to persuade the court he acted in good faith because there was not "an absolute 100% [chance of] failure" when he filed his motions.  *See, e.g.*, Opp. to Sanctions at 6.  But the Court should refuse to engage in such line-drawing, as Plaintiffs' counsel's actions demonstrate he behaved recklessly by asserting arguments unfounded in law and fact, despite warnings from Mr. Perens's counsel of the risks of doing so.  In addition, Plaintiffs' counsel persisted in personal, serious, and groundless, accusations of misconduct against Mr. Perens and his counsel, evincing a bad faith and reckless intent to harass Mr. Perens and "win" the litigation at any cost.

For example, Plaintiffs' motion for summary judgment was grounded in a theory based on a fundamental mischaracterization of statements in Mr. Perens's declaration.  *See* Mot. for Sanctions at 8; Reply ISO Mot. for Partial Summary Judgment, ECF No. 37.  As Mr. Perens

---

[2] While Plaintiffs' counsel argues that "the record clearly indicates Section 1927 sanctions were not even considered until after Plaintiffs expressed their intent to appeal the matter [on January 18]" (Opp. to Sanctions, Ex. 2 at 1, ECF No. 79-2), Plaintiffs' counsel should know that his accusation is not true.  Mr. Perens requested an award of his reasonable attorneys' fees and costs under both the anti-SLAPP statute and specifically 28 U.S.C. § 1927 in the Joint Case Management Statement, submitted to the Court on November 22, 2017.  ECF No. 39 at 11.  Also, the first five entries Plaintiffs' counsel complained (dated on January 3-4) merely refer to "sanctions" generally.  *Id.*  Despite this, Mr. Chhabra dismisses these entries as "not related to 1927 sanctions."  Mr. Perens contemplated both Rule 11 and Section 1927 sanctions, as Mr. Perens's counsel indicated in a January 8, 2018 email—before Plaintiffs' counsel indicated whether he would amend the complaint, much less whether he would appeal.  Drummond Hansen Decl. ISO Sanctions Reply ¶ 6 and Ex. 1)

1  demonstrated in his opposition to the motion for partial summary judgment, such an interpretation
2  was implausible, given the context of the statements made.  *See* ECF No. 32.  Moreover, the
3  statements were legally irrelevant and could not support a motion for partial summary judgment,
4  as argued by Mr. Perens and acknowledged by the Court in its Order Granting Mr. Perens's
5  motion to Dismiss.  *See* ECF. Nos. 32, 53.

6  Despite Mr. Perens providing Plaintiffs with evidence of the factual inaccuracies of their
7  argument, not only did Plaintiffs refuse to withdraw the argument, but they also persisted in
8  pressing the same incoherent theory in their opposition to Mr. Perens's anti-SLAPP motion.  *See*
9  Mot. for Sanctions at 8, ECF No. 64; ECF No. 38.  Plaintiffs' counsel then refused to permit Mr.
10  Perens to correct a statement that he had reviewed the Grsecurity agreement in the morning of
11  July 10, rather than in the evening of July 9 despite the misstatement having no bearing on the
12  litigation.  Mot. for Sanctions at 8, ECF No. 64; Drummond Hansen Decl. ¶ 6.; ECF No. 42.
13  Indeed, Plaintiffs' counsel continues to insist that the motion was "based on a valid legal theory,"
14  despite the clear lack of support both legally and factually.[3]  Opp'n to Sanctions at 4-7, ECF No.
15  79.

16  Plaintiffs' counsel's behavior in the course of responding to Mr. Perens's motions for fees
17  and sanctions further supports a finding of bad faith.  In response to a twenty-two minute delay in
18  filing, Plaintiff filed an ex parte application to deem the motion for sanctions improper.  ECF No.
19  68.  In the Reply in support of this application, Mr. Chhabra made several misstatements of fact
20  and of law.  *See* ECF No. 74.  For example, Mr. Chhabra made the following statement to the
21  Court: "At no time did Defendant attempt to meet and confer with the undersigned for the
22  purposes of section 1927 sanctions, and neither can Defendant provide such a showing."  ECF
23  No. 74 at 2.  But Mr. Perens did in fact attempt to meet and confer with Plaintiffs' counsel
24  regarding §1927 sanctions, not once, but twice.  *See* Supp. Drummond Hansen Decl. Exhs. 1, 2.

