MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
HEATHER J. MEEKER (S.B. #172148)
hmeeker@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025-7019
Telephone:    +1 650 473 2600
Facsimile:    +1 650 473 2601

CARA L. GAGLIANO (S.B. #308639)
cgagliano@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:    +1 415 984 8700
Facsimile:    +1 415 984 8701

Attorneys for Defendant
Bruce Perens

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., and BRADLEY SPENGLER,<br><br>Plaintiffs,<br><br>v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>Defendants. | Case No. 3:17-cv-04002-LB<br><br>**DECLARATION OF MELODY DRUMMOND HANSEN IN SUPPORT OF DEFENDANT BRUCE PERENS'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFFS' COUNSEL UNDER SECTION 1927 AND THE COURT'S INHERENT POWERS** |

**DECLARATION OF MELODY DRUMMOND HANSEN**

I, Melody Drummond Hansen, declare as follows:

1. I am a partner of O'Melveny & Myers LLP ("O'Melveny"), with an office located at 2765 Sand Hill Road, Menlo Park, CA 94025. O'Melveny is counsel of record for Defendant Bruce Perens in this case. I am admitted to practice in the State of California. I submit this Declaration under Civil Local Rule 54-5 in support of Mr. Perens's Motion for Sanctions pursuant to 28 U.S.C. Section 1927 and the Court's inherent powers. I have personal knowledge and am informed of the facts stated herein and, if called to testify, I could and would testify to the truth of the following.

2. Concurrently with Plaintiffs' submission of an amended complaint, Plaintiffs also submitted an opposition to Mr. Perens's initial motion to dismiss and strike, but relied on allegations and support stated in the First Amended Complaint. (ECF No. 20). Because of the procedural irregularity in such a decision, Mr. Perens's counsel was forced to expend hours of research in determining what the correct procedural approach should be. After locating Ninth Circuit case law, Mr. Perens confirmed that an amended complaint supersedes all prior complaints as a matter of law, and federal courts do not make an exception to that rule for anti-SLAPP motions. Despite offering Plaintiffs' counsel with this clear precedent, Plaintiffs' counsel engaged us in an extended debate about the procedural effect of the amended complaint based on a misreading of the cases he cited, to which Mr. Perens's counsel was forced to devote more time negotiating.

3. Following Plaintiffs' submission of the motion for partial summary judgment (ECF No. 24), Cara Gagliano and I exchanged a series of emails with Mr. Chhabra, requesting a stay on the briefing. During this exchange, we informed Plaintiffs' counsel of the procedural irregularity of the motion, and discussed the benefits of allowing the Court to consider a responsive pleading before ruling on Plaintiffs' motion for partial summary judgment, including that consideration of Mr. Perens's motion first could avoid the need to consider the summary judgment motion at all, whereas the motion for summary judgment would still require the Court to consider the remainder of the anti-SLAPP motion. Therefore, a stay would be in both parties'

interests, as briefing and arguing the motion for summary judgment would expose Plaintiffs to potential additional liability to pay Mr. Perens's fees in opposing the frivolous and premature summary judgment motion. Despite these warnings, Mr. Chhabra refused to stay the motion, and insisted on briefing the partial summary judgment motion before Mr. Perens' anti-SLAPP motion could be decided.

4. On November 9, 2017, I participated in a joint case management call with Plaintiffs' counsel. During this call, I reminded Mr. Chhabra that the entire lawsuit would be subject to the mandatory fee-shifting statute, and advised him of the rapidly increasing costs of the litigation, which had entered the six figures.

5. Following the December Order Granting Mr. Perens's Motion to Dismiss, Mr. Perens attempted to settle the case, warning Plaintiffs' counsel that continued pursuit of his frivolous claims could result in additional fees, "fees-on-fees" and in sanctions. Indeed, Mr. Perens requested to meet and confer with Plaintiffs' counsel not once, but twice, regarding the possibility of sanctions: On January 8, I inquired whether Plaintiffs intended to file an amended complaint, noting that any attempt to pursue their baseless claims would provide grounds for sanctions under Federal Rule of Civil Procedure Rule 11; I also noted that Plaintiffs' counsel's pattern of unnecessarily multiplying the proceedings justified sanctions under §1927 and the Court's inherent powers. A true and correct copy of this email is attached here as Exhibit 1. Plaintiffs refused to discuss the possibility of settlement, and failed to inform Mr. Perens what their intentions were regarding an amended complaint. On February 5, 2018, I sent Plaintiffs' counsel another email, informing him that we intended to bring a motion for fees pursuant to §1927, and attempting to discuss the fees we intended to seek and identify and potentially narrow disputes in the motions, as contemplated under Civil Local Rule 54-5. A true and correct copy of this email is attached here as Exhibit 2.

6. Mr. Perens's counsel's contemplation of moving for sanctions preceded Plaintiffs' counsel's notice of an intent to appeal. Mr. Perens stated so in the Joint Case Management Statement, filed with the Court on November 22, 2017. (ECF No. 39 at 11). After the Hearing on December 14, wherein Mr. Chhabra stated that he filed the motion for summary judgment

1  because he "honestly just wanted Mr. Perens's declarations," Mr. Perens's counsel began
2  researching the requisite standards in anticipation of drafting the motion for sanctions.  Because
3  Plaintiffs' counsel did not indicate whether he would be amending the complaint a second time,
4  which could also have led to sanctionable fees under Rule 11.

5       7.    Concurrently with the submission of this motion, I also submitted a Declaration In
6  Support of Bruce Perens's Reply in Support of his Motion for Mandatory Fees and Costs Under
7  California's Anti-SLAPP Law.  I refer to that Declaration and Exhibits as describing our fees and
8  hours in detail, and supporting information for why our fees are reasonable.  For the sake of
9  economy, I have not included that information here, but would be happy to supply a further
10 separate declaration should the Court prefer.

   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that this declaration was executed this 22nd day of March 2018 in San Francisco, California.

                    By:   */s/ Melody Drummond Hansen*
                          Melody Drummond Hansen
                          Of O'Melveny & Myers LLP