# Exhibit 1

| | |
|---|---|
| **From:** | Drummond Hansen, Melody |
| **Sent:** | Monday, January 8, 2018 4:08 PM |
| **To:** | 'Rohit Chhabra' |
| **Cc:** | Meeker, Heather J.; Gagliano, Cara L. |
| **Subject:** | OSS/Spengler v. Perens -- Response to Settlement Offer; Plaintiffs' Plans |

Hello, Mr. Chhabra--

I hope that you had a good holiday.

We have not received any further response from you regarding our offer of settlement and we write to follow up, including to provide the estimate of fees that we promised.

First, please confirm that you did forward our message to your clients as we requested.  As we expect you are aware, ethical rules generally require that offers of settlement are conveyed to clients.

Second, we saw that you were quoted in a story on The Register about the Court's decision on the Motion to Dismiss and anti-SLAPP as stating "While it is unfortunate that the court did not agree with us, this is certainly not the end of it." (See  <https://www.theregister.co.uk/2017/12/22/grsecurity_defamation_perens_dismissed/> https://www.theregister.co.uk/2017/12/22/grsecurity_defamation_perens_dismissed/.)

Assuming the quote is accurate, we hope this does not mean that Plaintiffs intend to continue to pursue their baseless claims.  In addition to liability for fees under the anti-SLAPP statute, continuing to pursue such claims subjects Plaintiffs and counsel to other liability for fees and costs.  For example, we expect that any amended complaint Plaintiffs could file would be frivolous, unwarranted, needlessly harassing to Mr. Perens, and would cause unnecessary delay and increased costs in resolving this litigation--providing grounds for sanctions under Federal Rule of Civil Procedure 11.  We also believe that your pattern of unnecessarily multiplying the proceedings through numerous unwarranted filings justify recovery of fees and costs under 28 U.S.C. § 1927 and the Court's inherent powers.

If Plaintiffs do plan to file a Second Amended Complaint, please provide your Rule 11 basis for doing so.

Third, we prepared an estimate of our fees and costs to date and, as we previously indicated, they are well into the six figures.  The total amounts are approximately $490,000 in fees and $4,200 in costs.  Of the total fees, only a fraction were incurred on preparing Mr. Perens's original anti-SLAPP motion: approximately $90,000.  The majority of the

remainder was largely attributable to additional work expended in responding to Plaintiffs' subsequent aggressive and harassing litigation tactics and shifting theories, much of which was outlined in my previous message.  We have a right to seek additional fees, including a success fee, but we are willing to settle for our fees as calculated on an hourly basis to date.

We request that you respond to our offer for settlement.  We remain available to discuss potential resolution as the Court suggested at the hearing and any issues that you believe remain after the Court's order.  Further dialogue between the parties may help avoid needless additional litigation.

We continue to take this matter very seriously.  Please respond to these requests and tell us how Plaintiffs intend to proceed.

Thank you,

Melody

O'Melveny

Melody Drummond Hansen

 <mailto:mdrummondhansen@omm.com> mdrummondhansen@omm.com

O: +1-650-473-2636

of O'Melveny & Myers LLP

2765 Sand Hill Road

Menlo Park, California  94025

 <http://www.omm.com/> Website |  <https://www.linkedin.com/company/o'melveny-&-myers-llp> LinkedIn |  <https://twitter.com/omelvenymyers> Twitter |  <https://www.omm.com/professionals/melody-drummond-hansen/> Bio

This message and any attached documents contain information from the law firm of O'Melveny & Myers LLP that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.