1  MELODY DRUMMOND HANSEN (S.B. #278786)
   mdrummondhansen@omm.com
2  HEATHER J. MEEKER (S.B. #172148)
   hmeeker@omm.com
3  O'MELVENY & MYERS LLP
   2765 Sand Hill Road
4  Menlo Park, California  94025-7019
   Telephone:     +1 650 473 2600
5  Facsimile:     +1 650 473 2601

6  CARA L. GAGLIANO (S.B. #308639)
   cgagliano@omm.com
7  Two Embarcadero Center
   28th Floor
8  San Francisco, California 94111-3823
   Telephone:     +1 415 984 8700
9  Facsimile:     +1 415 984 8701

10 Attorneys for Defendant
   Bruce Perens

11

12            UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA

14             SAN FRANCISCO DIVISION

15

16 OPEN SOURCE SECURITY, INC., and       Case No. 3:17-cv-04002-LB
   BRADLEY SPENGLER,
17                                        **DECLARATION OF MELODY**
                      Plaintiffs,         **DRUMMOND HANSEN IN SUPPORT**
18                                        **OF DEFENDANT BRUCE PERENS'S**
          v.                              **REPLY IN SUPPORT OF MOTION**
19                                        **FOR MANDATORY FEES AND**
   BRUCE PERENS, and Does 1-50,           **COSTS UNDER CALIFORNIA'S**
20                                        **ANTI-SLAPP LAW**
                      Defendants.
21                                        **PUBLIC REDACTED VERSION**

22

23

24

25

26

27

28

1

## DECLARATION OF MELODY DRUMMOND HANSEN

2      I, Melody Drummond Hansen, declare as follows:

3      1.      I am a partner of O'Melveny & Myers LLP ("O'Melveny"), attorneys of record for

4    Defendant Bruce Perens in this action.  I am admitted to practice in the Northern District of

5    California.  In connection with Mr. Perens's Motion for Mandatory Fees and Costs under

6    California's Anti-SLAPP Law (ECF No. 62, "Fee Motion"), I submitted on February 7, 2018 a

7    Declaration and Exhibits supporting the request for fees and costs (ECF No. 63-4, "Drummond

8    Hansen Declaration"), based on my review of contemporaneously maintained timekeeper records.

9    I submit this further Declaration in support of Mr. Perens's Reply in Support of his Fees Motion

10   (and as appropriate his Reply in Support of his Sanctions Motion, ECF No. 64).  I have personal

11   knowledge and am informed of the facts stated herein and, if called to testify, I could and would

12   testify to the truth of the following.

13     2.      The work performed by O'Melveny attorneys was performed at my direction and

14   at the direction of my partner, Heather Meeker, and we oversaw the costs incurred.  I personally

15   reviewed the fees and costs records reflecting this work and expenses.

16     3.      In connection with Mr. Perens's initial motion for fees and costs, we submitted

17   supporting documentation to detail the bases for Mr. Perens's requested fees.  In their

18   Oppositions to Mr. Perens's motions for fees and sanctions, Plaintiffs dispute the accuracy and

19   reliability of certain exhibits—including detailed time entries in Exhibit C (ECF No. 64-4.4,

20   which Plaintiffs' counsel accuses of being "doctored" and purports to "correct" in Plaintiffs'

21   Opposition and Exhibits)—and Plaintiffs also challenge various fees on other bases such as

22   alleged inefficiencies.  Plaintiffs' counsel apparently misunderstands the process by which the

23   exhibits to Mr. Perens were created and the nature of the work performed.  This declaration

24   explains that process and work.

25     4.      Also, to ensure that the calculated fees submitted to the Court accurately reflected

26   the hours spent and fees incurred, counsel for Mr. Perens closely re-checked the figures provided

27   to the Court against the firm's billing records and against counsel's write-offs and write-downs.

28   We have confirmed that the total number of hours and total number of fees submitted in Exhibit C

DRUMMOND HANSEN DECL. ISO REPLY
IN SUPPORT OF FEE MOTION
3:17-CV-04002-LB

1    were correct, as were the total numbers submitted in the fees briefing (other than a calculation

2    error that *under*-counted attorney hours by 4 hours).  Individual fees subtotals each of the line-

3    item billing entries in Exhibit C also were correct.  The discrepancies in certain individual line-

4    item hours and subtotal fees that Plaintiffs noted are explained by a sorting error in Excel that

5    occurred in finalizing the exhibit and led to hours entries within the same day being out of order,

6    as discussed further below.  In addition, as part of counsel's detailed review, we noticed a few

7    entries that Plaintiffs' counsel did not mention that were placed in the wrong category of work.

