CHHABRA LAW FIRM, PC
ROHIT CHHABRA (SBN 278798)
Email: rohit@thelawfirm.io
257 Castro Street Suite 104
Mountain View, CA  94041
Telephone: (650) 564-7929

**Attorney for Plaintiffs**
Open Source Security Inc. &
Bradley Spengler

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| OPEN SOURCE SECURITY INC. and BRADLEY SPENGLER<br><br>            Plaintiff,<br><br>    v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>            Defendants. | Case No.: 3:17-cv-04002-LB<br><br>**PLAINTIFFS' OBJECTION TO REPLY EVIDENCE: SUBMISSION OF UPDATED TIMEKEEPING RECORDS (ECF. No. 84, Ex. C, D, and E)**<br><br>[Filed Pursuant to Civ. L. R. 7-3(d)(1)]<br><br><br>Location: Courtroom C, 15th Floor<br>Judge: Hon. Laurel Beeler |

## 1. INTRODUCTION

Defendant's legal team of five attorneys were somehow unable to notice highly flawed contemporaneously maintained timekeeping records that resulted in 48% erroneous records. Now that Plaintiffs have made such error obvious (and as anticipated by Plaintiffs in their opposition papers), Defendant claims that such an error was a "sorting error." He then, by writing off a mere few hours, expects this Court to take into consideration his updated contemporaneously maintained timekeeping records (Ex. C and E).

However, as further explained herein, the consideration of such reply evidence is prejudicial as it drastically changes the analysis submitted in Plaintiffs opposition papers and thus deprives Plaintiffs of their due process rights to rebut any evidence submitted. The prejudicial nature of this evidence is further attenuated since the Court has now vacated the hearing date in this matter (ECF No. 86).

Furthermore, Plaintiffs have already met their burden of showing, via Mr. Norman's unbiased Declaration (and the closeness of his hourly fee estimation to the Laffey Matrix), that the Laffey Matrix is a reliable fee indicator in this matter.

Therefore, Plaintiffs respectfully request this Court to discard the updated timekeeping records and perform its reasonable fee analysis based on prima facie evidence submitted by Plaintiffs in the form of Mr. Norman's expert witness declaration and the Laffey Matrix.

## 2. CONSIDERING THE UPDATED TIMEKEEPING RECORDS AS EVIDENCE (Ex. C/ E) IS PREJUDICIAL

Defendant now, *after the fact,* claims that the errors in the time keeping records were "mis-sorted," and that "the hours with certain days became rearranged and no longer corresponded to the narratives and subtotals fees with which they should be associated." Hansen Decl. ¶ 14, (ECF 84-1). Defendant also claims that such an error did not "affect any of the other columns in the Exhibit, including the fees column, which was and remains accurate for each corresponding narrative entry." *Id.* In an attempt to justifying his claim that the records had a sorting error and are otherwise accurate, Defendant cites an a single example (which is also by itself enough to highlight the prejudicial nature) noticed by Plaintiffs in which Cara Gagliano claimed 11.6 hours (on September 8, 2017) for case

management issues while the now updated record shows the same entry for "Draft Combined Motion to Dismiss and Anti-SLAPP Motion" (rather than the entry for discussing case management issues). *Id.* at ¶12.

We note, however, Defendant has not written off any of these entries, but only switched the hours claimed. Defendant ignores the fact that he has now increased his claimed hours for the first anti-SLAPP motion by 11.6 hours and reduced the same number of hours from case management, thereby altering Plaintiffs' analysis and objection to the records. While one record does not necessarily result in prejudice, when such an occurrence is repeated on 48% of the records (240 records were identified to have incorrect calculations), the cumulative affect can be nothing less than prejudicial by any standard. Thus, admitting this new evidence into the record changes the analysis and deprives Plaintiffs' due process rights including the submission of a meaningful opposition.

