MELODY DRUMMOND HANSEN (S.B. #278786)
mdrummondhansen@omm.com
HEATHER J. MEEKER (S.B. #172148)
hmeeker@omm.com
O'MELVENY & MYERS LLP
2765 Sand Hill Road
Menlo Park, California  94025-7019
Telephone:     +1 650 473 2600
Facsimile:      +1 650 473 2601

CARA L. GAGLIANO (S.B. #308639)
cgagliano@omm.com
Two Embarcadero Center
28th Floor
San Francisco, California 94111-3823
Telephone:     +1 415 984 8700
Facsimile:      +1 415 984 8701

Attorneys for Defendant
Bruce Perens

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., and BRADLEY SPENGLER,<br><br>                    Plaintiffs,<br><br>     v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>                    Defendants. | Case No. 3:17-cv-04002-LB<br><br>**DEFENDANT BRUCE PERENS'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>**[Pursuant to Civil L.R. 7-11 and 79-5]** |

Pursuant to Local Rules 7-11 and 79-5, Defendant Bruce Perens moves the Court for an Order sealing the following documents filed in connection with the Court's Order Regarding Chart (ECF No. 89, "Order"): (1) Declaration of Melody Drummond Hansen in Support of Defendant Bruce Perens's Motion for Attorneys Fees; Provided in Accordance With Court's Order Regarding Chart (ECF No. 89); and (2) Exhibit 1 attached thereto. In particular, Mr. Perens seeks to seal:

| Document | Portion(s) to be Sealed |
| --- | --- |
| Declaration of Melody Drummond Hansen | Page 1, lines 20-26<br>Page 2, lines 5-12, 15-23, 27-28<br>Page 3, lines 3-9, 12-20, 23-25<br>Page 4, lines 3-7, 11-19, 21-26<br>Page 5, lines 3-6, 8-16, 19-27<br>Page 6, lines 3-4, 6-15 |
| Exhibit 1 | Entire Document |

Pursuant to Civil L.R. 79-5(d) and (e), this Motion is accompanied by the following documents: (1) the Declaration of Melody Drummond Hansen in Support of this Motion ("Sealing Declaration"); (2) a proposed order; (3) redacted versions of the documents sought to be filed under seal; and (4) unredacted versions of the documents sought to be filed under seal.

Mr. Perens brings this motion because the documents submitted in support of his motion for fees and pursuant to the Court's Order, contain competitively sensitive information of the law firm O'Melveny & Myers LLP ("O'Melveny") sealable under the law and local rules. Under Civil Local Rule 79-5, a document may be filed under seal if a party establishes that the portions sought to be sealed "are privileged, protectable as a trade secret or otherwise entitled to protection under the law." Civ. L.R. 79-5(b). However, as the Ninth Circuit has found, the "public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Therefore, rather than satisfy the "compelling reasons" standard associated with sealing for dispositive motions, parties seeking to file under seal documents related to non-

1  dispositive motions need only make a "particularized showing" that "good cause" exists to seal
2  the documents. *Id*. at 1180. That standard is met here.

3        The documents that Mr. Perens seeks to seal in this case contain detailed information
4  about the particular hourly rates charged by O'Melveny timekeepers and the fee agreements that
5  the firm reaches with its clients, as well as detailed time entries for work performed by particular
6  attorneys in this case.  This Court has granted previous motions to seal similar fees and detailed
7  billing entry information.  For example, Defendant's previous motion to seal (ECF No. 63) was
8  granted by this Court on February 13, 2018 (ECF No. 69); and Plaintiffs administrative motion to
9  seal (ECF No. 77) was granted on March 12, 2018 (ECF No. 81).

10       This information is not publicly available, and safeguarding its confidentiality is important
11 for the firm's ability to maintain a competitive presence in the legal marketplace and avoid
12 disadvantage in future fee negotiations.  *See* Sealing Declaration ¶ 2.  California courts have
13 permitted timekeeper rates to be sealed when filed in conjunction with a motion for attorney's
14 fees.  *See*, *e.g.*, *Lightbourne v. Printroom Inc.*, No. SACV13876JLSRNBX, 2015 WL 12732457
15 (C.D. Cal. Dec. 10, 2015); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, No. 08-04567 CW,
16 2012 WL 161212, at *3 (N.D. Cal. Jan. 17, 2012), *aff'd*, 726 F.3d 1359 (Fed. Cir. 2013).  Even
17 our marketing partners do not publicize aggregate data on firm billing rates, and some charge fees
18 for access to it, recognizing the significant value that billing rate confidentiality has for the
19 business of law. As one example, PricewaterhouseCoopers ("PwC"), who provides aggregate
20 survey results data, states in their participation disclaimer that "Law Firm Survey Results" are
21 "highly confidential" and PwC "does not condone" using their aggregate rate information in court
22 filings.  *See* Surveys: Data Confidentiality, PricewaterhouseCoopers,
23 https://www.pwc.com/us/en/industries/law-firms/surveys/data-confidentiality.html (last visited
24 February 7, 2018). Courts in the Northern District also permit rate information, including
25 aggregate rate information, to be filed under seal where necessary.  *See Monolithic*, 2012 WL
26 161212 at *3 n.3.

27       Mr. Perens seeks to seal those portions of the chart contained in the Declaration of
28 Melody Drummond Hansen in Support of Defendant Bruce Perens's Response to Order

1  Regarding Chart (ECF No. 89) which detail the hourly rates charged each timekeeper as well as
2  information from which those rates could be deduced.  Mr. Perens further seeks to seal the
3  entirety of Exhibit 1, which not only contains information about the hourly rates charged by each
4  timekeeper and information from which those rates could be deduced but also reveals confidential
5  strategic information about the specific work performed on each task.
6       O'Melveny stands to suffer significant competitive harm if its rate information and
7  detailed billing entries are subject to public review, and Mr. Perens likewise has an interest in the
8  confidentiality of detailed billing entries.  We therefore respectfully request that this court grant
9  Mr. Perens's motion to seal the above documents and portions of documents.

Dated:  May 29, 2018

    MELODY DRUMMOND HANSEN
    HEATHER J. MEEKER
    CARA L. GAGLIANO
    O'MELVENY & MYERS LLP

By:  /s/ Melody Drummond Hansen
    Melody Drummond Hansen
Attorneys for Defendant
Bruce Perens