CHHABRA LAW FIRM, PC
ROHIT CHHABRA (SBN 278798)
Email: rohit@thelawfirm.io
257 Castro Street Suite 104
Mountain View, CA  94041
Telephone: (650) 564-7929

**Attorney for Plaintiffs**
Open Source Security Inc. &
Bradley Spengler

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

OPEN SOURCE SECURITY INC. and
BRADLEY SPENGLER

                         Plaintiff,

    v.

BRUCE PERENS, and Does 1-50,

                         Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 3:17-cv-04002-LB

**PLAINTIFFS' NOTICE OF APPEAL AND REPRESENTATION STATEMENT**

**APPEAL FROM PARTIAL GRANT OF DEFENDANT'S MOTION FOR ATTONEYS' FEES (ECF No. 95)**

Location: Courtroom C, 15th Floor
Judge: Hon. Laurel Beeler

3:17-CV-04002-LB

PLAINTIFFS' NOTICE OF APPEAL AND REPRESENTATION STATEMENT

1

## NOTICE OF APPEAL

2

**NOTICE IS HEREBY GIVEN** that Open Source Security Inc. and Bradley Spengler,

3

plaintiffs in the above-named case, hereby appeal to the United States Court of Appeals for the Ninth

4

Circuit from the Order,[1] partially granting Defendant Perens's Motion for Attorneys' Fees, entered in

5

this action on the **9th day of June, 2018** (ECF No. 95), attached hereto as Exhibit A. A final judgment

6

dismissing this case with prejudice, *on the merits*,  was entered on January 24, 2018  (ECF No. 58)

7

attached hereto as Exhibit B.

8

        Plaintiffs' Representation Statement is attached to this Notice as required by Ninth Circuit Rule

9

3-2(b).

10

11

12

Date: June 11, 2018

13

                                                Respectfully Submitted,

14

                                                CHHABRA LAW FIRM, PC

15

                                                s/*Rohit Chhabra*

16

                                                Rohit Chhabra
                                                Attorney for Plaintiffs

17

                                                Open Source Security Inc. & Bradley Spengler

18

19

20

21

22

23

24

25

26

27

28

[1] Plaintiffs timely filed a Notice of Appeal on February 5, 2018 (ECF No. 59) docketed as Appeal No. 18-15189, with opening brief due on June 15, 2018. Subsequently, the Court entered this Order on June 9, 2018.  Plaintiffs file a separate notice of appeal for this Order since it is not practicable to amend the existing notice of appeal in such short notice (and neither is it permissible to seek an extension pursuant to the requirements of Circuit Rule 31-2.2(b)).

3:17-CV-04002-LB

PLAINTIFFS' NOTICE OF APPEAL AND REPRESENTATION STATEMENT

## REPRESENTATION STATEMENT

The undersigned represents Plaintiffs-Appellants Open Source Security Inc. and Bradley Spengler. Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Circuit Rule 3-2(b), Plaintiffs-Appellants submit this Representation Statement. The following list identifies all parties to the action, as known at this time, and it identifies their respective counsel by name, firm, address, telephone number, and e-mail, where appropriate.

| PARTIES | COUNSEL OF RECORD |
|---|---|
| PLAINTIFFS-APPALLANTS<br><br>OPEN SOURCE SECURITY INC. and BRADLEY SPENGLER | CHHABRA LAW FIRM, PC<br>ROHIT CHHABRA (SBN 278798)<br>257 Castro Street Suite 104<br>Mountain View, CA  94041<br>Telephone: (650) 564-7929<br>Email: rohit@thelawfirm.io |
| DEFENDANT-APPELLEE<br><br>BRUCE PERENS | MELODY N DRUMMOND HANSEN<br>mdrummondhansen@omm.com<br>HEATHER JANINE MEEKER<br>hmeeker@omm.com<br>O'MELVENY AND MYERS LLP<br>2765 Sand Hill Road<br>Menlo Park, CA 94025<br>Telephone: +1 650 473 2600<br><br>CARA LORRAINE GAGLIANO<br>O MELVENY AND MYERS LLP<br>cgagliano@omm.com<br>2 Embarcadero Center<br>28th Floor<br>San Francisco, CA 94111<br>Telephone: +1 415 984 8700<br><br>Aaron David Mackey<br>amackey@eff.org<br>Ms. Jamie Lee Williams<br>jamie@eff.org<br>Electronic Frontier Foundation<br>815 Eddy Street<br>San Francisco CA 94109<br>Tel: (415) 436-9333 |

Respectfully Submitted,

*s/Rohit Chhabra*
Rohit Chhabra

PLAINTIFFS' NOTICE OF APPEAL AND REPRESENTATION STATEMENT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| OPEN SOURCE SECURITY INC. and BRADLEY SPENGLER<br><br>Plaintiff,<br><br>v.<br><br>BRUCE PERENS, and Does 1-50,<br><br>Defendants. | ) Case No.: 3:17-cv-04002-LB<br>)<br>)<br>) **CERTIFICATE OF SERVICE**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**IT IS HEREBY CERTIFIED THAT:**

I, the undersigned, am a citizen of the United States and am at least eighteen years of age. My business address is 257 Castro Street Suite 104 Mountain View California, 94041.

