**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

FEB 6 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OPEN SOURCE SECURITY, INC., ET AL.,<br><br>                    Plaintiffs-Appellants,<br><br> v.<br><br>BRUCE PERENS,<br><br>                    Defendant-Appellee. | No.    18-15189/18-16082<br><br>D.C. No. 3:17-cv-04002-LB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted January 22, 2020
San Francisco, California

Before:  W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,**
District Judge.

Open Source Security, Inc., appeals the district court's dismissal of its

defamation lawsuit against Bruce Perens for his blog posts criticizing Open

Source's software redistribution policy.  It also challenges the court's award of

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The Honorable Donald W. Molloy, United States District Judge for the
District of Montana, sitting by designation.

1

attorneys' fees under California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

A dismissal under Rule 12(b)(6) is reviewed *de novo*. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102 (9th Cir. 2003). The grant of a motion to strike under California's anti-SLAPP statute is also reviewed *de novo*. *Id.* An award for attorneys' fees pursuant to the anti-SLAPP statute is reviewed for abuse of discretion. *Graham-Sult v. Clainos*, 756 F.3d 724, 751 (9th Cir. 2014).

1. To be actionable under California defamation law, statements of opinion must "expressly or impliedly assert a fact that is susceptible to being proved false, and must be able reasonably to be interpreted as stating actual facts." *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 730 (9th Cir. 1999) (internal quotation marks omitted). Whether a statement declares or implies an assertion of a fact is question of law assessed under the totality of the circumstances. *Franklin v. Dynamic Details, Inc.*, 116 Cal. App. 4th 375, 385 (2004).

2. Perens's statement that "GPL version 2 section 6 explicitly prohibits the addition of terms such as [Open Source's] redistribution prohibition" is not facially false given the Public License's admonition that "You may not impose any further restrictions on the recipients' exercise of the rights granted herein." Rather, the parties dispute whether Perens's opinions about the meaning of "further

2

restrictions" are defamatory.  The premise of Open Source's claim is that the statements made in Perens's blog posts are false because Open Source's user agreement does not impose a further restriction.  That premise can be squarely rejected, as explained by the district court, under *Coastal*, 173 F.3d at 731–32.

3.  Further, Perens's statements do not "impl[y] a provably false assertion of fact."  *See Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1370 (2010).  "A statement of opinion based on fully disclosed facts can be punished only if the stated facts are themselves false and demeaning."  *Franklin*, 116 Cal. App. 4th at 387 (internal quotation marks omitted).  Perens's posts provide sufficient information and context to allow readers to accept or reject his opinions.  Open Source presents no authority to support its theory that a blog must present both sides of an argument to prevent a defamation suit.  To the contrary, the context of Perens's posts signaled the one-sided nature of his statements.  The posts were made on his personal blog and are replete with opinion qualifiers.  Though California has rejected "the notion that merely couching an assertion of a defamatory fact in cautionary language . . . necessarily defuses the impression that the speaker is communicating an actual fact," *Overstock.com, Inc. v. Gradient Analytics, Inc.*, 151 Cal. App. 4th 688, 704 (2007), Perens's use of such language here is relevant to his audience's understanding of his statements.  Moreover, Perens allowed public comment on his posts, which fueled public debate.  Other than its insistence on the inclusion of

contrary opinions and its disagreement with his fundamental conclusion, Open Source does not identify any facts Perens omitted or misconstrued.

4.   Nor does Perens's status as an expert change the result under the circumstances.  Perens has held himself out as an expert in the open-source software industry and is widely recognized as such.  But Open Source overreaches by advocating a specific rule that opinion statements by experts are automatically actionable.  As discussed above, the relevant inquiry is the totality of the circumstances.  *See id.* at 701; *Wilbanks v. Wolk*, 121 Cal. App. 4th 883, 901–04 (2004).  The speaker's knowledge and experience, as well as the audience's reliance on the speaker's experience, are merely part of that inquiry.  Open Source also recognizes Perens's audience is not the general public.  Rather, the posts were shared on Perens's own open-source blog and Slashdot, which is "a website well known by programmers and software developers" and were read by "professional colleagues and business partners."  "[T]he knowledge and understanding of the audience" therefore belies readers' blind reliance.  *Franklin*, 116 Cal. App. 4th at 389.  Ultimately, Perens's blog posts "expressed [his] opinions and fully disclosed provably true facts on which the opinions were based."  *Id.* at 378.  Thus, they are not actionable defamation.

5.   Open Source's false light claim fails because it is based on the same statements as the defamation claim.  *See Eisenberg v. Alameda Newspapers, Inc.*,

74 Cal. App. 4th 1359, 1385 n.13 (1999).  Additionally, because the blog posts are not actionable and therefore not "wrongful," Open Source has failed to plead a claim for intentional interference.  *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 953–54 (Cal. 2003).

6.  Perens is also the prevailing party for the purposes of fees.  Cal. Code Civ. Proc. § 425.16(c)(1).  Perens has shown that Open Source's claim "aris[es] from" his conduct "in furtherance of" his exercise of free speech "in connection with a public issue."  § 425.16(b)(1).  Even assuming the impact of Perens's posts is limited to the open-source software community, California has recognized that an issue may meet the public interest threshold by being of critical interest "to only a limited but definable *portion* of the public[ or] a *narrow* segment of society." *Hailstone v. Martinez*, 169 Cal. App. 4th 728, 737 (2008).  Additionally, Open Source "cannot demonstrate a probability that it will prevail on its claim" considering the Rule 12(b)(6) dismissal.  § 425.16(b)(1); *see Vess*, 317 F.3d at 1110.

7.  A district court's award of attorneys' fees should only be set aside if the court "applied the wrong test or standard" or had "no reasonable basis" for its determination.  *Graham-Sult*, 756 F.3d at 751.  While the district court correctly identified the applicable standard, Open Source argues it inappropriately conflated "attorneys of comparable skill, experience, and reputation" with "large law firms

with comparable quality and prestige." That language, however, does not appear in the district court's order. Open Source's focus on the "similar work" factor in the inquiry, *see Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), is rather an indirect challenge to Perens's counsel of choice, not the district court's misidentification or misapplication of the correct legal standard.

8. There is also a reasonable basis for the district court's rate determination. The burden is on the fee applicant to "produce satisfactory evidence" of prevailing rates. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008). That burden can be satisfied by attorney affidavits and rate determinations in other cases. *Id.* A district court can also rely, in part, on its own knowledge and experience. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011). Here, the district court recognized that "O'Melveny submitted only declarations by O'Melveny lawyers," but determined that was sufficient because "they contextualized their rates by reference to market-research data" and those rates were consistent with the district court's own experience. The record shows that the district court considered all the evidence submitted but chose, based on that evidence and its own experience, to adopt the rates proposed by Perens. Given the deferential standard of review, the district court's first-hand experience with this case, and its "concise but clear explanation" of its rate determination, *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983), the award is affirmed.

6

**AFFIRMED.**