---

[3] While Mr. Chhabra relies on Mr. Norman vouching for the "reasonableness" of bringing the Motion for Partial Summary Judgment based on the "admissions" theory (Opp'n to Fees, Ex. 2 at ¶8, ECF No. 78-2), as Plaintiffs' expert acknowledges, a statement that is not provably false cannot be made so by disbelief in it.  This is further supported by the Court's quick disposal of the theory at the December 14 Hearing.  *See* Dec. 14, 2016 Hr'g Tr. at 7:10–15.

1  Moreover, Plaintiffs' counsel inaccurately described the applicability of a case cited by Mr.
2  Perens in his Opposition, *Beaver Cty. Emps.' Ret. Fund v. Tile Shop Holdings, Inc.*, No. 16-MC-
3  80076-JSC, 2016 WL 7212308 (N.D. Cal. Dec. 13, 2016).  ECF No. 74 at 2.  Specifically,
4  Plaintiffs' counsel alleged that L.R. 7-8(c) was not at issue in the case, but a review of the
5  underlying brief demonstrates that it was at issue.  *See* Supp. Drummond Hansen Decl., Ex. 3.  In
6  addition, in his opposition to the motion for sanctions, Plaintiffs' counsel continues to assert that
7  the motion for sanctions should be deemed untimely, an argument the Court has already rejected.
8  *See* Opp. to Sanctions at 8, ECF No. 79.

9       During the course of this dispute, Plaintiffs' counsel has also engaged in a series of *ad*
10 *hominem* attacks on Mr. Perens and his counsel.  In misconstruing Mr. Perens's statements in his
11 October 31 Declaration (ECF No. 32-3), Plaintiffs' counsel accused Mr. Perens of intentionally
12 omitting certain details.  See Mot. at 8, ECF No. 64; ECF No. 37.  Yet, when Mr. Perens tried to
13 supplement those details, Plaintiffs' counsel accused him of committing "perjury."  Mot. for
14 Sanctions at 8, ECF No. 64; Drummond Hansen Sanctions Decl. ¶ 6.  Moreover, in responding to
15 Mr. Perens's currently pending motions, he continues to besmirch the integrity and competence of
16 Mr. Perens's counsel, childishly referring to Mr. Perens's counsel as a "dream team,"
17 condescendingly classifying the first year associates as "interns," and accusing counsel of
18 "intentionally presnt[ing] inaccurate data" and "doctoring" their request for fees.  *See* Opp. to
19 Mot. for Fees at 1, 3, 4, 9-10.  Instead of contacting Mr. Perens regarding the discrepancies,
20 Plaintiffs' counsel attempts to seize on the error, arguing that it could not possibly be "an honest
21 mistake."  Opp'n to Motion for Fees at 10.  Such accusations are unfounded and nonsensical.  As
22 Mr. Perens explains in greater detail in his concurrently filed Reply in Support of the Motion for
23 Fees, the discrepancies resulted from an unintentional clerical error, a conclusion readily apparent
24 to anyone attempting to determine the source of the error.  Moreover, had Plaintiffs' counsel
25 notified Mr. Perens's counsel before his opposition, Mr. Perenss' counsel would have gladly
26 explained the error and provided a corrected exhibit.  Such baseless accusations and personal
27 attacks further support an inference of bad faith.  See *Moser*, 366 F. Supp. 2d at 973.
28      Plaintiffs' counsel's responses fail to acknowledge any wrongdoing, yet continues to

persist in reckless arguments, misstatements of fact and law, and unprofessional *ad hominem* attacks.  Mr. Perens respectfully submits that this further supports an inference of bad faith.

## IV.     CONCLUSION

Plaintiffs' counsel engaged in a pattern of bad faith and reckless behavior, wherein he knowingly disregarded obvious risks in pursuit of aggressive litigation tactics.  Section 1927 sanctions are designed to deter this exact type of behavior, and Plaintiffs' counsel's continued pursuit of vexatious litigation strategies in response to Mr. Perens's currently motions further demonstrates the importance of such deterrence.  Because of Mr. Chhabra's personal responsibility and role in the high costs of this litigation, Mr. Perens respectfully submits that the Court should impose sanctions on Plaintiffs' counsel.

Dated:  March 22, 2018

> MELODY DRUMMOND HANSEN
> HEATHER J. MEEKER
> CARA L. GAGLIANO
> O'MELVENY & MYERS LLP
>
> By:    *Melody Drummond Hansen*
>           Melody Drummond Hansen
> Attorneys for Defendant Bruce Perens