8    We have now written those off.  Also, as a compromise response to certain time that Plaintiffs'

9    counsel challenges, we have further written down or written off certain time entries.  A corrected

10   and updated Exhibit C reflecting these changes is provided with this declaration.

11       5.      Plaintiffs also seem to object to a number of time entries based on a

12   misunderstanding of the narrative description.  We believe that most of these time entries are

13   clear as to the nature of the work performed, but for the few instances in which we believe the

14   Court may benefit from additional information, this declaration provides brief explanations.

15       6.      Separately, Mr. Perens provides updated 2018 fees expended on preparation of his

16   fees and sanctions motions and reply briefing to date.

17       **(A)    Preparation of Original Exhibit C**

18       7.      Plaintiffs' counsel refers to Exhibit C as "timekeeping records" throughout his

19   opposition, and suggests that any misalignment of hours and fees subtotals cannot be an

20   administrative mistake because any timekeeping software can perform calculations.  (*E.g.,* Fees

21   Opp. at 9 and 10.)  Plaintiffs' counsel, however, apparently misunderstands the way that Exhibit

22   C is prepared and the ways that I referred to timekeeping and billing records in preparing it as

23   referred to in my declaration.

24       8.      We provided Exhibit C for the convenience of the parties and the Court,

25   considering that such detailed time entries are not typically required for fees motions.  Exhibit C

26   is a prepared exhibit, not the mere result of a report from our firm's billing system.  Such a report

27   would not be as helpful for Plaintiffs or the Court because while it would include line items for

28   date, biller, description, and hours, it would not typically include other information helpful to the

DRUMMOND HANSEN DECL. ISO REPLY
IN SUPPORT OF FEE MOTION
3:17-CV-04002-LB

1    fees analysis here such as the rates for each biller on every line, a calculated subtotal for each

2    line, or categorization of each entry.  For example, our film's billing system output would not

3    include categories such as 2nd Anti-SLAPP, Motion for Partial Summary Judgment, *Ex Parte*

4    Motion, or Case Management for each entry so that it could be sorted and allocated the time

5    entries.  Exhibit C also incorporates write-offs or write-downs of hours that would not be

6    reflected in the firm's initial raw billing output, and we labeled such write-offs and write-downs

7    with an asterisk in Exhibit C to reflect reduced time.  We also prepared Exhibit C in an Excel

8    format so that it would be more readily sortable for analysis.  (Had Plaintiffs' counsel asked us

9    for the Excel version, we would have gladly provided it, and we plan to serve Plaintiffs' counsel

10    with an Excel version of updated Exhibit C alongside the final PDF exhibit.)

11        9.      When I referred to reviewing the firm's billing records in my declaration, I

12    referred to my review of reports from our billing system, analyzing and proofreading of entries,

13    and providing write-offs and write-downs of billed time, as I would for other client matters.

14    (Indeed, I have been more generous in write-offs and write-downs in this matter versus other

15    matters.)

16        10.      Contrary to Plaintiffs' suggestion, the time entries in Exhibit C have not been

17    "doctored" to increase the fees requested.  The only alterations in preparing Exhibit C versus the

18    firm's billing records were *reductions* in the form of write-downs or write-offs, to the number of

19    hours worked and associated fees in connection with this litigation, as detailed in my declaration

20    and exhibits.  As explained further below, the mismatch of hours and fees subtotals in line-by-line

21    time entries in the final Exhibit C is due to a sorting error in preparing the final exhibit.  We also

22    have gone back to the billing records in the firm's system to confirm the original hours and fees

23    were correct, and I also compared versus my prepared write-offs and write-downs to ensure they

24    are correct.

25        **(B)**      **Investigation and Corrections to Exhibit C**

26        11.      We agree with Plaintiffs' counsel that Exhibit C contains some entries where the

27    hours listed do not match the subtotaled fees for those entries.