The table[1] below highlights the prejudicial nature and the need of a revised analysis if the updated timekeeping records are considered into evidence:

| Category | Hours Claimed in Originally submitted Time keeping records | Hours in Updated Documents (after write-offs) | Differential hours not analyzed |
|---|---|---|---|
| First Anti-SLAPP | 123.5 | 141.9 | 18.4 |
| Second Anti-SLAPP; Reply papers; and Motion Hearing | 295.6 | 328.3 | 32.7 |
| Case Management | 111.9 | 87.1 | 24.8 |
| Motion for Part. Summary Judgment | 98.7 | 87.5 | 11.2 |
| Surreply | 39.7 | 29.2 | 10.5 |
| Supplemental Brief | 28.0 | 19.6 | 8.4 |
| Settlement | 13.9 | 12.3 | 1.6 |
| Motion for Attorneys' Fee | 115.1 | 131.8 | 16.7 |
| **Total** | **826.4** | **837.7** | **124.3** |

---

[1] The accuracy of Defendant's reply papers, Ex. D (ECF No. 84-5) is challenged. A Declaration is submitted at page 5 of this document.

-2-

Based on the updated records, a differential of 124.3 hours needs to be reconsidered and have been not analyzed. Thus, the Timekeeping records should not be considered into evidence and cannot be considered as reliable. Defendant correctly notes contemporaneously records do not need to be provided to the Court for a demand of attorneys' fees, however, **the principle of best evidence rule is defeated when contradictory evidence is submitted into record and thus reasonably its truthfulness and veracity are questioned.** [2]

### 3. PLAINTIFFS OBJECT TO THE DETAILED TIMEKEEPING RECORDS FOR REPLY PAPERS

Defendant has claimed 119 hours in an attempt to justify his counsels' inefficient case management with numerous reviews, meetings, and drafts among five attorneys. Nonetheless, Plaintiffs object to this evidence since they have not been given an opportunity to rebut the subject matter of that evidence and request the Court to reject such evidence. Instead, Plaintiffs request that this Court *sua sponte* determine a reasonable number of hours that should have been expended on Defendant's reply papers instead of relying on unreliable timekeeping records.[3]

### 4. CONCLUSION

*Defendant wants to cut the cake and eat it too*

Defendant states that the detailed timekeeping records were submitted as a convenience to the Court, and that "such detailed time entries are not typically required for fees motions ... ." Hansen Decl., *supra*, ¶ 8. However, at the same time, Defendant wants the Court to consider these highly unreliable and erroneous timekeeping records as substantial evidence to justify his outrageous attorney

---

[2] However, if the Court is inclined to accept these records into evidence, at the very least this Court should subtract 124.3 hours from the total claimed by Defendant prior to performing a reasonable fee analysis.

[3] Plaintiffs recognize this motion cannot be used as a vehicle to provide additional memoranda.

fees demand while depriving Plaintiffs the opportunity to analyze or challenge the accuracy of the now "corrected" records. Plaintiffs respectfully submit considering such evidence into record would thus be highly prejudicial.

Date: March 28, 2018

                Respectfully Submitted,

                CHHABRA LAW FIRM, PC

                s/*Rohit Chhabra*
                Rohit Chhabra
                Attorney for Plaintiffs
                Open Source Security Inc. & Bradley Spengler


**Declaration**

I, Rohit Chhabra, declare:

1. I am the attorney of record for Plaintiffs Open Source Security Inc. (OSS) and Bradley Spengler in the above-referenced action, and I am admitted to practice before this Court. I have personal knowledge of the facts stated herein and, if called to testify, I could and would testify completely hereto.

2. The per-category hours calculated in the table above showing a differential of the unanalyzed 124.3 hours is based on a comparison of the previously digitized data by me (true and correct digital copy of ECF. No. 62, Ex C (filed under seal), Chhabra Decl. ¶ 12, ECF No. 78-1) and a true and correct copy of the Excel data sheet provided by Defendant's counsels' (now submitted as ECF. 84, Ex. E, the reply evidence being objected herein).

3. Excel's built-in functions were used to calculate the total number of hours per-category claimed by Defendant. These calculations were twice verified and are correct; the calculated numbers are in direct contradiction to the numbers provided in Ex. D of Defendant's reply papers (ECF No. 84-5).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of March 2018 in Mountain View, California.

                               s/*Rohit Chhabra*
                               Rohit Chhabra