I am not a party to the above-entitled action. I have caused service of:

**PLAINTIFFS' NOTICE OF APPEAL AND REPRESENTATION STATEMENT**
**APPEAL FROM ORDER, PARTIALLY GRANTING DEFENDANT'S ATTORNEYS' FEES MOTION**

on the other party by electronically filing the foregoing with the Clerk of the U. S. Dist. Court using its CM/ECF System, which electronically notifies Defendant Bruce Perens and his counsel of record, as follows:

| | |
|---|---|
| MELODY N DRUMMOND HANSEN<br>mdrummondhansen@omm.com<br>HEATHER JANINE MEEKER<br>hmeeker@omm.com,<br>bruce@perens.com<br>2765 Sand Hill Road<br>Menlo Park, CA 94025<br>Telephone: +1 650 473 2600 | CARA LORRAINE GAGLIANO<br>cgagliano@omm.com<br>2 Embarcadero Center<br>28th Floor<br>San Francisco, CA 94111<br>Telephone: +1 415 984 8700 |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 11, 2018

s/*Rohit Chhabra*

Rohit Chhabra

Attorney for Plaintiffs

-3-

3:17-CV-04002-LB

PLAINTIFFS' NOTICE OF APPEAL AND REPRESENTATION STATEMENT

# EXHIBIT A

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., et al., | Case No. 17-cv-04002-LB |
| Plaintiffs, | |
| v. | **ORDER GRANTING IN PART THE DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |
| BRUCE PERENS, | Re: ECF No. 62 |
| Defendant. | |

**INTRODUCTION**

The plaintiffs sued the defendant Bruce Perens — a respected programmer known for his founding of the Open Source Initiative — after he criticized the plaintiffs' business model on his personal blog.[1] The court previously granted the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) with leave to amend and denied the defendant's motion to strike under California Code of Civil Procedure section 425.16, the state's Strategic Lawsuits Against Public Participation ("SLAPP") law.[2] The plaintiffs then filed notice that they did not intend to file an

---

[1] First Amended Complaint ("FAC") – ECF No. 18 at 2 (¶¶ 1–3). Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 53. In its order, the court said that the plaintiffs' claims were unlikely to elude California's anti-SLAPP statute and that the court likely would grant an anti-SLAPP motion if the pleadings remained in their current form. *Id.* at 18.

United States District Court
Northern District of California

amended complaint and asked the court to enter judgment and dismiss the case with prejudice.[3] The court entered judgment in favor of the defendant.[4] The defendant now moves for fees as the prevailing defendant. The prevailing defendant on a special motion to strike is entitled to recover his fees and costs. Cal. Civ. Proc. Code § 425.16; *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). The plaintiffs concede that the defendant is the prevailing party and is entitled to fees.[5] *Accord Plevin v. City and Cty. of S.F.*, No. C 11-02359-CW, 2011 WL 3240536, at *4–*5 (N.D. Cal. July 29, 2011). The court grants the motion for fees.

The plaintiffs challenge the amount of fees as unreasonable (but do not challenge the costs of $2,403.12.)[6] The defendant — represented by the law firm of O'Melveny and Myers LLP — asks for $526,893.50 in attorney's fees (based on a collective 904 hours worked by five attorneys, a case manager, and a project assistant), plus a 1.5 multiplier.[7] These fees are unreasonable. The court awards $259,900.50 in fees (for 446.20 hours) and $2,403.12 in costs.

# STATEMENT

O'Melveny & Myers entered into the following fee arrangement with Mr. Perens. It agreed that Mr. Perens would pay a discounted fixed fee of $25,000 for O'Melveny's representation on the anti-SLAPP motion and motion to dismiss.[8]

> [I]f Mr. Perens was successful in his motions, O'Melveny would be entitled to recover its fees incurred at the firm's standard rates and would receive a success fee of an additional 50% of those standard rates (150% of standard fees, minus the $25,000 in discounted fee). The success fee was meant to compensate the firm for the risks it took on with the representation. For example, while the anti-SLAPP law allows for a recovery of fees for a successful defendant, it was possible that Mr. Perens would not be successful and O'Melveny would only be compensated the $25,000. The potential for the additional recovery beyond standard rates

---

[3] Notice – ECF No. 55; Pl. Mot. – ECF No. 57.

[4] Judgment – ECF No. 58.