28        12.      From our initial review of examples raised by Plaintiffs' counsel, we could

DRUMMOND HANSEN DECL. ISO REPLY
IN SUPPORT OF FEE MOTION
3:17-CV-04002-LB

1   immediately see that the problem was that the hours for certain entries no longer lined up with

2   their respective entry and subtotal.  For example, Plaintiffs' counsel mentioned an entry on

3   September 8, 2017 for Cara Gagliano which reflected a ██████ for ██ hours of work.  Clearly,

4   Ms. Gagliano's rate is ███ per hour, and not ██████ per hour.  The ██████ subtotal would

5   match an ███ hour entry.  The entry directly below the challenged entry reflected 11.6 hours of

6   time that was mismatched to a fees subtotal of ████████ hours also better matched the

7   description of the challenged entry for ██████, which described "Draft Combined Motion to

8   Dismiss and Anti-SLAPP Motion" (rather than the entry for discussing case management issues).

9       13.    To confirm the source of the error and to ensure that the overall hours and fees

10  request submitted with Mr. Perens's motion were correct, I re-reviewed contemporaneous billing

11  records, including reviewing reports from our billing team and certain physical copies of billing

12  materials on which I hand-entered write-downs and write-offs for some entries reflected in

13  Exhibit C, and our team also compared the hours and fees for each entry to those records.

14      14.    From this entry-by-entry comparison, we were able to confirm that the total hours

15  and total fees presented in Exhibit C are accurate, as are the individual fees subtotals for each

16  entry.  Unfortunately, in the process of using Exhibit C to prepare briefing figures and for the

17  final exhibit, the column for timekeeper hours was mis-sorted, such that the hours with certain

18  days became rearranged and no longer corresponded to the narratives and subtotals fees with

19  which they should be associated.  However, this error did not affect any of the other columns in

20  the Exhibit, including the fees column, which was and remains accurate for each corresponding

21  narrative entry.

22      15.    A corrected copy of Exhibit C, with the hours column adjusted to remove this

23  sorting error and reflect the appropriate number of hours worked for each entry, is attached to this

24  Declaration as Exhibit C.  Additionally, we moved the rate column in updated Exhibit C to be

25  adjacent to the hours and fees columns, to assist with visual calculations for each time entry.  We

26  also added a column to show original time and original hours and adjusted hours and adjusted

27  fees to show write-downs (previously, only the final hours numbers were shown and marked with

28  an asterisk).  (In comparing the original Exhibit C and the corrected version submitted in

DRUMMOND HANSEN DECL. ISO REPLY
IN SUPPORT OF FEE MOTION
3:17-CV-04002-LB

1    connection with this Declaration, the "hours" column in the original Exhibit C corresponds to the

2    "adjusted hours" column in the corrected Exhibit C.)

3         **(C)**     **Voluntary Compromise Reductions to Address Plaintiffs' Objections**

4         16.     Plaintiffs offer a number of objections to specific time entries, as reflected in

5    Exhibits 1-B through 1-M to the Declaration of Rohit Chhabra (ECF No. 78-1).  In the spirit of

6    compromise and to reduce the issues in dispute in this matter, I have voluntarily written down or

7    written off several of these time entries in response, as described below.

8         17.     In Exhibit 1-M to the Chhabra Declaration, Plaintiffs identify two entries from

9    1/23/18, one each by Marissa Rhoades and Eric Ormsby, as reflecting unnecessarily high fee

10   requests.  I have therefore voluntarily reduced the requested hours associated with these entries

11   from ▮ to ▮ for Ms. Rhoades's entry and from ▮ to ▮ for Mr. Ormsby's entry.  The

12   corresponding fees have likewise been reduced from ▮▮▮ to ▮▮▮ and from ▮▮▮ to

13   ▮▮▮

14        18.     In Exhibit 1-I to the Chhabra Declaration, Plaintiffs identify two entries from

15   12/14/18, one each by Marissa Rhoades and Eric Ormsby for attending the combined anti-SLAPP

16   and summary judgment hearing, as not warranted.  I have written off these time entries, for a

17   combined reduction of ▮ hours and ▮▮▮ in requested fees.

18        19.     I also have made other voluntary reductions, described below.

19        **(D)**     **Additional Voluntary Reductions**

20        20.     In addition to the specific entries challenged by Plaintiffs noted above, I

21   separately exercised billing judgment to further write-down or write-off time entries which were

22   initially submitted in connection with Mr. Perens's Fee Motion in Exhibit C.  In the process of

23   reviewing the timesheet entries which formed the basis of Exhibit C and the resulting fee

24   requests, I noticed a few other items warranting reduction, for the reasons described below.