[5] Mot. – ECF No. 57 at 3; Opp. – ECF No. 77-4 at 5.

[6] Opp. – ECF No. 77-4 at 5.

[7] Mot. – ECF No. 62 at 24; Reply – ECF No. 84 at 15; Updated Summary of Work Performed – Ex. A, ECF No. 84-2, Updated Fees Chart – Ex. D, ECF No. 84-5 at 2.

[8] Covey Decl. – ECF No. 62-2 at 3–4 (¶ 9).

compensated for the risk O'Melveny undertook, in that it may not be able to recover fees beyond the significantly discounted amount of $25,000. This allowed us to approve the representation of Mr. Perens in this case. The firm regularly enters into risk-sharing arrangements with our clients that make some or all of our fees contingent on achieving a specific outcome. In all cases, we structure these arrangements such that our potential success fees are commensurate with the amount of fees at risk. The 50% premium being sought in this case is in line with the success fee premiums sought in other cases with similar amounts of risk.[9]

The defendant initially demanded lodestar fees of $478,977.50 plus $188,687.75 (based on a 1.5 multiplier on all but the $25,000 flat fee as a success fee) for a total of $667,665.25.[10] In its reply brief, O'Melveny revised its figures slightly, added fees for its reply brief, calculated a revised lodestar of $526,893.50, and asked again for the 1.5 multiplier, which it does not calculate.[11] The following chart summarizes the fees by hours and task.[12]

| Task | Hours | Fees |
|---|---|---|
| First Anti-SLAPP Motion | 137.9 | $81,466.50 |
| Second Anti-SLAPP Motion | 77.6 | $43,669.50 |
| Second Anti-SLAPP Reply | 108 | $60,483.00 |
| Response to Plaintiffs' Supplemental Brief in Opposition to Anti-SLAPP Motion | 18.3 | $10,213.50 |
| Opposition to Motion for Partial Summary Judgment | 87.3 | $49,430.00 |
| Surreply to Motion for Partial Summary Judgment | 28.8 | $17,297.00 |
| Combined Hearing on Anti-SLAPP Motion, Motion to Dismiss, and Motion for Partial Summary Judgment | 104.6 | $60,731.50 |
| Case Management | 88.58 | $51,418.00 |
| Settlement | 10.8 | $7,159.00 |
| Motion for Attorney's Fees Under Anti-SLAPP Law | 123 | $71,303.00 |
| Reply to Plaintiffs' Opposition to Motion for Attorney's Fees | 119 | $73,722.50 |
| **Total** | **903.88** | **$526,893.50** |

---

[9] *Id.*

[10] Mot. – ECF No. 62 at 16, 24 (noting that it does not ask for the 1.5 multiplier to be applied to the flat $25,000 that Mr. Perens paid personally).

[11] *Id.* at 25; Reply – ECF No. 84 at 20; Updated Fees Chart – Ex. D, ECF No. 84-5 at 2.

[12] Updated Fees Chart – Ex. D, ECF No. 84-5 at 2. The defendant's original fees chart had different rates for some of these tasks. *See* Mot. – ECF No. 62 at 16. The plaintiffs pointed out errors, *see* Opp. – ECF No. 77-4 at 15, and the defendant updated its numbers. Hanson Decl. – ECF No. 83-8 at 6–10.

United States District Court
Northern District of California

1    Attached as Exhibit 1 is a chart with a further breakdown of the hours by the biller, the hourly

2    rate, and the total hours by biller per task.[13]

3    The defendant also seeks costs of $2,403.12.[14]

4

5    **LEGAL STANDARD**

6    The prevailing defendant on a special motion to strike is entitled to recover his fees and costs.

7    Cal. Civ. Proc. Code § 425.16(c); *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001). The plaintiffs

8    concede that the defendant is the prevailing party and is entitled to fees.[15] *Accord Plevin v. City*

9    *and Cty. of S.F.*, No. C 11-02359-CW, 2011 WL 3240536, at *4–*5 (N.D. Cal. July 29, 2011).

10   Section 425.16(c) does not expressly limit a fee award to "reasonable" fees, but California

11   courts have construed it to contain a reasonableness requirement. *See, e.g., Lunada Biomed. v.*

12   *Nunez*, 230 Cal. App. 4th 459, 488 (2014) ("each fee application under section 425.16, subdivision

13   (c) must be assessed on its own merits . . . taking into account what is reasonable under the

14   circumstances") (internal quotations and citation omitted). Fees must be awarded only for work

15   reasonably related to the special motion to strike. *Christian Research Inst. v. Alnor*, 165 Cal. App.

16   4th 1315, 1320 (2008). Fees also are recoverable for the reasonable time spent seeking an award of

17   statutory attorney's fees. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131 (2001).