25        21.     For example, Exhibit A (ECF No. 63-4.2) *under*-counted the hours performed by

26   Cara Gagliano.  Specifically, Ms. Gagliano's total hours worked should have been reflected as

27   ▮▮▮, rather than ▮▮▮ as reflected in Exhibit A.  This error was caused by an asterisk in the

28   excel cell for the hours column for one of Ms. Gagliano's time entries, which caused the formulas

DRUMMOND HANSEN DECL. ISO REPLY
IN SUPPORT OF FEE MOTION
3:17-CV-04002-LB

1    for computing time to disregard the affected entry and undercount total hours.  However, because

2    the same error was not present in the fees column, no error was made to the calculation of the fee

3    request for Ms. Gagliano in Exhibit A.  Nevertheless, I have chosen to write off this entry, such

4    that Ms. Gagliano's total requested hours for 2017 remain █████ but the fees associated with this

5    request have been reduced to ███████.

6         22.    Mr. Perens's Fee Motion also contained a chart detailing the hours worked and

7    fees requested for each stage of this litigation.  *See* Fees Motion at 10.  Ms. Gagliano's hours

8    were *under*-counted by four hours in the chart's total hours request for the first anti-SLAPP

9    motion, which reflected a total of █████ hours worked for Ms. Gagliano but should instead have

10   reflected a total of ██████ hours worked.  As noted above, this discrepancy did not affect the total

11   fees request.  However, because I have written off this entry, the fees request for this portion of

12   the chart is correspondingly reduced to ████████.

13        23.    In addition, we noticed two errors in the chart included on page 10 of the Fees

14   Motion.  First, one entry by Jillisia Santillana should have been categorized as hearing

15   preparation but instead was categorized as related to the second anti-SLAPP reply.  Rather than

16   recategorize, we are writing it off.  Removing this entry reduces the hours worked on the second

17   anti-SLAPP Reply by a total of ████ hour and the associated fee by a total of ████.  Second, in

18   calculating the subtotal for the second anti-SLAPP reply, one entry was mistakenly double-

19   counted in the formula.  Specifically, the entry, which was for 0.4 hours of work performed by

20   Ms. Diaz, was included both in the calculation for hearing preparation and also in the calculation

21   for the second anti-SLAPP reply.  (Because total fees were calculated separately, this double-

22   counting did not impact the total fee request.)   Removing these two entries reduces the hours

23   worked on the anti-SLAPP reply from ████ to █████ and the fees requested from ████████ to

24   ██████.

25        24.    Exhibit B contained three entries that were categorized as related to Mr. Perens's

26   fees motion that should instead have been categorized as related to Mr. Perens's sanctions

27   motion.  I have written off these entries.  As a result, Ms. Rhoades's total hours and fees

28   requested for 2018 are reduced by ████ hours and ███████ and Mr. Ormsby's total hours and fees

DRUMMOND HANSEN DECL. ISO REPLY
IN SUPPORT OF FEE MOTION
3:17-CV-04002-LB

requested for 2018 are reduced by ███ hours and ██████ .  The cumulative effect is to reduce the hours and fees requested in Exhibit B by a total of ███ hours and ██████ .

25.     In addition to the three entries noted above, I have exercised further billing judgment and chosen to write down or write off a substantial number of additional entries from the timesheets originally submitted in connection with Mr. Perens's Fee Motion.

26.     The additional write-offs and write-downs described above, and others, have been highlighted in the corrected Exhibit C submitted in connection with this Declaration (with write-offs shown in blue and write-downs shown in yellow).  However, the entries have not otherwise been altered, to minimize the number of exhibits and changes to Exhibit C.  As a consequence, the entries themselves do not reflect these additional write-downs or write-offs, which have been calculated separately and the updated totals are shown in Exhibit D.

27.     Corrected versions of Exhibits A and B to the Drummond Hansen Declaration submitted with the previous Fees Motion have also been prepared and attached to this Declaration.  These corrected Exhibits take into account all voluntary write-offs and write-downs described above.  For ease of comparison, the original calculations for each timekeeper, as well as total hours and fees, have been retained and presented alongside the updated calculations incorporating the additional write-offs and write-downs described above.

28.     A corrected version of the chart from Page 10 of the Fee Motion has been separately prepared and submitted in connection with this Declaration as Exhibit D.  This chart is intended to replace the chart from Page 10 initially submitted in connection with the Fee Motion, and should be treated as the final and accurate reflection of Mr. Perens's total fees request.