18   The fee provision of the anti-SLAPP statute applies in federal court. *Smith v. Payne*, No. C 12-

19   01732 DMR, 2013 WL 1615850, at *1 (N. D. Cal. Apr. 15, 2013) (citations omitted). Thus,

20   California law governs attorney's fees based on California's anti-SLAPP statute. *Graham-Sult v.*

21   *Clainos*, 756 F.3d 724, 751 (9th Cir. 2013). The fee-shifting provision "is broadly construed so as

22   to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred

23   in extracting herself from a baseless lawsuit." *Id.* at 752 (quotation omitted).

24

25

26   _____

27   [13] The court files Exhibit 1 under seal to the extent that it has confidential billing information.

     [14] Hansen Decl. – ECF No. 63-4 at 7 (¶ 29) & Ex. D – ECF No. 63-4 at 40.

28   [15] Pl. Mot. – ECF No. 57 at 3; Opp. – ECF No. 77-4 at 5.

*United States District Court*
*Northern District of California*

The analysis of a reasonable fee award begins with the lodestar, which the court calculates by multiplying the number of hours reasonably spent by counsel by a reasonable hourly rate. *Chavez v. City of Los Angeles*, 47 Cal. 4th 970, 985 (2010). "[T]he lodestar is the basic fee for comparable legal services in the community." *Ketchum*, 24 Cal. 4th at 1132 (citation omitted).

"The reasonable hourly rate is that prevailing in the community for similar work." *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).

The court may adjust the lodestar based on several factors. *Ketchum*, 24 Cal. 4th at 1132. "The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market value for such services." *Id.* (citation omitted). To determine whether a multiplier should be applied, the court considers the following factors: (1) the novelty or difficulty of the questions involved; (2) the expertise and capability of counsel; (3) the results obtained; (4) the contingent risk involved in the case; (5) the extent to which the nature of the litigation precluded other employment by the attorneys; and (6) whether the attorneys received public and/or charitable funding. *Id.*; *Rogel v. Lynwood Redevelopment Agency*, 194 Cal. App. 4th 1319, 1329 (2011) (citing *Serrano v. Priest*, 20 Cal. 3d 25, 49 (1977)). Unlike federal law, California law authorizes the court to apply a multiplier to the lodestar figure to adjust for contingency risk. *Ketchum*, 24 Cal. 4th at 1132.

## ANALYSIS

The plaintiffs challenge the billing rates, the hours billed, and the request for a 1.5 multiplier.[16]

### 1. Hourly Rates

The court must determine a reasonable hourly rate based on the "experience, skill, and reputation of the attorney requesting fees." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210

---

[16] Opp. – ECF No. 77-4 at 2.

(9th Cir. 1986). Determining a reasonable hourly rate is inherently difficult. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). To determine the reasonable hourly rate, the court looks to "the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Chalmers*, 796 F.3d at 1210–11. The relevant community is typically the forum community. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995); *see Braden v. BH Fin'l Servs., Inc.*, No. C 13-02287 CRB, 2014 WL 892897, at *6 (N.D. Cal. Mar. 4, 2014) (rates are those "customarily charged for work of the type performed in the legal community"). To inform and assist the court in making this assessment, "the burden is on the fee applicant to produce satisfactory evidence — in addition to the attorney's own affidavits — that the requested rates are in line with those prevailing in the community." *Blum*, 465 U.S. at 895 n.11. An attorney's declaration about the reasonableness of the claimed rate is insufficient to meet the fee applicant's burden. *See Jordan v. Multnomah Cty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). Declarations by attorneys regarding the prevailing market rate in the community may be sufficient to establish a reasonable hourly rate. *Widrig v. Apfel*, 140 F.3d 1207, 1209 (9th Cir. 1989). Courts have the discretion to reduce the hourly rate for tasks that could have been performed by less-skilled persons. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1148 (9th Cir. 2001).

Here, O'Melveny submitted only declarations by O'Melveny lawyers. That said, they contextualized their rates by reference to market-research data.[17] Their rates are at or below the median rage for lawyers of comparable experience doing comparable work in the Bay Area.[18] The court's own experience with fee applications confirms that conclusion. The court is satisfied that the rates are consistent with prevailing rates in the community by comparable lawyers doing similar work. *See Cuviello v. Feld Entertainment, Inc.,* No. 13–cv–04951–BLF, 2015 WL 154197, at *2–*3 (court has broad discretion in setting the reasonable hourly rates used in the lodestar calculation) (citation omitted); *Ketchum*, 24 Cal. 4th at 1132 (court can rely on its own experience).

---

[17] Covey Decl. – ECF No. 62-2 at 3 (¶¶ 7–8).