29.     The write-downs and write-offs described in detail above represent a total of an additional ███ hours and ████████ in fees voluntarily reduced from Mr. Perens's Fees Motion, with ███ hours and ██████ in fees for 2017 and ███ hours and ████████ in fees for 2018.

**(E)     Explanations of Selected Time Entries**

30.     In Exhibit 1-C to the Chhabra Declaration, Plaintiffs object to a time entry by Ms. Gagliano with the narrative description "Prepare outline for Rule 26(f) conference with opposing counsel; discuss same with M. Drummond Hansen."  Plaintiffs question what outline this refers

to, asserting that they were "asked to prepare the first draft." This entry refers to preparation for a phone call with Plaintiffs' counsel pursuant to Rule 26(f)'s meet-and-confer requirements, not the parties' written discovery plan. Ms. Gagliano prepared an outline of the topics to be addressed on the call and discussed them with Ms. Drummond Hansen.

31.     On page 14 of Plaintiffs' Opposition, Plaintiffs object to three time entries by Ms. Gagliano for time spent on revisions to an outline of the lodestar section of Mr. Perens's fees motion and related legal research. The work product referenced in these entries was a detailed outline designed to function essentially as the first draft of Section IV of Mr. Perens's fees motion, including case law, with placeholders for Ms. Rhoades and Mr. Ormsby to fill in with specified details.

32.     Also on page 14 of Plaintiffs' Opposition, Plaintiffs object to a time entry by Marissa Rhoades with the narrative description "Research procedures for sealing fees motion and accompanying affidavits and exhibits." Ms. Rhoades has clarified that this work included not only reviewing the Court's sealing requirements but also investigating what billing and rates information O'Melveny typically submits with fee motions and in what form, as well as researching what legal standard applies to sealing requests in the context of fees motions. Nonetheless, I have voluntarily reduced the requested hours associated with this entry from 3.1 to 1.0, as noted in ¶ 17.

**(F)     Supplemental Hours and Fees**

33.     Attached as Exhibit E to this Declaration is a chart of time entries finalized after filing of the initial Fees Motion.

34.     Exhibit E has been prepared using the same procedures used to create Exhibit C as described in my previous Declaration and above. All of the fees for which reimbursement is sought are based on records maintained by O'Melveny in its normal course of business. I personally reviewed and verified each of these billing records for the purposes of this motion.

35.     In the exercise of my billing judgment, I wrote down and wrote off certain hours actually expended by attorneys and staff based on my professional judgment as I would use for any paying client, and in an effort to limit the number of issues that are disputed on this motion.

1  For example, I wrote off and reduced time spent on research and writing as I deemed

2  commensurate with the complexity of the tasks involved; time where the hours were large in a

3  single day; time researching the Court's practices; time spent analyzing press in the case; time

4  spent by other attorneys and/or library support to assist with the matter; and time spent on

5  administrative tasks that I would not bill to another paying client.  In addition, I wrote off all

6  hours incurred in connection with investigating and correcting Exhibit C and other fees totals

7  submitted in connection with Mr. Perens's original Fees Motion.  The time written off or written

8  down totaled ▮▮▮▮ hours, which corresponded to a total of ▮▮▮▮ in fees.

9       **(G)   Updated Total Hours and Fees**

10      36.   Attached as Exhibit D are the updated total hours and fees requested under Mr.

11  Perens's Fees Motion, broken down by task.

12       **(H)   Additional Exhibits**

13      37.   Attached as Exhibit F is a true and correct copy of Ms. Gagliano's California State

14  Bar profile, obtained from the official California State Bar website.  Exhibit F shows that Ms.

15  Gagliano was admitted to practice in California on February 9, 2016.

16      38.   Attached as Exhibit G is a true and correct copy of a document titled "Declaration

17  of William H. G. Norman in Support of Nicholas P. Clainos' Motion for Award of Attorneys

18  Fees and Costs," filed on July 11, 2011 in *Graham-Sult v. Clainos*, Case No. CV 10-4877 CW, in

19  the United States District Court for the Northern District of California.

20

21      I declare under penalty of perjury under the laws of the United States that the foregoing is

22  true and correct, and that this declaration was executed this 22nd day of March 2018 in San

23  Francisco, California.

24                               By: */s/ Melody Drummond Hansen*

25                                  Melody Drummond Hansen
                                Of O'Melveny & Myers LLP

26

27

28

DRUMMOND HANSEN DECL. ISO REPLY
IN SUPPORT OF FEE MOTION
3:17-CV-04002-LB