[18] *Id.*

The plaintiffs also argue that "Defendant cannot provide any reasonable justification why intellectual property lawyers from a huge law firm were selected to represent him in this matter, and thus his counsel's fee should be adjusted accordingly."[19] But they cite no authority suggesting a constraint on the defendant's right to counsel of his choice. *Cuviello*, 2015 WL 154197 at *2 (reaching the same conclusion).

The court does not accept the hourly rates for administrative work for Diana Diaz ($355 in 2017 and $375 in 2018) for the reasons advanced by the plaintiffs.[20] *See Wynn v. Chanos*, No. 14-cv-04329-WHO, 2015 WL 3832561, at *3 (N.D. Cal. June 19, 2015) (in 2015, hourly rates of $325/$340 and $300/$320 were "extremely high" for legal assistants in San Francisco; court defined a reasonable rate as $170). Here, $220 is reasonable and within the market rate.[21] *See id.*

### 2.   Total Hours Billed

The plaintiffs contend that the defendant's total hours are unreasonable.

The applicant must justify the claim by submitting detailed time records. *Hensley v. Eckhart*, 461 U.S. 424, 437 (1983) (The applicant "is not required to record in great detail how each minute of his time was expended," but should "identify the general subject matter of his time expenditures."); *Smith*, 2013 WL 1615850, at *1 (citations omitted). The applicant must exercise sound "billing judgment" regarding the number of hours worked and must eliminate excessive, redundant, unproductive, or unnecessary hours. *Hensley*, 461 U.S. at 437.

A party opposing a fee request must provide specific objections to specific billing entries. *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992); *Smith*, 2013 WL 1615850, at *1 (citations omitted). Conclusory and unsubstantiated objections do not warrant a fee reduction. *Cancio v. Fin. Credit Network, Inc.*, No. C04-03755 (TEH), 2005 WL. 1629809, at *3 (N.D. Cal. July 6, 2005).

---

[19] Opp. – ECF No. 77-4 at 20.

[20] *Id.* at 22 (the plaintiffs' expert's proposal). *See Wynn*, 2015 WL 3832561, at *3 (employing similar approach).

[21] *Id.*

United States District Court
Northern District of California

Even absent objection, the court "may not uncritically accept a fee request," but must review the time billed and assess whether it is reasonable in light of the work performed and the context of the case." *Common Cause v. Jones*, 235 F. Supp. 2d 1076, 1079 (C.D. Cal. 2002) (citation omitted); *see also McGrath v. Cty. of Nevada*, 67 F.3d 248, 254 n.5 (9th Cir. 1995) (court may not adopt prevailing party's representations without conducting an independent review of the fee application). The court assesses whether "the time billed . . . is reasonable in light of the work performed and the context of the case." *Rodriguez v. Barrita, Inc.*, No. C 09-04057 RS, 2014 WL 2967925, at *1280 (N.D. Cal. July 1, 2014). In fulfilling this responsibility, district courts have broad discretion to reduce the number of billable hours awarded. Courts have reduced fee awards where counsel engaged in inefficient or unreasonably duplicative billing, or where counsel's billing records contain insufficiently descriptive entries, show evidence of block billing, or show billing in large time increments. *See, e.g.*, *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 948–49 (9th Cir. 2007); *Ketchum*, 24 Cal. 4th at 1132 (The court "must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation.") (citation omitted).

"[W]hen faced with a massive fee application, the district court has the authority to make across-the-board percentage cuts either in the numbers of hours claimed or in the final lodestar figure as a practical means of trimming the fat from a fee application." *Gates*, 987 F.2d at 1399 (internal quotes omitted).

The plaintiffs' challenges to O'Melveny's total hours are in two main areas: (1) fees are unrelated to the anti-SLAPP motion, and (2) the billings are duplicative and excessive.[22] The plaintiffs' expert calculates that a reasonable fee award is between $65,248 and $100,448.[23]

### 2.1 Fees Unrelated to the Anti-SLAPP Motion

Fees must be awarded only for work reasonably related to the special motion to strike. *Christian Research*, 165 Cal. App. 4th at 1319; *City of Indus. v. City of Fillmore*, 198 Cal. App. 4th

---

[22] *Id.* at 12–29.

[23] *Id.* at 28.

191, 218 (2011). Work that is "inextricably intertwined" with an anti-SLAPP motion is recoverable. *Le v. Sunlan Corp.*, No. C 13-00707 CRB, 2014 WL 296032, at *4 (N.D. Cal. Jan. 27, 2014).

As a categorical matter, the motions to dismiss and motion to strike were the same and involved whether the defendant's criticisms of the plaintiffs' business model were not actionable libel or defamation.[24] Similarly, the plaintiffs' partial motion for summary judgment turned on whether the defendant's statements were actionable defamation per se.[25]

All were based on a common "common factual scenario" and "[a]ll expenses incurred on common issues of fact and law qualify for an award of attorneys' fees under the anti-SLAPP statute and those fees need not be apportioned." *Fallay v. San Francisco City & Cty.*, No. C 08-2261 CRB, 2016 WL 879632, at *3 (N.D. Cal. Mar. 8, 2016) (quotation and citation omitted); *Graham-Sult*, 756 F.3d at 752 (The statute is "'intended to compensate a defendant for the expense of responding to a SLAPP suit. To this end, the provision is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extracting herself from a baseless lawsuit.'") (quoting *Wanland v. Law Offices of Mastagni, Holstedt & Chiurazzi*, 141 Cal. App. 4th 15, 45 (2006)).

### 2.2   Duplicative and Excessive Fees

The plaintiffs challenge errors in the defendant's records, claim that the records are incomplete, and contend that the defendant overbilled for the specific tasks by spending too many hours and dedicating too many billers, resulting in duplicative, inefficient work.[26]

First, there were some errors in timekeeping records submitted with the motion for fees. The plaintiffs contend that the inaccuracies show exaggeration.[27] The defendant responds that the errors (in the original Exhibit C) "were inadvertently re-ordered before the exhibit was

---

[24] *See* Order – ECF No. 53.

[25] *Id.* at 18.

[26] Opp. – ECF No. 77-4 at 8–19.

[27] *Id.* at 14.

finalized."[28] The total hours, total fees, and subtotal fees were correct in the original Exhibit C.[29] The defendant found additional errors in Exhibits A and B, wrote off the errors, and submitted corrected exhibits and a revised fee request that accounted for the errors.[30] The court is satisfied that errors were clerical and have been corrected.

Second, the plaintiffs say that the records do not have sufficient detail, which makes it hard to determine whether the time spent was reasonable.[31] They point to the following: (1) 23 entries related to "Conducting Legal Research," "Conduct Additional Research," "Conduct related research," (and other variants) for a motion; (2) 107 entries referring to "conference," "confer," "discussions," or "additional conferences" related to a motion; and (3) 188 entries "related to revising or drafting a motion."[32] The court reviewed the timekeeping records for completeness and finds that they are complete and sufficiently detailed. There is no block billing, and the entries reflect the work performed. An applicant is not required to record in detail how she spends each minute and need only record the general subject matter. *Hensley*, 461 U.S. at 437 n. 12. Courts have reached similar conclusions on records that are not as thorough. *See Xu v. Yamanaka*, No. 13-cv-3240 YGR, 2014 WL 3840105, at *3 (N.D. Cal. Aug. 1, 2014) (declining to reduce anti-SLAPP fee award on grounds of vague billing records for entries "that say little more than 'edit and revise'").

Third, the plaintiffs' main argument is that defendant billed too many hours given that the issues are not complex, and there is substantial overlap in facts and legal arguments across the briefs. The defendant's briefs are the first anti-SLAPP motion, the second anti-SLAPP motion (motion, reply, and response to supplemental brief), the opposition to the plaintiffs' summary-

---

[28] Reply – ECF No. 84 at 16–17; Drummond Hanson Decl. – ECF No. 83-8 at 4–5 (¶¶ 11–14).

[29] Reply – ECF No. 84 at 16; Drummond Hanson Decl. – ECF No. 83-8 at 5 (¶ 14).

[30] Drummond Hanson Decl. – ECF No. 83-8 at 6–8 (¶¶ 21–25); 8 (¶¶ 26–28); Drummond Hanson Decl. – ECF No. 84-8 at 5–6 (¶ 15), Corrected Ex. A – ECF No. 84-2, Corrected Ex. B – ECF No. 84-3; Corrected Ex. C – ECF No. 83-1; Updated Fee Request, Ex. D – ECF No. 84-5.

[31] Opp. – ECF No. 78 at 17.

[32] *Id.*

United States District Court
Northern District of California

judgment motion, and the sur-reply to the plaintiffs' reply to the summary-judgment motion. The defendant asks for $262,559.50 for 457.9 hours of work. [33] The court concludes that the hours are unreasonable given the substantial overlap in the legal arguments and factual issues.

For example, the two anti-SLAPP motions are very similar, with some changes to the text and organization, and the inclusion of the false-light argument in the second motion. The summary-judgment motion involves the same issues and facts as the anti-SLAPP motions. The analysis sections in all briefs — most particularly in the summary-judgment motion — are relatively short: useful, but short. As a point of reference, the court has its own efforts that it can consider, including its substantial independent research and the hours that it took to write the order, including its separate analysis of the plaintiffs' many cited cases in the opposition to the second anti-SLAPP motion. The "common issues of law and fact" drove the court's conclusion that the defendant's counsel's work on the motions was compensable. The overlap in facts and law also compels the court's conclusion that the collective "motion to strike" is not something that reasonably required a collective 457.9 hours of work.

In similar situations, when the briefing involves overlapping issues of law and fact and a substantial anti-SLAPP fee request, courts reduce the total fee award. *See Wynn*, 2015 WL 3832561, at *5–*6 (reduced anti-SLAPP fee request of $538,043 for 776.9 hours to $390,149 by lowering the paralegal hourly rate and cutting fees by 25% based on the unreasonable number of hours); *Fallay*, 2016 WL 879632, at *6 (reducing anti-SLAPP fee award "given the overlap" between the defendant's motion to dismiss the second amended complaint and motion to strike the third amended complaint). Courts ground their reductions in the experience of counsel and expect quality representation to include efficient billing. *See Wynn*, 2015 WL 3832561, at *5–*6 ("given the sophistication of counsel and their substantial billing rates, this case should have been litigated much more efficiently without sacrificing quality;" noted the "unreasonable staffing of five skilled attorneys at high rates," the "relative simplicity of this case," and "the duplication of efforts on preparing the motion to dismiss and the motion to strike"); *Lin v. Dignity Health-Methodist Hosp.*

---

[33] Updated Fee Request, Ex. D – ECF No. 84-5.

*of Sacramento*, No. S-14-0666 KJM CKD, 2014 WL 5698448, at *6 (E.D. Cal. Nov. 3, 2014) (reducing anti-SLAPP fee award where counsel had "extensive experience handling appellate and business litigation matters" and specialized in healthcare (the subject matter of the suit) and anti-SLAPP matters); *Maughan v. Google Tech., Inc.*, 143 Cal. App. 4th 1242, 1251 (2006) (fee request for 200 hours of work on anti-SLAPP motion was excessive where counsel had experience with anti-SLAPP matters; noted that the motion "should not have been such a monumental undertaking").

The court follows the analysis in these cases and — applying its own judgment about the reasonableness of the hours, *see Wynn*, 2015 WL 3832561, at *4  — finds that the briefing for the three substantive motions did not require the 457.9 collective hours of two partners and three associates, especially given their expertise: one partner is "an internationally-known expert on open source licensing," another is a partner "with experience in defamation and Open Source matters," and one associate has "a special focus on First Amendment issues — including in anti-SLAPP and defamation contexts. . . ."[34] The court grounds this conclusion in its detailed review of billing records. That review revealed duplication by biller, task, and brief. Exhibit 2 summarizes the court's conclusions. The court awards $158,945 for 276 hours.

The defendant also asks for fees of $60,731.50 based on collective hours of 104.6 to prepare for the court's combined hearing on the anti-SLAPP motion to dismiss and the plaintiffs' motion for summary judgment. The court reviewed the billing entries in detail, considered the overlap in motions, considered the need to prepare for a straightforward hearing on an anti-SLAPP motion that was a winner from the get-go, and then — based on its conclusion that the hours were duplicative and excessive — eliminated duplication by biller and task (such as multiple entries for five attorneys for tasks that exceeded the needs of the litigation). *See Wynn*, 2015 WL 3832561 at *5–*6 (hours excessive when counsel billed 39.5 hours for a first hearing and 22.8 hours for a second hearing). Also, there are multiple entries for three associates and a partner for preparing

---

[34] Mot. – ECF No. 62 at 20.

United States District Court
Northern District of California

and revising hearing outlines, drafting lists of key cases, team meetings regarding oral argument, and mooting arguments.[35] The court awards $15,350 for 27 hours of work needed to reasonably prepare for the hearing. Exhibit 2 summarizes the court's analysis.

For case management, the defendant asks for $51,418 based on 88.58 hours of work. The only fees compensable are those related to the motions. The court reviewed the billing records and considered what was necessarily litigated. The court awards $18,995 for 34.2 hours (and finds that this is generous given the procedural posture of the case). Exhibit 2 summarizes the court's analysis.

For settlement efforts, the defendant asks for $7,159.00 for 10.8 hours of work. From the billing records, the court cannot conclude that the work is compensable to the defendant as the prevailing defendant on the special motion to strike. The court awards $0 in this category.

The final category is the fees motion itself. The defendant asks for $71,303 for the motion (for 123 hours of work) and $73,722.50 for the reply (for 119 hours of work). There is no real analysis in the motion. There does not need to be: the legal landscape is settled, the legal analysis is not complex, and the defendant appropriately submitted a summary of billing records. But the hours are excessive, duplicative, and not reasonable. The court awards $35,950 (for 60 hours) for the fees motion. The reply brief also is short and contains modest legal analysis, again appropriately: there are no legal issues. The brief does address the defendant' clerical errors in the opening motion, but that is not compensable. The court awards $30,660 (for 49 hours) for the reply brief. Exhibit 2 summarizes the court's analysis about duplication by biller or task.

The following chart summarizes the demand and the court's total fee award of $259,900.50.

| Task | Hours Sought | Fees Sought | Hours Given | Fees Awarded |
|---|---|---|---|---|
| First Anti-SLAPP Motion | 137.9 | $81,466.50 | 99.5 | $58,022.50 |
| Second Anti-SLAPP Motion | 77.6 | $43,669.50 | 52 | $28,340.00 |

---

[35] Ex. C – ECF No. 85 at 10–12.

United States District Court
Northern District of California

| Task | Hours Sought | Fees Sought | Hours Given | Fees Awarded |
|------|------|------|------|------|
| Second Anti-SLAPP Reply | 108 | $60,483.00 | 62.5 | $36,585.00 |
| Response to Plaintiffs' Supplemental Brief in Opposition to Anti-SLAPP Motion | 18.3 | $10,213.50 | 11 | $6,252.50 |
| Opposition to Motion for Partial Summary Judgment | 87.3 | $49,430.00 | 37 | $21,100.00 |
| Surreply to Motion for Partial Summary Judgment | 28.8 | $17,297.00 | 14 | $8,645.00 |
| Hearing on Anti-SLAPP Motion to Dismiss, and Motion for Partial Summary Judgment | 104.6 | $60,731.50 | 27 | $15,350.00 |
| Case Management | 89.2 | $51,418.00 | 34.2 | $18,995.50 |
| Settlement | 10.8 | $7,159.00 | 0 | $0 |
| Motion for Attorney's Fees Under Anti-SLAPP Law | 123 | $71,303.00 | 60 | $35,950.00 |
| Reply to Plaintiffs' Opposition to Motion for Attorney's Fees | 119 | $73,722.50 | 49 | $30,660.00 |
| **Total** | **903.88** | **$526,893.50** | **446.20** | **$259,900.50** |

### 3. Multiplier

The defendant asks for a 1.5 multiplier. Considering the *Ketchum* factors, the court concludes that a multiplier is not warranted. *Ketchum*, 24 Cal. 4th at 1132. The issues in the motions were not complex, and the legal analysis turned on well-established case law. Defense counsel did a good job, but that doesn't mean that the case itself required extraordinary skill or expertise warranting a multiplier. The motions practice was not onerous, and nothing suggests that counsel was precluded from other employment.

### 4. Costs

The plaintiffs do not oppose the defendant's costs of $2,403.12. The court awards them.

1

**5.  The Plaintiffs' Request to Stay the Fee Motion**

2       The plaintiffs also ask that the court stay the imposition of the fee award pending resolution of

3   their appeal.[36] The court denies that request. First, the parties do not discuss the posting of a bond.

4   Fed. R. Civ. P. 62(d); *Sarver v. The Hurt Locker*, No. 2:10-cv-09034-JHN-JCx, 2012 WL

5   12892147, at *2–*3 (C.D. Cal. Feb. 2, 2012). Second, deciding the fees motion at this juncture is

6   appropriate. *See Smith v. Payne*, No. C 12-01732-DMR, 2013 WL 1615850, at *2 (N.D. Cal. April

7   15, 2013). Third, on this record and the parties' argument, the court cannot discern a ground for a

8   stay of the imposition of its fee award.

9                                            **CONCLUSION**

10       The court grants in part the motion for attorney's fees and awards $259,900.50 in fees (for

11   446.20 hours) and $2,403.12 in costs.

12       This disposes of ECF No. 62.

13       **IT IS SO ORDERED.**

14       Dated: June 9, 2018                      _____

15                                               LAUREL BEELER
                                                United States Magistrate Judge
16

17

18

19

20

21

22

23

24

25

26

27

28   _____
     [36] Opp. – ECF No. 77-4 at 29.

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., et al., | Case No. 17-cv-04002-LB |
| Plaintiffs, | |
| v. | **JUDGMENT** |
| BRUCE PERENS, | |
| Defendant. | |

On December 21, 2017, the court granted the defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and granted the plaintiffs leave to file an amended complaint.[1] On January 18, 2018, the plaintiffs filed notice that they did not intend to file an amended complaint[2] and requested that the court enter judgment and dismiss the complaint with prejudice.[3] Pursuant to Federal Rule of Civil Procedure 58, the court hereby ENTERS judgment in favor of the defendant and against the plaintiffs, and dismisses the case with prejudice.

---

[1] Order – ECF No. 53.

[2] Notice – ECF No. 55.

[3] Ex Parte Application – ECF No. 57.

ORDER – No. 17-cv-04002-LB

1    The court directs the Clerk of Court to close the file in this matter.

2    **IT IS SO ORDERED.**

3    Dated: January 24, 2018

4    _____

5    LAUREL BEELER
     United States Magistrate Judge